Jeffrey E. Jacobson (JEJ 1199)
Bruce E. Colfin (BEC 5815)
Jacobson & Colfin, P.C.
60 Madison Avenue, Suite 1026
New York, NY  10010
(212) 691-5630
Attorneys for Plaintiff
BROOKLYN BOTTLING OF MILTON,
NEW YORK, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BROOKLYN BOTTLING OF MILTON,            :
NEW YORK, INC.,                                          :    Index No.  07 CIV 8483
                Plaintiff,                           :
                                                                      :
                                                                      :
    -against-                                                 :    COMPLAINT
                                                                      :
ECUABEVERAGE, CORP.                                :
                Defendant.                       :
---------------------------------------------------------X

        For its complaint, Brooklyn Bottling Of Milton, New York, Inc. alleges as follows:

NATURE OF THE CASE

        This is an action by Plaintiff Brooklyn Bottling Of Milton, New York, Inc., the exclusive licensee, in all states east of the Mississippi River, in the United States of America, including Louisiana and Minnesota, of the federally registered trademark TROPICAL PURO SABOR NACIONAL for soft drinks and flavored syrups used in the preparation of making soft drinks, against Defendant Ecuabeverage, Corp., for trademark infringement and unfair competition.

1

JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) & (b).

2.      This Court has personal jurisdiction over Defendant Ecuabeverage, Corp., because it is a New York State Corporation and it regularly conducts business in this judicial district.

FACTUAL ALLEGATIONS

3.      Plaintiff Brooklyn Bottling Of Milton, New York, Inc. ("BROOKLYN") is a corporation existing under the laws of the State of New York.

4.      BROOKLYN is a soft drink bottling company and distributor of soft drinks.

5.      Royal Signature, Inc., a Panama corporation and a non-party to this action, is the owner of a federal trademark registered with the United States Patent and Trademark Office ("USPTO") for TROPICAL PURO SABOR NACIONAL, ("the MARK"), in class 032 for soft drinks and flavored syrups used in the preparation of making soft drinks. The MARK, was registered on January 26, 1988 and given registration number 1474395.

6.        Pursuant to an agreement dated June 1, 2007, between BROOKLYN and Royal Signature, Inc., BROOKLYN acquired an exclusive license of the federally registered trademark TROPICAL PURO SABOR NACIONAL for use with soft drinks and flavored syrups used in the preparation of making soft drinks, in all states east of the Mississippi River, in the United States of America, including Louisiana and Minnesota.

7.        As a result, BROOKLYN owns the exclusive rights in this jurisdiction to use TROPICAL PURO SABOR NACIONAL for soft drinks and flavored syrups used in the preparation of making soft drinks.

8.        BROOKLYN is entitled to an injunction against others, including the defendant, who use the TROPICAL PURO SABOR NACIONAL mark or confusingly similar marks in connection with the same or related types of goods.

9.        Defendant does use the TROPICAL PURO SABOR NACIONAL mark or confusingly similar marks on or in connection with the same or related types of goods.

10.       Defendant's use of the MARK includes the ® symbol, which is the USPTO symbol for a registered trademark.

11.       Defendant is not the owner of the registered mark, nor has it received any authority to

use the mark from the registered owner.

12. Based on Defendant's conduct, in selling products with the MARK or similarly confusing marks without authorization, BROOKLYN's counsel sent a cease and desist letter to Defendant accusing Defendant of infringing BROOKLYN's exclusive rights in the territory.

13. BROOKLYN demanded that Defendant stop distribution of beverages bearing the mark or similarly confusing marks, cease using the phrase TROPICAL PURO SABOR NACIONAL, or any version thereof, and cease using images similar to those used on BROOKLYN's labels affixed to the soft drink bottles.

COUNT I

(Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)

14. BROOKLYN realleges each allegation set forth in the preceding paragraphs as if set forth herein.

15. Defendant has used and/or is using in commerce a trademark, which is a reproduction, counterfeit, copy, or derivative imitation of the MARK, in connection with the sale, offers for sale, distribution, or advertising of soft drinks and flavored syrups used in the preparation of making soft

drinks, which such use is likely to cause confusion, or to cause mistake, or to deceive.

16. As a direct and proximate result of such trademark infringement, BROOKLYN has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

17. Defendant has committed such acts with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

18. The Defendant is directly liable for the infringing conduct.

## COUNT II

(Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)

19. BROOKLYN incorporates the allegations set forth in the preceding paragraphs as if set forth herein.

20. Defendant has used and is using in commerce various marks, which are derived from the MARK and constitute a reproduction, counterfeit, copy, or colorable imitation of the registered MARK

for which BROOKLYN possesses exclusivity in the jurisdiction in connection with the sale, offers for sale, distribution, or advertisements for soft drinks and flavored syrups used in the preparation of making soft drinks, in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

21.     By adopting such similar marks, the Defendant has reproduced, counterfeited, copied, or colorably imitated the registered MARK for which BROOKLYN possesses exclusivity in the jurisdiction and is using such reproductions, counterfeits, copies, or colorable imitations in commerce in connection with the sale, offers for sale, or advertising of for soft drinks and flavored syrups used in the preparation of making soft drinks, in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

22.     As a direct and proximate result of such trademark infringement, BROOKLYN has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

23.     Defendants have committed such acts with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

24.     The Defendant is directly liable for the infringing conduct.

## COUNT III

(Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

25.     BROOKLYN incorporates the allegations set forth in the preceding paragraphs as if set forth herein.

26.     Defendant's use of the MARK and other derivative marks in commerce in connection with the sale of goods constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BROOKLYN, or as to the origin, sponsorship, or approval of Defendant's goods by BROOKLYN.

27.     As a direct and proximate result of such unfair competition, BROOKLYN has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill.

28.     The Defendant is directly liable for the infringing conduct.

## COUNT IV

(Unfair competition under common law)

29.     BROOKLYN incorporates the allegations set forth in the preceding paragraphs as if set forth herein.

30.     Defendant has engaged in unfair competition under the common law of the State of New York.

31.     As the direct and proximate result of Defendant's conduct, BROOKLYN has suffered and will continue to suffer damages in an amount to be determined at trial.

32.     The Defendant is directly liable for the infringing conduct.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff BROOKLYN respectfully requests that the Court:

A.     Grant temporary, preliminary and permanent injunctive relief prohibiting Defendant, its successors, assigns and agents from:

　　1.     Using the TROPICAL PURO SABOR NACIONAL and any confusingly similar marks in connection with any soft drinks and flavored syrups used in the preparation of making soft

drinks;

      2.      Pursuing or maintaining federal or state trademark applications or registrations for any version of the MARK or any confusingly similar marks; and

      3.      Owning or using any domain names comprised of the term TROPICAL PURO SABOR NACIONAL or any confusingly similar domain name.

B.      Award compensatory, consequential, statutory, exemplary, and other damages (including, but not limited to actual damages, profits, award for corrective advertising) to BROOKLYN in an amount to be determined at trial;

C.      Award attorneys' fees and costs to BROOKLYN; and

D.      Grant to BROOKLYN whatever other relief is just and proper.

Dated: New York, New York
       October 1, 2007

                          JACOBSON & COLFIN, P.C.

                          By:    /Jeffrey E. Jacobson/
                               Jeffrey E. Jacobson (JEJ 1199)

9

        Bruce E. Colfin (BEC 5815)
        Jacobson & Colfin, P.C.
        Attorneys for Plaintiff
        BROOKLYN BOTTLING OF MILTON,
        NEW YORK, INC.
        60 Madison Avenue, #1026
        New York, New York 10010
        (212) 691-5630

C/L/bklyntropicalTMCMP