UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.<br><br>Plaintiff,<br><br>-v.-<br><br>ECUABEVERAGE CORPORATION,<br><br>Defendant, | :<br>:<br>:<br>:     Civil Action No.<br>:<br>:     07-CV-08483-AKH<br>:<br>:<br>: |

---

## ANSWER

Defendant Ecuabeverage Corporation ("Ecuabeverage"), by and through its attorney, hereby answers the *Complaint* of Plaintiff Brooklyn Botting of Milton, New York ("Brooklyn Bottling"), served October 16, 2007, as follows:

### Jurisdiction and Venue

1. Admitted.

2. Admitted.

### Factual Allegations

3. Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 3 of the *Complaint*, and therefore denies the same in their entirety.

-1-

4. Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 4 of the *Complaint*, and therefore denies the same in their entirety.

5. Ecuabeverage, based upon the information currently available to its attorney, admits the allegations of ¶ 5 of the *Complaint*. Ecuabererage denies any, and all, implied allegations that Plaintiff – not being the "registrant" – is entitled to rely upon U.S. Trademark Registration No. 1,474,395 in this action.

6. Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 6 of the *Complaint*, and therefore denies the same in their entirety.

7. Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 7 of the *Complaint*, and therefore denies the same in their entirety.

8. Denied.

9. Denied.

10. Denied.

11. Ecuabeverage denies using the "registered mark," or any confusingly similar variation thereof, consequently, Ecuabeverage admits that it is "not the owner of the registered mark, nor has it received any authority to use the mark from the registered

owner."

12. Ecuabeverage denies the allegations of ¶ 12 of the *Complaint*, except that Ecuabeverage admits to having received a "cease and desist letter" from Plaintiff's counsel.

13. Ecuabeverage denies the allegations of ¶ 13 of the *Complaint*, including any express or implied allegation that Ecuabeverage is using the phrase "TROPICAL PURO SABOR NACIONAL," or any confusingly similar mark thereof, in connection with the marketing of any goods, except that Ecuabeverage admits that it received a "demand" from Plaintiff's counsel substantially consistent with how that demand is paraphrased by Plaintiff in ¶ 13 of the *Complaint*.

## COUNT I

### Trademark Infringement under §32 of the Trademark Act, 15 U.S.C. §1114

14. Paragraph No. 14 of the *Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 13 of the *Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 13, as presented in this *Answer*.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT II

### Trademark Infringement under §32 of the Trademark Act, 15 U.S.C. §1114

19. Paragraph No. 19 of the *Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 18 of the *Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 18, as presented in this *Answer*.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT III

### Unfair Competition under §43(a) of the Trademark Act, 15 U.S.C. §1125(a)

25. Paragraph No. 25 of the *Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 24 of the *Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 24, as presented in this *Answer*.

26. Denied.

27. Denied.

28. Denied.

## COUNT IV

### Unfair Competition under Common Law

29. Paragraph No. 29 of the *Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 28 of the *Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 28, as presented in this *Answer*.

30. Denied.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

1. Ecuabeverage is not using the mark "TROPICAL PURO SABOR NACIONAL," or any confusingly similar variation thereof, and is therefore not infringing upon the rights, if any, possessed by Plaintiff.

2. Plaintiff is not the "registrant" of U.S. Trademark Registration No. 1,474,395, issued January 26, 1988, for the mark "TROPICAL PURO SABOR NACIONAL," as

defined by §45 of the Trademark Act, 15 U.S.C. §1127, as interpreted by the U.S. Court of Appeal for the Second Circuit in *DEP Corp. v. Interstate Cigar Co.*, 622 F.2d 621, 206 USPQ 673 (2d Cir. 1980), and therefore Plaintiff cannot rely upon said federal trademark registration in this litigation and lacks standing to assert federal trademark infringement claims under §32(1) of the Trademark Act, 15 U.S.C. §1114(1).

3. "TROPICAL PURO SABOR NACIONAL" is a "merely descriptive" trademark to which Plaintiff, not being a "registrant" of U.S. Trademark Registration No. 1,474,395, can claim no trademark rights without establishing "secondary meaning" pre-dating Ecuabeverage's first use of said trademark, if, in fact, Ecuabeverage actually used said trademark, or a confusingly similar variation thereof, which Ecuabeverage does not.

4. "TROPICAL PURO SABOR NACIONAL" is a "merely descriptive" trademark to which Plaintiff, even if it could claim valid trademark rights, is entitled to only a narrow scope of trademark protection, thereby avoiding any likelihood of confusion with any mark used by Ecuabeverage.

5. Ecuabeverage uses "TROPICAL" as part of various trademarks in the market-

ing of its beverages. "TROPICAL" is a geographically descriptive term for the respective goods of the parties, to which no one single entity can claim trademark rights, and which cannot support an allegation of any likelihood of confusion of marks used by the respective parties to this action.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: November 5, 2007

By _____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
         EDSchindler@optonline.net

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of Defendant Ecuabeverage Corporation's *Answer* upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

>Jeffrey E. Jacobson
>Bruce E. Colfin
>JACOBSON & COLFIN, P.C.
>60 Madison Avenue, Suite 1026
>New York, New York  10010

on November 5, 2007.

_____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*