UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROOKLYN BOTTLING OF MILTON, :
NEW YORK, INC.
  :
       Plaintiff,
  :     Civil Action No.
-v.-
  :     07-CV-08483-AKH
ECUABEVERAGE CORPORATION,
  :
       Defendant,
  :

---

## DEFENDANT ECUABEVERAGE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND II FOR LACK OF STANDING, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
        EDSchindler@optonline.net

# **TABLE OF CONTENTS**

                                                                                                Page

Table of Cases............................................................................................. ii

I. Introduction............................................................................................ 1

II. Statement of Facts................................................................................. 1

III. Argument

    *A. The Legal Standard to be Applied on a Motion to Dismiss*............... 2

    *B. Brooklyn Bottling Lacks Standing to Assert a Claim for Trademark Infringement under §32(1) of the Trademark Act, 15 U.S.C. §1114(1), as Alleged in Counts I and II*................... 3

IV. Conclusion............................................................................................ 4

## List of Exhibits

Exhibit 1 – Label of Ecuabeverage Corp.

Exhibit 2 – Label of Freskola Corp.

Exhibit 3 – U.S. Trademark Registration No. 1,474,395, issued January 26, 1988

Exhibit 4 – U.S. PTO *Trademark Assignment Abstract of Title* for Tmk. Reg. 1,474,395

*Certificate of Service*, dated November 5, 2007

## Table of Cases

| | Page |
|---|---|
| *Actman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006) | 3 |
| *Cooper v. Parsky*, 140 F.3d 433 (2d Cir. 1998) | 3 |
| *DEP Corp. v. Interstate Cigar Co.*, 622 F.2d 621, 206 USPQ 673 (2d Cir. 1980) | 3 – 4 |
| *Mangiafico v. Blummenthal*, 471 F.3d 391 (2d Cir. 2006) | 3 |
| *Sheppard v. Beerman*, 18 F.3d 147 (2d Cir. 1994) | 2, 4 |

## I. Introduction

Defendant Ecuabeverage Corporation ("Ecuabeverage") respectfully moves this Court for an *Order* dismissing Counts I and II of the *Complaint*, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling") is not the "registrant" of U.S. Trademark Registration No. 1,474,395, as defined by §45 of the Lanham Trademark Act, 15 U.S.C. §1127, and therefore lacks standing to bring the trademark infringement claims under §32(1) of the Lanham Trademark Act, 15 U.S.C. §1114(1), that Brooklyn Bottling alleges in Counts I and II of its *Complaint*.

## II. Statement of Facts

Brooklyn Bottling and Ecuabeverage are, evidently, competitors in the soft drinks and flavored syrups market in the eastern portion of the United States, with the goods of both parties primarily directed toward the Latino market. Brooklyn Bottling alleges that it uses the trademark "TROPICAL PURO SABOR NACIONAL" in connection with the marketing of its goods (*Complaint*, ¶ 6), and further alleges that Ecuabeverage uses the same mark, or a mark confusingly similar thereto, in the advertising and sale of its goods (*Complaint* ¶ 8.)[1]

---

1. Brooklyn Bottling is advised that Ecuabeverage does not use the mark "TROPICAL PURO SABOR NACIONAL," nor any mark that can reasonably be deemed confusingly similar to Brooklyn Bottling's mark ("Exhibit 1"), but is aware that an entirely unrelated entity, Freskola Corp., located in Rego Park, New York ("Exhibit 2"), would appear to be using the mark that Brooklyn Bottling has alleged Ecuabeverage to be using. Electronic court records of both the Southern and Eastern Districts of New York, available through PACER, do not appear to indicate that Brooklyn Bottling has commenced an action

Counts I and II of Brooklyn Bottling's *Complaint* allege trademark infringement under §32(1), 15 U.S.C. §1114(1), with reliance upon U.S. Trademark Registration No. 1,474,395. ("Exhibit 3") Brooklyn Bottling admits that it does not own this federal trademark registration and that the owner, a non-party, is Royal Signature Inc. ("Exhibit 4"), a Panama corporation. (*Complaint*, ¶ 5) Instead, Brooklyn Bottling alleges that it acquired an "exclusive license" for use of the federally registered trademark, "TOPICAL PURO SABOR NACIONAL," in "all states each of the Mississippi River, in the United States of America, including Louisiana and Minnesota." (*Complaint*, ¶ 6)

Accepting as true the factual allegations and inferences of Brooklyn Bottling's *Complaint* – solely for the purposes of this motion to dismiss – as a matter of law, Brooklyn Bottling lacks standing to rely upon U.S. Trademark Registration No. 1,474,395 and to assert Counts I and II of its *Complaint* for trademark infringement under §32(1) of the Trademark Act, 15 U.S.C. §1114(1).

