```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X :
BROOKLYN BOTTLING OF MILTON,           :
NEW YORK, INC.,                        :        C.A. No.  07 CIV 08483 (AKH)
                    Plaintiff,         :
                                       :
                                       :
                                       :
      -against-                        :        AFFIRMATION IN OPPOSITION
                                       :
ECUABEVERAGE, CORP.                    :
                    Defendant.         :
-------------------------------------------------------X :

STATE OF NEW YORK )
                  )ss:
COUNTY OF NEW YORK)
```

JEFFREY E. JACOBSON, a member of the Bar of the State of New York and this Court, deposes and swears under the penalty of perjury that:

1. I am Counsel for Brooklyn Bottling Company of Milton, New York, Inc., ("Brooklyn Bottling") as well as North Shore Bottling Co., Inc. ("North Shore").

2. I am fully familiar with the facts of this matter and I respectfully submit this Affirmation in Opposition to the Motion by Defendant to Dismiss Counts I and II for Lack of

Louisiana and Minnesota. For this certain territory, the license grants Brooklyn Bottling essentially an assignment for the Mark.

    4. This "assignment" gives Brooklyn Bottling the standing necessary to bring and prosecute this lawsuit by granting BROOKLYN  the following rights in the territory which tantamount equals the rights of ownership of the mark for the term of the license.

    5. Attached hereto and marked a Exhibit "1" are excerpts from the June 1, 2007 Exclusive Bottling and Distribution Agreement between the plaintiff herein,

    6. Brooklyn Bottling is the sole and exclusive manufacturer, packager, distributor and seller of the TROPICAL PURO SABOR NACIONAL beverages in the territory. (Paragraph 1(b))

    7. Should the registrant decide to change the packaging for the TROPICAL PURO SABOR NACIONAL beverages, it cannot do so without Brooklyn Bottling's permission. (Paragraph 4)

    8. Royal Signature, Inc. will not directly or indirectly manufacture, distribute or sell any TROPICAL PURO SABOR NACIONAL beverages in the territory. (Paragraph 11)

    9. Royal Signature, Inc. will not permit third parties to directly or indirectly manufacture,

10. Brooklyn Bottling may commence a lawsuit and fully prosecute it. (Paragraph 20) Pursuant to paragraph 20 of said agreement, the plaintiff herein has the right to institute litigation to enforce their rights to the trademark.

11. With the permission of Royal Signature, Inc., which permission has been obtained, the licensing agreement grants Brooklyn Bottling the authority to bring and litigate trademark infringement claims on behalf of Royal Signature, Inc., the registrant. (Paragraph 20(c).)

12. Also, pursuant to paragraph 20 of said agreement, Plaintiff has the right to institute suit in the name of the trademark corporation and a non-party to this action, for the TROPICAL PURO SABOR NACIONAL, registration 1474395.

13. Pursuant to the license agreement, "The Bottler may prosecute such Litigation in the name of the Company [Royal Signature, Inc.], when appropriate to act in the Company's name, and the Company shall provide all necessary cooperation and provide all necessary documentation in connection therewith, at Bottler expense."

14. Consequently, we respectfully pray that this Court deny Defendant's Motion to Dismiss;

15. In the alternative, we respectfully ask that this Court grant Plaintiff leave to amend

however, possibly in the interests of judicial economy, such may be deemed unnecessary.

                                        ___/Jeffrey E. Jacobson/____
Jeffrey E. Jacobson
Jacobson & Colfin, PC
60 Madison Avenue, Suite 1026
New York, NY 10010

Dated: November 19, 2007
       New York, New York

cli/lit/BklynECUAJEFF.AFD