20.

a) The Company reserves the right to institute any civil, administrative or criminal proceeding or action and generally to take or seek any available legal remedy it deems desirable for the protection of its good reputation and intellectual property rights (including, but not limited to, the Trademarks), as well as for the protection of the Concentrates and the Beverages and the formulas therefor and to defend any action affecting these matters (such proceeding, action or legal remedy being defined herein as the "Litigation"). At the request of the Company, the Bottler will render reasonable assistance in any such action at Company's expense. The Bottler may not claim any right against the Company for any failure to take such action. The Bottler shall promptly notify the Company of any litigation or proceeding instituted or threatened affecting these matters.

b) The Company has the sole and exclusive right and responsibility at its election to prosecute and defend all suits relating to the Trademarks (such suits included within the definition of Litigation). The Company may prosecute or defend any suit relating to the Trademarks in the name of the Bottler whenever an issue in such suit involve the Territories and therefore it is appropriate to act in the Bottler's name, or may proceed alone in the name of the Company provided that the Company shall take no action in the Bottler's name which the Company knows or should know will materially prejudice or impair the rights or interests or the Bottler under this Agreement and provided further that the Company shall reimburse Bottler for any costs incurred due to any actions taken in Bottler's name and provided further that the Company shall fully indemnify and hold harmless the Bottler from and against any and all liabilities, damages, judgments, settlements, claims, costs and expenses (including but not limited to attorneys' fees and expenses) suffered or incurred by the Bottler in connection with any such action or proceeding taken, prosecuted or defended by the Company in Bottler's name; provided, however that the Bottler shall be required to return to the Company any indemnification paid by the Company to the Bottler for any liabilities and expenses suffered by the Bottler that a court of competent jurisdiction has determined, in a trial in which the Bottler has a full and fair opportunity to participate, and with respect to which such court has rendered a final non-appealable decision, were suffered or incurred by the Bottler in whole or in part as the result of the Bottler's having taken actions in breach of this Agreement.

c) Notwithstanding the above paragraphs, should the Bottler deem it advantageous to commence a Litigation, then, upon written notice to the Company, and with the Company's consent, Bottler may proceed with such Litigation solely at Bottler's expense. The Bottler may prosecute such Litigation in the name of the Company, when appropriate to act in the Company's name, and the Company shall provide all necessary cooperation and provide all necessary documentation in connection therewith, at Bottler expense. It shall be Bottler's sole and absolute discretion to settle, resolve or terminate any such Litigation. In the event that any damages shall be awarded to the Company as