UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BROOKLYN BOTTLING OF MILTON,         :
NEW YORK, INC.,                                        :                    Index No.  07 CIV 8483 (AKH)
                                    Plaintiff,                   :
                                                                      :
            -against-                                         :
                                                                      :
ECUABEVERAGE, CORP.                            :
                                    Defendant.         :
-------------------------------------------------------X

**PLAINTIFF BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S
MOTION TO DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

                                                                      JACOBSON & COLFIN, P.C.
                                                                      Attorneys for Plaintiff
Of Counsel:                                                   60 Madison Avenue, Suite1026
Jeffrey E. Jacobson                                      New York, NY  10010
Bruce E. Colfin                                            212/691-5630

TABLE OF CONTENTS

Table of Cases ...........................................................................................................................3

I. Introduction............................................................................................................................4

II. Statement of Facts..................................................................................................................4

III. Argument ..............................................................................................................................4

      A. Trademark licensees may have sufficient rights in a mark to confer

      standing...............................................................................................................................5

      B. Brooklyn Bottling of Milton, New York, Inc. has standing to bring this lawsuit.....8

IV. Conclusion ............................................................................................................................9

List of Exhibits

Exhibit 1 - Licensing Agreement

TABLE OF CASES AND AUTHORITIES

Cases

DEP Corp. v. Interstate Cigar Co., 622 F.2d 621 (2d Cir. , 1980)...............................................5

D.M. & Antique Import Corp., v. Royal Saxe Corp., 311 F. Supp 1261, (S.D.N.Y. 1969) .......6

Etri Inc. v. Nippon Miniature Bearing Corp.,  No. 85-C-615, 1989 WL 99575, (N.D. Ill. 1989)..7

Finance Investment Co. (Bermuda) Ltd. v. Geberit AG ., 165 F.3d 526 (7th Cir. 1998) ...........5

Ferrero U.S.A. v. Ozak Trading Co., 753 F. Supp. 1240, (D.N.J. 1991) ...................................7

Frisch's Restaurants, Inc., v. Elby's Big Boy, Inc., 670 F. 2d 642 (6th Cir., 1982)
cert. denied, 459 U.S. 916 (1982)...................................................................................6

G.H. Mumm Champagne v. Easter Wine Corp., 142 F. 2d 499 (2nd Cir., 1944) .......................6

Gruen Marketing Corp. v. Benrus Watch Co.,  955 F. Supp. 979 (N.D. Ill. 1997) ....................7

Norman M. Morris Corp., v. Weinstein., 466 F. 2d 127 (5th Cir. 1972) ....................................6

Quabanau Rubber Co., v. Fabiano Shoe Co., 567 F. 2d 154 (1st Cir. 1977)...............................6

Shoney's Inc. v. Schoenbaum., 686 F. Supp. 554, (E.D. Va. 1988),
aff'd, 894 F.2d 92 (4th Cir. 1994) .................................................................................7

Wynn Oil Co. v. Thomas, 839 F.2d 1183, 5 U.S.P.Q.2d 1944 (6th Cir. ,1988).........................5

Statutes

15 U.S.C. § 1114(1)...........................................................................................................1

## I. Introduction

Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling") opposes Defendant Ecuabeverage, Corp.'s Motion to Dismiss counts I and II of Plaintiff's complaint.

## II. Statement of Facts

Plaintiff Brooklyn Bottling Of Milton, New York, Inc. ("BROOKLYN") is a corporation existing under the laws of the State of New York.  BROOKLYN is a soft drink bottling company and distributor of soft drinks.

Royal Signature, Inc., a Panama corporation and a non-party to this action, is the owner of a federal trademark registered with the United States Patent and Trademark Office ("USPTO") for TROPICAL PURO SABOR NACIONAL, ("the MARK"), in class 032 for soft drinks and flavored syrups used in the preparation of making soft drinks.  The MARK, was registered on January 26, 1988 and given registration number 1474395.  The registration is still valid.

