UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROOKLYN BOTTLING OF MILTON,  :
NEW YORK, INC.
                              :
       **Plaintiff,**
                              :      Civil Action No.
  *-v.-*
                              :      07-CV-08483-AKH
ECUABEVERAGE CORPORATION,
                              :
       **Defendant,**
                              :

---

## DEFENDANT ECUABEVERAGE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNTS I AND II FOR LACK OF STANDING, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
         EDSchindler@optonline.net

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Cases............................................................................................. | ii |
| United States Code Citations..................................................................... | ii |
| Federal Rules Citations.............................................................................. | iii |
| I. Introduction........................................................................................... | 1 |
| II. Argument |  |
|     *A. Standing is a Jurisdictional Requirement and Cannot Be "Conferred" by Agreement*........................................................ | 1 |
|     *B. Brooklyn Bottling Has Not Been Assigned Ownership of U.S. Trademark Registration No. 1,474,395 and Lacks Standing as the "Registrant" to Assert Claims for Federal Trademark Infringement under 15 U.S.C. §1114(1)*.......................... | 3 |
| IV. Conclusion........................................................................................... | 6 |

*Certificate of Service*, dated November 26, 2007

## Table of Cases

                                                                        Page

*Barhold v. Rodriguez*, 863 F.2d 233 (2d Cir. 1988).............................................. 2

*DEP Corp. v. Interstate Cigar Co.*,
       622 F.2d 621, 206 USPQ 673 (2d Cir. 1980)............................................ 1, 3 – 5

*G.H. Mumm Champagne v. Easter Wine Corp.*,
       142 F.2d 499, 61 USPQ 337 (2d Cir. 1944)............................................ 4

*Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992).............................................. 4

*In re Initial Public Offering Secur. Litigation*,
       174 F.Supp.2d 61 (S.D.N.Y. 2001)............................................ 4

*Manson v. Stacescu*, 11 F.3d 1127 (2d Cir. 1993).............................................. 3

*Murphy v. Provident Mutual Life Ins. Co.*,
       756 F.Supp. 83, 14 USPQ2d 1825 (D. Conn.),
       aff'd 923 F.2d 923, 17 USPQ2d 1299 (2d Cir. 1990)............................ 2 – 3

*National Organization For Women, Inc. v. Scheidler*, 510 U.S. 249 (1994)...... 1

*Silverstar Enterprises, Inc. v. Aday*,
       537 F.Supp. 236, 218 USPQ 142 (S.D.N.Y. 1982)................................ 1

## United States Code Citations

                                                                        Page

15 U.S.C. §1114(1), §32(1) of the Trademark Act.............................................. 1 – 4, 6

15 U.S.C. §1125(a), §43(a) of the Trademark Act.............................................. 2, 3, 6

15 U.S.C. §1127, §45 of the Trademark Act.............................................. 1, 3 – 4

## Federal Rules Citations

|  | Page |
|---|---|
| Federal Rule of Civil Procedure 12(b)(6) | 2 |
| Federal Rule of Civil Procedure 15 | 3 |
| Federal Rule of Evidence 701 | 4 |
| Federal Rule of Evidence 702 | 4 |

## I. Introduction

Defendant Ecuabeverage Corporation ("Ecuabeverage") respectfully replies to Plaintiff Brooklyn Bottling of Milton, New York, Inc.'s ("Brooklyn Bottling") *Opposition*, filed November 19, 2007, to Ecuabeverage's *Motion to Dismiss* Counts I and II of the *Complaint* on the ground that Brooklyn Bottling is <u>not</u> the "registrant," or owner, of U.S. Trademark Registration No. 1,474,395, and therefore lacks standing to assert federal trademark infringement claims under §32(1) of the Lanham Trademark Act, 15 U.S.C. §1114(1), as enunciated in <u>DEP Corp. v. Interstate Cigar Co.</u>, 622 F.2d 621, 206 USPQ 673 (2d Cir. 1980), which represents the prevailing law in this Circuit. While Brooklyn Bottling cites to <u>DEP Corp.</u>, it makes no attempt to distinguish its "standing" from that which the Second Circuit held insufficient for allowing one in Brooklyn Bottling's position to qualify as a "registrant" for asserting a claim under 15 U.S.C. §1114(1).

