UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BROOKLYN BOTTLING OF MILTON,             :
NEW YORK, INC.,                                          :           Index No.  07 CIV 8483 (AKH)
                      Plaintiff,           :
                                            :
   -against-                                                    :
                                            :
ECUABEVERAGE, CORP.                                :
                      Defendant.     :
-------------------------------------------------------X


**PLAINTIFF BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO AMEND THE COMPLAINT</u>**


Of Counsel:
Jeffrey E. Jacobson
Bruce E. Colfin

JACOBSON & COLFIN, P.C.
Attorneys for Plaintiff
60 Madison Avenue, Suite1026
New York, NY  10010
212/691-5630

1

TABLE OF CONTENTS

Table of Cases ..................................................................................................................3

I. Introduction....................................................................................................................4

II. Statement of Facts........................................................................................................4

III. Argument ....................................................................................................................5

    A. *Trademark assignees have sufficient rights in a mark to confer standing*..................................................................................................................5

    B. *Leave to Amend is to Be "Freely Granted When Justice So Requires"* ................5

IV. Conclusion ..................................................................................................................6

List of Exhibits

Exhibit 1 - Assignment

TABLE OF CASES AND AUTHORITIES

Cases

E*Trade Financial Corp. v. Deutsche Bank AG, 420 F. Supp. 2d 273, 282
(S.D.N.Y. 2006) ........................................................................................................6

Forman v. Davis, 371 U.S. 178, 182 (1962)..............................................................5

In re Winstar Communications, No. 01 CV 3014 (GBD), 2006 WL 473885, at *2
(S.D.N.Y. Feb. 27, 2006) ..........................................................................................6

SEC v. Cavanaugh, 98 Civ. 1818 (DLC), 1998 Dist. LEXIS 11519
(S.D.N.Y. July 27, 1998) ..........................................................................................6

SEC v.. DCI Telecommunications, Inc., 207 F.R.D. 32 (S.D.N.Y. 2002) ................5


Statutes

15 U.S.C. § 1114(1)...................................................................................................5

Federal Rule of Civil Procedure 15(a) .....................................................................5

## I. Introduction

Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("BROOKLYN") seeks leave of Court to amend its complaint.

## II. Statement of Facts

Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("BROOKLYN") is a corporation existing under the laws of the State of New York. BROOKLYN is a soft drink bottling company and distributor of soft drinks.

Royal Signature, Inc., a Panama corporation and a non-party to this action, is the assignor to BROOKLYN of a federal trademark registered with the United States Patent and Trademark Office ("USPTO") for TROPICAL PURO SABOR NACIONAL, ("the MARK"), in class 032 for soft drinks and flavored syrups used in the preparation of making soft drinks. The MARK, was registered on January 26, 1988 and given registration number 1474395. The registration is still valid.

Pursuant to an agreement dated June 1, 2007, between BROOKLYN and Royal Signature, Inc., BROOKLYN acquired an exclusive license of the federally registered trademark TROPICAL PURO SABOR NACIONAL for use with soft drinks and flavored syrups used in the preparation of making soft drinks, in all states east of the Mississippi River, in the United States of America, including Louisiana and Minnesota.

Subsequently, on February 11. 2008 Royal Signature assigned the MARK to BROOKLYN. As a result, BROOKLYN owns the exclusive rights in this jurisdiction to use TROPICAL PURO SABOR NACIONAL for soft drinks and flavored syrups used in the preparation of making soft drinks.

### III. Argument

### *A. Trademark assignees have sufficient rights in a mark to confer standing.*

Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), grants trademark registrants standing to assert a claim for trademark infringement.

This assignment gives Brooklyn Bottling the standing necessary to bring and prosecute this lawsuit.

### *B. Leave to Amend is to Be "Freely Granted When Justice So Requires"*

Federal Rule of Civil Procedure 15(a) provides that a motion to amend the complaint "shall be freely granted when justice so requires." As the Supreme Court has written, Rule 15's mandate that motions to amend complaints should be freely granted must be liberally construed.

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be "freely given." Forman v. Davis, 371 U.S. 178, 182 (1962). Under this standard, this Court has frequently permitted the Commission to amend complaints, provided there was no undue delay or other indicia of bad faith. *See, e.g.,* SEC v. DCI Telecommunications, Inc., 207 F.R.D. 32 (S.D.N.Y. 2002) (no undue delay where Commission sought leave to amend complaint six years after start of its investigation and 21 months after commencement of the action); SEC v. Cavanaugh, 98 Civ. 1818 (DLC), 1998 Dist. LEXIS 11519 (S.D.N.Y. July 27, 1998) (granting leave to amend complaint to add three new

defendants and ten new relief defendants).

This case is in its earliest stages. Discovery has not begun. The parties have conducted their Rule 26(f) conference, and consequently the initial disclosures have not occurred. Defendant cannot plausibly argue that circumstances have developed so extensively that the Complaint should not be amended at this incipient phase. Put simply, "[c]ourts permit amendment when it is requested at this early stage of a case." *E*Trade Financial Corp. v. Deutsche Bank AG,* 420 F. Supp. 2d 273, 282 (S.D.N.Y. 2006) (granting leave to file a second amended complaint 14 months after the original complaint had been filed and after numerous motions had already been filed); *see also In re Winstar Communications,* No. 01 CV 3014 (GBD), 2006 WL 473885, at *2 (S.D.N.Y. Feb. 27, 2006) (granting leave to amend).

**IV. Conclusion**

Plaintiff Brooklyn Bottling of Milton, New York, Inc. should be granted leave to amend the complaint.

Dated: New York, New York  
February 26, 2008

Respectfully submitted,

JACOBSON & COLFIN, P.C.

By: ___/Jeffrey E. Jacobson/___  
Jeffrey E. Jacobson (JEJ 1199)  
Bruce E. Colfin (BEC 5815)  
Jacobson & Colfin, P.C.  
Attorneys for Plaintiff  
BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.  
60 Madison Avenue, Suite #1026  
New York, New York 10010  
(212) 691-5630

cli/l/ecuabeverage amend memo