UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BROOKLYN BOTTLING OF MILTON, NEW : 
YORK, INC., : **ORDER DISMISSING COUNTS I**
 : **AND II OF THE COMPLAINT**
              Plaintiff, :
   -against- : 07 Civ. 8483 (AKH)
 :
ECUABEVERAGE CORP., :
 :
              Defendant. :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Ecuabeverage Corp. ("Ecuabeverage") brings this motion to dismiss Counts I and II of Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling")'s Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted.

        Plaintiff Brooklyn Bottling is a soft drink bottling company and distributor of soft drinks, with most of its goods directed primarily toward the Latino market in the eastern United States. Defendant Ecuabeverage offers similar products targeted to the same demographic. Plaintiff alleges that defendant has violated a provision of the Lanham Act, 15 U.S.C. § 1114(1), by infringing on its trademark for the TROPICAL PURO SABOR NACIONAL ("TROPICAL") soft drink product with the design for defendant's MANZANA soft drink product, and also brings claims of unfair competition and trade dress infringement against defendant. Plaintiff further claims that pursuant to the Distribution Agreement ("Agreement") between Brooklyn Bottling and the trademark registrant, Royal Signature, Inc., it was granted the right to commence litigation on behalf of Royal Signature, and therefore has standing. See Pl. Opp. Br., Ex. 1 at 14. Defendant argues that since plaintiff is not the registrant, or owner, of the

1

trademark issued by the United States Patent and Trademark Office (USPTO), or its assignee, it lacks standing to assert federal trademark infringement claims under the Lanham Act.

The language of 15 U.S.C. § 1114(1) is clear: Only the owner of the trademark is granted standing to assert a claim of trademark infringement. Under the Act, that term includes the registrant and its "legal representatives, predecessors, successors, and assigns." Id. at § 1127. In DEP Corp. v. Interstate Cigar Co., 622 F.2d 621 (2d Cir. 1980), the Second Circuit affirmed the trial court's finding that plaintiff licensee did not have standing to bring a claim for trademark infringement because it was not an implied or express assignee. 622 F.2d at 622. A long line of cases in this Circuit and elsewhere have held the same. See, e.g., Berni v. Int'l Gourmet Rests. of Am., Inc., 838 F.2d 642, 645-46 (2d Cir. 1988) (affirming trial court's dismissal of plaintiff licensee's trademark infringement claims, noting that "[t]rademark rights do not exist in the abstract, to be bought and sold as a distinct asset") (internal citations omitted); Calvin Klein Jeanswear Co. v. Tunnel Trading, 2001 WL 1456577 at *4 (S.D.N.Y. Nov. 16, 2001) (holding that when "a licensing agreement does not grant the licensee a property interest in the mark or otherwise assign to the licensee the registrant-licensor's ownership rights, the licensee, even if exclusive, cannot enforce the mark"); Finance Inv. Co. v. Geberit A.G., 165 F.3d 526, 531 (7th Cir. 1998) (denying standing to exclusive licensee where licensing agreement included many rights and duties inconsistent with an assignment, such as geographic limitations on the licensee's territory).

The Agreement between Brooklyn Bottling and Royal Signature in this case is a licensing agreement, not an assignment or even an exclusive licensing agreement that is tantamount to an assignment, as plaintiff suggests. The first page of the Agreement states that Royal Signature, not Brooklyn Bottling, is the "owner or authorized licensee" of, among others,

the TROPICAL trademark. See Pl. Opp. Br., Ex. 1 at 1. Furthermore, Schedule C to the Agreement states clearly that Brooklyn Bottling is an exclusive licensee only in the following region: "[A]ll states east of the Mississippi River, in the United States of America, plus Louisiana and Minnesota." Id. at 22. Accordingly, I find that plaintiff lacks standing to bring its trademark infringement claims against defendant, and Counts I and II of the Complaint are hereby dismissed.

The parties are to proceed in accordance with their case management plan, and will appear before me as scheduled for their status conference of March 21, 2008 at 9:30 a.m.

SO ORDERED.

Dated:  March 3, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge