**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.** | : |
| | : |
| **Plaintiff,** | : |
| | :    **Civil Action No.** |
| -v.- | : |
| | :    **07-CV-08483-AKH** |
| **ECUABEVERAGE CORPORATION,** | : |
| | : |
| **Defendant,** | : |
| | : |

---

## DEFENDANT ECUABEVERAGE CORPORATION'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I, II AND VI OF THE AMENDED COMPLAINT, PURSUANT TO LOCAL RULE 56.1

Plaintiff, Ecuabeverage Corporation ("Ecuabeverage"), in support of its concurrently-filed *Motion for Partial Summary Judgment on Counts I, II and VI* of Brooklyn Bottling of Milton, New York, Inc.'s Amended Complaint, hereby respectfully submits that there are no genuinely disputed issues between the parties concerning the following material facts:

### I.  U.S. Trademark Registration No. 1,474,395

1.  Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling") alleges, and <u>solely for purposes of this motion</u> Ecuabeverage stipulates, that Brooklyn Bottling is the "exclusive assignee" of U.S. Trademark Registration No. 1,474,395, issued January 26, 1988. (*Brooklyn Bottling's "Amended Complaint," ¶ 5, filed February 29, 2008*)

2.  The registered trademark of U.S. Trademark Registration No. 1,474,395 is the word mark "TROPICAL PURO SABOR NACIONAL" for goods recited as "soft drinks and flavored syrups used in the preparation of making soft drinks." (*Ecuabeverage Statement of Material Facts – Exhibit 1; Brooklyn Bottling's "Amended Complaint," ¶ 5, filed February 29, 2008*)

3.  U.S. Trademark Registration No. 1,474,395 for the trademark "TROPICAL PURO SABOR NACIONAL" recites the following disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'PURO SABOR,' APART FROM THE MARK AS SHOWN." (*Ecuabeverage Statement of Material Facts – Exhibit 1*)

4.  U.S. Trademark Registration No. 1,474,395 issued from U.S. Trademark Application Serial No. 489,879 (also written as Application Serial No. "73/489,879"), filed July 16, 1984.  (*Ecuabeverage Statement of Material Facts – Exhibit 1*)

5.  U.S. Trademark Application Serial No. 489,879, filed July 16, 1984, states (at Part II, ¶ 1) that:  "The mark to be registered is: TROPICAL." (*Ecuabeverage Statement of Material Facts – Exhibit 2*)

6.  The "drawing" page of U.S. Trademark Application Serial No. 489,879, filed July 16, 1984, includes the following notation:  "(Note: Application is made only for the registration of 'TROPICAL', not depicted in any special form.)" (*Ecuabeverage Statement of Material Facts – Exhibit 3*)

7. On September 10, 1985, the United States Patent and Trademark Office issued

an Office Action for U.S. Trademark Application Serial No. 489,879 for the mark

"TROPICAL," which stated, in part, that:

> "Registration is refused because the mark, when applied to the applicant's
> goods, so resembles the mark(s) cited below as to be likely to cause confusion,
> or to cause mistake, or to deceive. (Section 2(d) of the Trademark Act,
> 15 U.S.C. 1052(d); TMEP section 1205.) (See attached copies.)
>
> "Reg. No(s). 882,567
>
> "The respective marks are substantially similar in sound and appearance. The
> respective goods are identical."

*(Ecuabeverage Statement of Material Facts – Exhibit 4)*

8. On March 5, 1986, Banco del Pacifico, the named Applicant, and then-owner,

of U.S. Trademark Application Serial No. 73/489,879, filed a "Response and Amend-

ment" to the Office Action, dated September 10, 1985, which stated (at ¶ 2) that:

> "The Examiner refused registration of the Applicant's mark because
> it so resembled the mark 'Tropicool' as to be likely to cause confusion, or to
> cause mistake, or to deceive. After reviewing the Examiner's comments, the
> Applicant hereby amends the mark to read 'Tropical Puro Sabor Nacional'
> (the 'Amended Mark'), and in doing so, submits that the Amended Mark, with
> regard to 'Tropicool,' is no longer likely to cause mistake, confusion, or to
> deceive;"

*(Ecuabeverage Statement of Material Facts – Exhibit 5)*

9. Brooklyn Bottling has brought a claim for "prohibited importation" under 19

U.S.C. §1526, pertaining to "the Tropical mark registered by Royal Signature and

assigned exclusively to Plaintiff BROOKLYN without the consent of Plaintiff."

