

**U.S. DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

| | |
|---|---|
| SERIAL NO. 74/104891  Brooklyn Bottling Corporation APPLICANT | PAPER NO. 2 |
| MARK  TROPICAL FANTASY | ADDRESS  Commissioner of Patents and Trademarks Washington, D.C. 20231  If no fees are enclosed, the address should include the words "BOX 5." |
| ADDRESS  Kramer Kramer, Brufsky & Cifelli, P.C. P.O. Box 59 Southport, CT 06490 | ACTION NO.  MAILING DATE  ZEI-145 |
| FORM PTO-1525 (2-84)   U.S. DEPT. OF COMM. PAT. & TM OFFICE | Please provide in all correspondence: 1. Filing date, serial number, mark, and applicant's name. 2. Mailing date of this Office action. 3. Your telephone number and ZIP code. 4. Examining attorney's name and law office number. |

A PROPER RESPONSE TO THIS OFFICE ACTION MUST BE RECEIVED WITHIN 6 MONTHS FROM THE DATE OF THIS ACTION IN ORDER TO AVOID *ABANDONMENT*.

4/9/91-104891

The assigned examining attorney has reviewed the referenced application and determined the following.

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark, when used on the identified goods, is likely to be confused with the registrant's mark in U.S. Registration No. 1,273,016. TMEP section 1207. See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG*, 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co, Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978).

The marks contain the same dominant arbitrary term "FANTASY". Applicant has merely added the term "Tropical" which functions as a flavor designation or a highly suggestive term in the alternative. The goods are identical. Consequently there is a likelihood of confusion as to the origin of the goods.

If the applicant chooses to respond to the refusal to register, the applicant must also respond to the following informalities.

PTOL 89 (REV. 4-90)

*Ecuabeverage Statement of Material Facts – Exhibit 9*

-2-

4/9/91-104891

The applicant must disclaim the descriptive wording "Tropical" apart from the mark as shown. Trademark Act Section 6, 15 U.S.C. Section 1056; TMEP sections 904.02(a) and (e). The wording is merely descriptive because it is a flavor designation.

The computerized printing format for the Trademark Official Gazette requires a standard form for a disclaimer. A properly worded disclaimer should read as follows:

> No claim is made to the exclusive right to use Tropical apart from the mark as shown.

See In re Owatonna Tool Co., 231 USPQ 493 (Comm'r Pats. 1983).

The name "Reggae Imports Ltd." appears in the record. The applicant must explain: (1) the relationship between the applicant and this party, (2) whether that party holds any rights in the mark, (3) how the applicant benefits from any use of the mark by that party, and (4) how the applicant controls the nature and quality of the goods under this use. 37 C.F.R. Section 2.38; TMEP section 1201.

If the applicant is doing business as, is also known as, or is trading as "Reggae Imports Ltd.," the applicant should amend the preamble of the application to read "Brooklyn Bottling Corporation, also doing business as Reggae Imports Ltd." TMEP section 802.02.

The applicant may not use the federal registration symbol until a mark is registered in this Office. After registration of the mark, the applicant may use the symbol only with the specific goods or services recited in the registration. TMEP section 902.

sbm/TDP

Timothy D. Pecsenye
Trademark Attorney
Law Office 14
(703) 308-9114 Ext. 34