### III. Argument

#### A. The Legal Standard to be Applied on a Motion to Dismiss

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept all factual allegations of the complaint as true and draw all inferences in plaintiff's favor. <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir. 1994). At the same time, conclusionary allegations or legal conclusions masquerading as factual conclusions will not suf-

---

(*continuation of Footnote #1*)
against Freskola Corp., and the prospect that Brooklyn Bottling has brought this action against the wrong party would appear to be a plausible one.

fice to defeat a motion to dismiss." <u>Actman v. Kirby, McInerney & Squire, LLP</u>, 464 F.3d 328, 337 (2d Cir. 2006). Although the focus should be on the pleadings in considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court will deem the complaint to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006). Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff can prove no set of facts that would entitle it to relief. <i>See, e.g.</i>, <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998). Under this standard, Counts I and II of Brooklyn Botting's <i>Complaint</i>, alleging trademark infringement under the Lanham Act, should be dismissed.

<i><u>B.  Brooklyn Bottling Lacks Standing to Assert a Claim for Trademark Infringement under §32(1) of the Trademark Act, 15 U.S.C. §1114(1), as Alleged in Counts I and II</u></i>

"The Lanham Act (15 U.S.C. §1114(1)) provides that an action for trademark infringement may only be brought by the 'registrant,' and further defines that term to include the legal representatives, predecessors, successors and assigns of the registrant." <u>DEP Corp. v. Interstate Cigar Co.</u>, 622 F.2d 621, 622-623, 206 USPQ 673, 674 (2d Cir. 1980). <i>See</i>, 15 U.S.C. §1127. Brooklyn Bottling alleges that it is an "exclusive licensee" of rights to the mark of U.S. Trademark Registration No. 1,474,395 – though it has not attached a copy of any purported license agreement to its <i>Complaint</i> – and has conceded that <u>ownership</u> of the federal trademark registration, which Brooklyn Bottling seeks to rely upon, rests with Royal Signature Inc., a Panama corporation, <u>not</u> a party to this action.

Accepting Brooklyn Bottling's allegations as true, as this Court must on Ecua-

beverage's motion to dismiss, *Sheppard v. Beerman*, 18 F.3d at 150, Brooklyn Bottling is **not** a "registrant" of U.S. Trademark Registration No. 1,474,395, as defined by §45 of the Trademark Act, 15 U.S.C. §1127, and as determined by the Second Circuit in *DEP Corp. v. Interstate Cigar Co.*, 622 F.2d at 622-624, 206 USPQ at 674-675, Brooklyn Bottling therefore lacks standing to assert Counts I and II of its *Complaint*, which allege federal trademark infringement with reliance upon U.S. Trademark Registration No. 1,474,395, and, consequently, Counts I and II of the *Complaint* must be dismissed. *Id.*

## IV. Conclusion

Defendant Ecuabeverage Corporation's motion to dismiss Counts I and II of the *Complaint*, which rely upon U.S. Trademark Registration No. 1,474,395 to assert claims of federal trademark infringement, should be granted, because Plaintiff Brooklyn Bottling of Milton, New York, Inc. is not the "registrant," and therefore lacks standing with respect to Counts I and II of the *Complaint*.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: November 5, 2007            By _/s/ Edwin D. Schindler_
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of *Defendant Ecuabeverage Corporation's Motion to Dismiss Counts I and II for Lack of Standing, Pursuant to Federal Rule of Civil Procedure 12(b)(6)* upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

>Jeffrey E. Jacobson
>Bruce E. Colfin
>JACOBSON & COLFIN, P.C.
>60 Madison Avenue, Suite 1026
>New York, New York  10010

on November 5, 2007.

>_____
>Edwin D. Schindler (ES-7882)
>*Attorney for Defendant*