Pursuant to an agreement dated June 1, 2007, between BROOKLYN and Royal Signature, Inc.,  BROOKLYN acquired an exclusive license of the federally registered trademark TROPICAL PURO SABOR NACIONAL for use with soft drinks and flavored syrups used in the preparation of making soft drinks, in all states east of the Mississippi River, in the United States of America, including Louisiana and Minnesota.  As a result, BROOKLYN owns the exclusive rights in this jurisdiction to use TROPICAL PURO SABOR NACIONAL for soft drinks and flavored syrups used in the preparation of making soft drinks.

Additionally, pursuant to paragraphs 20 of the Agreement between BROOKLYN and Royal Signature, Inc., (attached as Exhibit 1 to the affirmation of Jeffrey E. Jacobson), Plaintiff

4

may commence the instant litigation.

The question of defendant, Ecuabeverage, Corp., somehow using the tradename TROPICAL PURO SABOR NACIONAL is not at issue in the instant motion.

The license agreement grants Brooklyn Bottling the right and authority to bring a lawsuit and fully litigate it to protect its rights granted by the license agreement. Brooklyn Bottling has brought this lawsuit to protect its rights in the Mark.


### III. Argument

**A. Trademark licensees may have sufficient rights in a mark to confer standing.**

Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants trademark registrants standing to assert a claim for trademark infringement.

In Wynn Oil Co. v. Thomas, 839 F.2d 1183, (6th Cir. , 1988). the Sixth Circuit held that an exclusive licensee of a registered mark had standing to sue for infringement of the registered mark. Wynn Oil Co. v. Thomas,

Registrant refers to the actual registrant and its legal representatives, predecessors, successors and assigns. DEP Corp. v. Interstate Cigar Co., 622 F.2d 621 (2d Cir. , 1980).  The U.S. Court of Appeals for the 7th Circuit ruled in Finance Investment Co. (Bermuda) Ltd. v. Geberit AG ., 165 F.3d 526 (7th Cir. 1998) that an exclusive licensee possessing the right to exclude even the licensor from using the licensed trademark should be equated with an assignee because no right to use the mark is reserved to the licensor.

Generally, a mere licensee does not have standing to sue. However, a licensee may have standing to sue where the rights granted under the license essentially amount to the equivalent of an assignment. Because § 45 of the Lanham Act defines "registrant" to include the registrant's

assigns, an exclusive licensee that can be considered the equivalent of an assignee has standing to bring a § 32(1) infringement claim.

Additionally, in McCarthy on Trademarks, section 32.02(7)(b) it states that "It has been held that one need not be the "owner" or "registrant" of a mark in order to assert a Section 43(a) infringement claim. Both an exclusive and non-exclusive United States distributor of a foreign made branded product have been granted standing to sue under Section 43(a) for infringement.

In the accompanying footnotes McCarthy on Trademarks refers to D.M. & Antique Import Corp., v. Royal Saxe Corp., 311 F. Supp 1261, (S.D.N.Y. 1969) in which Plaintiff was found to have standing even if it was not the owner of the mark; Norman M. Morris Corp., v. Weinstein., 466 F. 2d 127 (5th Cir. 1972), in which an exclusive U.S. distributor of Omega watches had standing under 43(a); Quabanau Rubber Co., v. Fabiano Shoe Co., 567 F. 2d 154 (1st Cir. 1977) in which a non-exclusive U.S. distributor was found to have standing pursuant to Section 43(a).

It further refers to G.H. Mumm Champagne v. Easter Wine Corp., 142 F. 2d 499 (2nd Cir., 1944) in which an exclusive distributor in the Eastern part of the U.S., was found to have standing to bring a trademark suit.  McCarthy also suggests that in such cases the trademark owner may be a necessary party who must be joined. Subsequently, the treatise states : "Courts have held that an exclusive licensee of a mark may have standing to sue under Section 43(a) for acts that cause injury to the licensee. For example, the Sixth Circuit held that a licensee/franchisee in the state of Ohio had standing to sue under Sec. 43(a) for a misleading use of the licensed mark by a neighboring licensee in media that reached plaintiff's Ohio Territory."  Frisch's Restaurants, Inc., v. Elby's Big Boy, Inc., 670 F. 2d 642 (6th Cir., 1982) cert. denied, 459 U.S. 916 (1982).