## II. Argument

### A. Standing is a Jurisdictional Requirement and Cannot Be "Conferred" by Agreement

"Standing represents a jurisdictional requirement," <u>National Organization For Women, Inc. Scheidler</u>, 510 U.S. 249, 255 (1994), and for establishing standing to assert a trademark infringement claim, with reliance upon possession of a federal trademark registration under 15 U.S.C. §1114(1), a plaintiff must be the "registrant," as defined by 15 U.S.C. §1127, and so interpreted in <u>DEP Corp. v. Interstate Cigar Co.</u>, 622 F.2d 621, 206 USPQ 673 (2d Cir. 1980). *See, also*, <u>Silverstar Enterprises, Inc. v. Aday</u>, 537 F.Supp. 236, 218 USPQ 142 (S.D.N.Y. 1982). Because "standing is an Article III requirement for jurisdiction, the parties do not have the power to confer such jurisdiction upon the Court

-1-

by conceding the standing of certain plaintiffs," *Barhold v. Rodriguez*, 863 F.2d 233, 234 (2d Cir. 1988). Royal Signature, Inc. ("Royal"), the owner of the federal registration that Brooklyn Bottling seeks to rely upon, is a non-party to this action. If "the parties do not have the power to confer" standing by agreement, *id.*, it necessarily follows that a <u>non</u>-party cannot assume such power. Brooklyn Bottling's contention that its license, or distribution, agreement with Royal, somehow, grants it "standing" to bring a claim under 15 U.S.C. §1114(1) is legally void of merit.

Further, Brooklyn Bottling's contention that its license agreement with Royal is "tantamount" to an assignment of ownership, because Brooklyn Bottling has been given authority "to bring and prosecute this lawsuit" (*Def. Opp.* at 8), is self-defeating: A <u>true</u> owner is "understood" as having standing to bring an action to protect its property rights and any document transferring ownership need not – and generally does not as a matter of redundancy – <u>expressly</u> confer any right to sue.

Brooklyn Bottling further confuses standing to assert a claim under §32(1) of the Trademark Act, 15 U.S.C. §1114(1), with reliance upon a federal trademark registration and the statutory rights attendant the "registrant," with standing to bring a federal unfair competition claim under §43(a) of the Trademark Act, 15 U.S.C. §1125(a). (*Def. Opp.* at 4) The requirements for establishing standing under §§32(1) and 43(a) are <u>not</u> the same and, as such, Ecuabeverage has not included Count III of the *Complaint* as part of its pending *Motion to Dismiss* under Fed.R.Civ.P. 12(b)(6). See, *Murphy v. Provident Mutual Life Ins. Co.*, 756 F.Supp. 83, 86, 14 USPQ2d 1825, 1826 (D. Conn.) ("[T]he question of ownership is immaterial to standing under §43(a), since standing may lie with

mere users of trademarks."), *aff'd*, 923 F.2d 923, 17 USPQ2d 1299 (2d Cir. 1990); <u>Silverstar Enterprises, Inc. v. Aday</u>, *supra*, 537 F.Supp. at 241, 218 USPQ at 146 (holding that because §1125(a) is broader than §1114(1), users of trademarks who are not owners of the marks might have standing).