*("Amended Complaint," ¶¶ 38 – 42, filed February 29, 2008)* Title 19, U.S.C. §1526

requires that "a copy of the certificate of registration [be] filed with the Secretary of the Treasury." While Brooklyn Bottling fails to allege compliance with this prerequisite of 19 U.S.C. §1526 in its *Amended Complaint* ("Count VI"), Ecuabeverage, <u>solely for purposes of this motion</u>, stipulates that Brooklyn Bottling has fully complied, at all relevant times, with all prerequisites of 19 U.S.C. §1526 for allowing it to maintain a claim against Ecuabeverage for "prohibited importation" under 19 U.S.C. §1526.

## II.  U.S. Trademark Registration No. 1,899,104

10.  "Brooklyn Bottling Corporation" is listed as the owner of U.S. Trademark Registration No. 1,899,104, issued June 13, 1995, for the trademark "TROPICAL FANTASY," for goods listed as "SOFT DRINKS." (*Ecuabeverage Statement of Material Facts – Exhibit 6*)

11.  "Brooklyn Bottling Corporation" is now known as "Brooklyn Bottling of Milton, New York, Inc." and Brooklyn Bottling of New York, Inc. filed a "*Combined Declaration of Use in Commerce/Application for Renewal of Registration of Mark under § 8 & 9 (15 U.S.C. § 1058 & 1059*" on, or about, June 29, 2004, through the law firm of Jacobson & Colfin, PC, Brooklyn Bottling's litigation counsel, for the purpose of renew-ing U.S. Trademark Registration No. 1,899,104. (*Ecuabeverage Statement of Material Facts – Exhibit 7*)

12. U.S. Trademark Registration No. 1,899,104 issued from U.S. Trademark Application Serial No. 74/104,891, filed October 11, 1990. (*Ecuabeverage Statement of*

*Material Facts – Exhibit 8*)

13.  On April 16, 1991 (date not legible), the United States Patent and Trademark

Office issued an Office Action for U.S. Trademark Application Serial No. 74/104,891 for

the mark "TROPICAL FANTASY," which stated, in part, (at page 2) that:

> "The applicant must disclaim the descriptive wording 'Tropical' apart from
> the mark as shown.  Trademark Act Section 6, 15 U.S.C. Section 1056;
> TMEP sections 904.02(a) and (e).  The wording is merely descriptive
> because it is a flavor designation."

(*Ecuabeverage Statement of Material Facts – Exhibit 9*)

14.  On May 6, 1991, Brooklyn Bottling Corporation filed a "Communication" in

reply to the Office Action, dated April 16, 1991, in which Brooklyn Bottling Corporation

argued (at page 2) that:

> "The required disclaimer of 'TROPICAL' makes no sense as the
> Examiner has absolutely not shown any evidence that the same
> is indeed a flavor designation or is highly suggestive of such."

(*Ecuabeverage Statement of Material Facts – Exhibit 10*)

15.  On July 24, 1991, the United States Patent and Trademark Office issued an

Office Action for U.S. Trademark Application Serial No. 74/104,891 for the mark

"TROPICAL FANTASY," which stated, in part, (at page 2) that:

> "Applicant [Brooklyn Bottling Corporation] takes exception to the examining
> attorney's conclusion that TROPICAL is merely a descriptive term and,
> therefore, the less significant portion of the mark.  However, as evidenced by the
> attached Lexis/Nexis evidence, TROPICAL is a flavor designation encompassing
> mango, papaya, coconut and banana flavors.  The term is commonly used in the
> food and beverage industry to describe the flavor of ice cream, soft drinks, frozen
> yogurt and other products."