In a decision affirmed by the 4th Circuit, the U.S. District Court for the Eastern District

of Virginia held in <u>Shoney's Inc. v. Schoenbaum.,</u> 686 F. Supp. 554, (E.D. Va. 1988), aff'd, 894 F.2d 92 (4th Cir. 1994) that the plaintiff-licensee obtained rights sufficient to give it standing to bring a claim under § 32(1) when the license agreement at issue provided for the plaintiff's exclusive use of the licensed trademark within the licensed territory.

In <u>Etri Inc. v. Nippon Miniature Bearing Corp.,</u> No. 85-C-615, 1989 WL 99575, (N.D. Ill. 1989) the District Court held that the plaintiff-licensee had standing to sue under § 32(1) because the licensor transferred to the plaintiff all of its rights to use the trademark within the licensed territory, including the right to enforce the registered trademark. The same Court ruled otherwise in <u>Gruen Marketing Corp. v. Benrus Watch Co</u>., 955 F. Supp. 979 (N.D. Ill. 1997) ruling that an exclusive licensee lacks standing to bring a claim under § 32(1) when the license agreement explicitly states that the licensor retains exclusive ownership of the licensed trademark, even if the license agreement transfers to the licensee the right to sue for infringement.

Although the precedent is unsettled, it appears that an exclusive license in a territory of the United States may be sufficient to give a plaintiff who has that exclusive license, and all the other attributes of ownership,  in a territory standing to sue.

If the licensee obtains the right to enforce the mark and the licensor does not specifically retain exclusive ownership rights, however, the licensee may be deemed the real party-in-interest for purposes of standing. The U.S. District Court for the District of New Jersey observed in <u>Ferrero U.S.A. v. Ozak Trading Co.,</u> 753 F. Supp. 1240, (D.N.J. 1991) to rule otherwise would "deny the reality" of the situation.


**B. Brooklyn Bottling of Milton, New York, Inc. has standing to bring this lawsuit.**

7

Brooklyn Bottling has an exclusive licensing agreement with Royal Signature, Inc., the registrant, for a certain territory, all states east of the Mississippi River including Louisiana and Minnesota. For this certain territory, the license grants Brooklyn Bottling essentially an assignment for the Mark.

This "assignment" gives Brooklyn Bottling the standing necessary to bring and prosecute this lawsuit by granting BROOKLYN  the following rights in the territory which tantamount equals the rights of ownership of the mark for the term of the license.

Brooklyn Bottling is the sole and exclusive manufacturer, packager, distributor and seller of the TROPICAL PURO SABOR NACIONAL beverages in the territory. (Paragraph 1(b))

Should the registrant decide to change the packaging for the TROPICAL PURO SABOR NACIONAL beverages, it cannot do so without Brooklyn Bottling's permission. (Paragraph 4)

Royal Signature, Inc. will not directly or indirectly manufacture, distribute or sell any TROPICAL PURO SABOR NACIONAL beverages in the territory. (Paragraph 11)

Royal Signature, Inc. will not permit third parties to directly or indirectly manufacture, distribute or sell TROPICAL PURO SABOR NACIONAL in the territory. (Paragraph 11)

Brooklyn Bottling may commence a lawsuit and fully prosecute it. (Paragraph 20)

Consequently, Brooklyn Bottling has standing to prosecute this lawsuit.


## IV. Conclusion

Defendant Ecuabeverage, Corp.'s motion to dismiss Counts I and II of Plaintiff's

Complaint should be denied. Plaintiff Brooklyn Bottling of Milton, New York, Inc. has standing

to bring this lawsuit it and fully prosecute it.


Dated: New York, New York          Respectfully submitted,
      November 16, 2007
                           JACOBSON & COLFIN, P.C.

                           By: _____/Jeffrey E. Jacobson/_____
                                Jeffrey E. Jacobson (JEJ 1199)
                                Bruce E. Colfin (BEC 5815)
                                Jacobson & Colfin, P.C.
                                Attorneys for Plaintiff
                                BROOKLYN BOTTLING OF MILTON,
                                NEW YORK, INC.
                                60 Madison Avenue, Suite #1026
                                New York, New York 10010
                                (212) 691-5630

cli/l/ecuabeverage.opp

9