Accordingly, it would appear that Brooklyn Bottling has standing to bring a federal unfair competition count under §43(a) of the Trademark Act, however, because it is not the owner, or "registrant," of U.S. Trademark Registration No. 1,474,395, Brooklyn Bottling lacks standing to assert federal trademark infringement claims under §32(1) and, consequently, cannot rely upon the statutory rights and presumptions of the Lanham Act which are available only to one who is a "registrant."[1]

> B. *Brooklyn Bottling Has Not Been Assigned Ownership of U.S. Trademark Registration No. 1,474,395 and Lacks Standing as the "Registrant" to <u>Assert Claims for Federal Trademark Infringement under 15 U.S.C. §1114(1)</u>*

The prevailing law in this Circuit is that <u>only</u> the "registrant" of a federal trademark registration has standing to bring a trademark infringement claim with reliance upon the federal registration, and that "registrant" is synonymous with "ownership." <u>DEP Corp. v. Interstate Cigar Co., Inc.</u>, 622 F.2d 621, 622-623, 206 USPQ 673, 674 (2d Cir. 1980) ("The Lanham Act (15 U.S.C. §1114(1) provides that an action for trademark infringement may only be brought by the 'registrant,' and further defines that term to

---

**1.** Jeffrey E. Jacobson's *Affirmation in Opposition* (¶ 15) asks that "this Court grant Plaintiff leave to amend however, possibly in the interests of judicial economy, such may be deemed unnecessary." Excusing the informality of what appears to be a Fed.R.Civ.P. 15 *Motion to Amend* Brooklyn Bottling's *Complaint*, any forthcoming *Motion to Amend* seeking to cure Brooklyn Bottling's lack of standing to assert Counts I and II should be <u>denied</u> as "futile." *See*, <u>Manson v. Stacescu</u>, 11 F.3d 1127, 1133 (2d Cir. 1993) (rejecting as futile proposed amendment of claims plaintiffs lacked standing to assert).

include the legal representatives, predecessors, successors and assigns of the registrant. (15 U.S.C. §1127).") *DEP Corp.* held that the plaintiff, having an "exclusive distribution contract," which the Second Circuit equated to one being an "exclusive licensee," did <u>not</u> possess the status of a "registrant" and, thus, lacked standing for bringing an infringement claim under §32(1). *Id.*, 622 F.2d at 624-625, 206 USPQ at 674-675. With the exception of the pre-Lanham Act decision of *G.H. Mumm Champagne v. Easter Wine Corp.*, 142 F.2d 499, 61 USPQ 337 (2d Cir. 1944), which the court in *DEP Corp.* addressed and held inapposite, Brooklyn Bottling cites to no decision of <u>any</u> court within the Second Circuit holding that an "exclusive licensee" or "exclusive distributor" has status as a "registrant" for bringing a trademark infringement claim under §32(1).

Instead, Brooklyn Bottling insists that it has an "assignment" based upon its distribution agreement with the undisputed owner (and non-party) of the federal trademark registration it seeks to assert, Royal Signature, Inc. (Jeffrey E. Jacobson's *Affirmation in Opposition* (¶ 4)).[2] In *DEP Corp.*, the Second Circuit suggested in a footnote that a plaintiff having an agreement giving it "the entire exclusive and irrevocable right in the busi-

---

2. Ecuabeverage objects to the *Affirmation in Opposition* of Jeffrey E. Jacobson, counsel for Brooklyn Bottling, and moves for the *Affirmation* be <u>stricken</u>, on the grounds that: (1) only an <u>abridged</u> version of Brooklyn Bottling's "Exclusive Bottling and Distribution Agreement" is provided with the *Affirmation*; and (2) the *Affirmation* offers <u>inadmissible</u> testimony on the legal issue of whether the "Exclusive Bottling and Distribution Agreement" amounts to an "assignment" for establishing Brooklyn Bottling's standing to assert Counts I and II of its *Complaint*. *See*, *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (explaining that Fed.R.Evid. 701 and 702 stand ready to exclude opinions phrased in terms of legal criteria and that expert opinion cannot infringe upon the exclusive province of the judge to evaluate the law); *In re Initial Public Offering Secur. Litigation*, 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) ("[T]he principle that legal opinion evidence concerning the law is inadmissible is 'so well established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle.'").