(*Ecuabeverage Statement of Material Facts – Exhibit 11*)

16. On January 16, 1992, Brooklyn Bottling Corporation filed a "Notice of

Appeal" to "the Trademark Trial and Appeal Board from the decision of the Examiner

dated July 24, 1991, finally refusing registration of the ["TROPICAL FANTASY"] trade-

mark." (*Ecuabeverage Statement of Material Facts – Exhibit 12*)

17. On, or about, January 26, 1994, the Trademark Trial and Appeal Board issued

a decision in *In re Brooklyn Bottling Corporation* for U.S. Trademark Application Serial

No. 74/104,891, which states (at page 2) that:

> "The Examining Attorney has also required a disclaimer of the word
> 'TROPICAL,' arguing that this term is merely descriptive of the flavor
> of applicant's [Brooklyn Bottling Corporation's] soft drinks.  At oral
> hearing, applicant's attorney offered to disclaim the word 'TROPICAL'
> to remove this as an issue before us."

(*Ecuabeverage Statement of Material Facts – Exhibit 13*)

18. On, or about, January 26, 1994, the Trademark Trial and Appeal Board issued

a "Decision" in *In re Brooklyn Bottling Corporation* for U.S. Trademark Application

Serial No. 74/104,891, which states (at page 9) that:

> "Decision:  The refusal of registration under Section 2(d) [on the
> ground of likelihood of confusion] is reversed but the requirement for a
> disclaimer is affirmed.  Applicant is allowed until thirty days from the
> date of this opinion in which to submit the required disclaimer."

(*Ecuabeverage Statement of Material Facts – Exhibit 13*)

19. On February 4, 1994, Brooklyn Bottling Corporation filed an "Amendment"

for U.S. Trademark Application Serial No. 74/104,891, entering a disclaimer of the word

"TROPICAL" apart from the mark as shown, and further stated that:

> "On January 26, 1994, the Trademark Trial and Appeal Board reversed the Examiner's refusal to register the subject mark ["TROPICAL FANTASY"] under Section 2(d) of the Lanham Act. However, the Board required that in order to proceed to registration, a disclaimer of 'Tropical' should be filed within thirty days from the date of the opinion. This amendment submits the required disclaimer."

(*Ecuabeverage Statement of Material Facts – Exhibit 14*)

20.  On March 15, 1994, the Trademark Trial and Appeal Board, for Trademark

Application Serial No. 74/104,891, issued a paper which states, in part, that:

> "On February 4, 1994, applicant [Brooklyn Bottling Corporation] submitted a disclaimer of the word 'TROPICAL' apart from the mark. The disclaimer is hereby entered.  In view of the submission of this disclaimer, the application will be forwarded for publication in due course."

(*Ecuabeverage Statement of Material Facts – Exhibit 15*)

21.  U.S. Trademark Registration No. 1,899,104, issued June 13, 1995, for the

trademark "TROPICAL FANTASY" recites the following disclaimer: "NO CLAIM IS

MADE TO THE EXCLUSIVE RIGHT TO USE 'TROPICAL,' APART FROM THE

MARK AS SHOWN." (*Ecuabeverage Statement of Material Facts – Exhibit 6*)

### III. U.S. Trademark Registration No. 3,284,223

22.  "BROOKLYN BOTTLING OF MILTON, NY, INC." is listed as the owner

of U.S. Trademark Registration No. 3,284,223, issued June 13, 1995, for the trademark

"Tropical Fantasy TF Extreme Energy Drink," for goods listed as "ENERGY DRINKS,

SOFT DRINKS, FRUIT JUICE COCKTAILS, FRUIT JUICES, VEGETABLE JUICE

COCKTAILS, VEGETABLE JUICES AND BOTTLED WATER." (*Ecuabeverage*

*Statement of Material Facts – Exhibit 16*)

23. U.S. Trademark Registration No. 3,284,223 issued from U.S. Trademark

Application Serial No. 76/666,940, filed October 3, 2006. (*Ecuabeverage Statement of*

*Material Facts – Exhibit 17*)

24. On February 23, 2007 (date not shown on Office Action), the United States

Patent and Trademark Office issued an Office Action for U.S. Trademark Application