ness, its good will and the trademark in question" might, in fact, qualify as an "assignee and not a mere licensee" of the mark. *DEP Corp. v. Interstate Cigar Co., Inc.*, supra, 622 F.2d at 624-625 *n.* 2, 206 USPQ at 674-675 *n.* 2. Brooklyn Bottling, however, fails to meet this standard: Brooklyn Bottling states that its right to use the mark "TOPICAL PURO SABOR NACIONAL" exists in "all states east of the Mississippi River, in the United States of America, including Louisiana and Minnesota." (*Dep. Opp.* at 4) Implicit in this statement is that Brooklyn Bottling lacks rights to the mark in the western United States and, as a result, <u>cannot</u> be said to possess the "entire" right to the mark in question.

Further, ¶ 20(a) of the abridged distribution agreement provided by Brooklyn Bottling states that Royal "reserves the right to institute any civil, administrative or criminal proceeding or action and generally to take or seek any available legal remedy it deems desirable for the protection of its . . . intellectual property," while ¶ 20(b) provides that Royal "has the sole and exclusive right and responsibility at its election to prosecute and defend all suits relating to the Trademarks (such suits included within the definition of Litigation.)" A transfer of *bona fide* ownership to Brooklyn Bottling would have left no separate right to control litigation in the hands of Royal. Instead, Brooklyn Bottling, not Royal, would have "the sole and exclusive right and responsibility at its election" to conduct and control all litigation to protect its purported trademark.

Brooklyn Bottling does <u>not</u> have "ownership" of the trademark of U.S. Trademark Registration No. 1,474,395, and is therefore not the "registrant" of this federal trademark registration. What Brooklyn Bottling has is merely a license to use the mark "TOPICAL PURO SABOR NACIONAL" in a portion of the United States; that Royal Signature, Inc.

-5-

will not bring suit against Brooklyn Bottling for use of such mark in the designated territory; and that the "exclusivity" under Brooklyn Bottling's distribution/license agreement with Royal is that Royal "promises" not to license any other entity to use its mark within the same territory that it has granted a "right to use" to Brooklyn Bottling – period!

Brooklyn Bottling has neither an assignment of ownership from Royal Signature, Inc. nor a "license" or "exclusive distribution" agreement granting it "the entire exclusive and irrevocable right in the business, its good will and the trademark in question," which would equate to an "assignment" of ownership. Because Brooklyn Bottling lacks ownership of U.S. Trademark Registration No. 1,474,395, it is not a "registrant" of the trademark and lacks standing to bring a §32(1) trademark infringement claim based upon the statutory rights accorded exclusively to one deemed a "registrant." Brooklyn Bottling has standing to pursue a federal unfair competition claim under §43(a), but <u>cannot</u> rely upon the trademark registration owned by another, nor the statutory benefits of federal trademark registration ownership.

### III. Conclusion

Defendant Ecuabeverage Corporation's *Motion to Dismiss* Counts I and II of the *Complaint*, which assert trademark infringement claims under 15 U.S.C. §1114(1), should be granted on the ground that Plaintiff Brooklyn Bottling of Milton, New York, Inc. is not a "registrant" and therefore lacks standing to assert such infringement claims.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: November 26, 2007        By __/s/ Edwin D. Schindler__
                                Edwin D. Schindler (ES-7882)

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of *Defendant Ecuabeverage Corporation's Reply Memorandum in Support of Its Motion to Dismiss Counts I and II for Lack of Standing, Pursuant to Federal Rule of Civil Procedure 12(b)(6)* upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

>Jeffrey E. Jacobson
>Bruce E. Colfin
>JACOBSON & COLFIN, P.C.
>60 Madison Avenue, Suite 1026
>New York, New York 10010

on November 26, 2007.

_____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*