Serial No. 76/666,940 for the mark "Tropical Fantasy TF Extreme Energy Drink,," which

stated, in part, (at page 2) that:

> "**DISCLAIMER**
>
> "The applicant [Brooklyn Bottling] must insert a disclaimer of TROPICAL
> and ENERGY DRINK in the application. Trademark Act Section 6, 15 U.S.C.
> §1056; TMEO §§1213 and 1213.08(a)(i).
>
> "A properly worded disclaimer should read as follows:
>
>> "No claim is made to the exclusive right to use TROPICAL and
>> ENERGY DRINK apart from the mark as shown.
>
> "TROPICAL is commonly used to describe beverage flavor. (See attached
> material from the Internet). Applicant identifies 'energy drinks' in its
> identification of goods. Its specimen of record demonstrates that the mark is
> used on tropical flavored energy drinks. Therefore, the terms are descriptive
> and must be disclaimed."

(*Ecuabeverage Statement of Material Facts – Exhibit 18*)

25. On February 23, 2007 (date not shown on Office Action), the United States

Patent and Trademark Office issued an Office Action for U.S. Trademark Application

Serial No. 76/666,940 for the mark "Tropical Fantasy TF Extreme Energy Drink,," which

included the statement (at page 2) that:

> "A 'disclaimer' is a statement that applicant does not claim
> exclusive rights to an unregistrable component of a mark."

(*Ecuabeverage Statement of Material Facts – Exhibit 18*)


26. By letter dated February 28, 2007, Bruce E. Colfin of Jacobson & Colfin,

P.C., on behalf of Brooklyn Bottling, replied to the Office Action, dated February 23,

2007, for U.S. Trademark Application Serial No. 76/666/940, which letter stated, in part,

that:

### "**DISCLAIMER**

> "No claim is made to the exclusive right to use TROPICAL
> and ENERGY DRINK apart from the mark as shown."

(*Ecuabeverage Statement of Material Facts – Exhibit 19*)


27. U.S. Trademark Registration No. 3,284,223, issued August 28, 2007, for

the trademark "Tropical Fantasy TF Extreme Energy Drink" and recites the following

disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE

TROPICAL AND ENERGY DRINK APART FROM THE MARK AS SHOWN."

(*Ecuabeverage Statement of Material Facts – Exhibit 16*)

IV.  Ecuabeverage Corporation's Terminology Used for its Beverage Goods

28.  Ecuabeverage uses the term "TROPICAL" for its beverage goods in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 3 and representative label referenced therein)

29.  The Spanish wording "PURO SABOR" is literally translated into English as "PURE FLAVOR" and Ecuabeverage uses the words "PURE" and "FLAVOR," in both English and Spanish equivalents, for its beverage goods. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 9 and representative label attached thereto)

30.  The Spanish wording "NACIONAL" is literally translated into English as "NATIONAL."  Ecuabeverage does not use – and has never used – either the English word "NATIONAL, or the Spanish language equivalent "NACIONAL," on for beverage goodss, or in the marketing or sale of any of its goods, in any manner whatsoever, without exception, in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 10)

31.  Ecuabeverage does not use – and has never used – the complete term "TROPICAL PURO SABOR NACIONAL," or its English language equivalents, "TROPICAL PURE NATIONAL FLAVOR" or "TROPICAL PURE FLAVOR NATIONAL," in connection with the sale or marketing of its goods in the United States.

-10-

*(Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 11)

32.  Ecuabeverage does not use – and has never used – the complete composite term "PURO SABOR NATIONAL," or its English language equivalents, "PURE NATIONAL FLAVOR" or "PURE FLAVOR NATIONAL," in connection with the sale or marketing of its goods in the United States.  (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 12)

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: March 14, 2008

By _____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
        EDSchindler@optonline.net

-11-

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete,

copy of *Defendant Ecuabeverage Corporation's Statement of Material Facts in Support*

*of its Motion for Partial Summary Judgment on Counts I, II and VI of the Amended*

*Complaint, Pursuant to Local Rule 56.1* upon the following counsel for Plaintiff Brook-

lyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York 10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on March 14, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*