

ZEI-145                                                        Trademark

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:            )
                                 )
Brooklyn Bottling Corporation    )    Trademark
                                 )    Attorney: T.D. Pecsenye
Serial No.:  74/104891           )
                                 )    Law Office 14
Filed: October 11, 1990          )
                                 )
Trademark: TROPICAL FANTASY      )

COMMUNICATION

Commissioner of Patents and Trademarks
Box 5
Washington, D.C.  20231

Sir:

This communication is responsive to the Office Action dated April 16, 1991 relating to the subject trademark application.

The Examining Attorney has refused registration under the Trademark Act, §2(d), because applicant's mark when used on the identified goods is likely to be confused with the registrant's mark in U.S. Registration No. 1,273,016. The mark referred to is "FANTASY" for soft drink concentrates.

The mark, namely "TROPICAL FANTASY", is sought to be registered for soft drinks.

The Examining Attorney has concluded that the dominant term of each mark is "FANTASY" and applicant has merely added the term "TROPICAL" which does not distinguish its mark from that of the cited registration; "TROPICAL" is considered by the Examiner to function as a flavor designation or a highly suggestive term in the alternative and thus, essentially the marks sought to be

registered are identical. The Examiner also states that "the goods are identical." "Consequently, [concludes the Examiner] there is a likelihood of confusion as to the origin of the goods." Nothing can be further from the actual facts.

First, the term "TROPICAL" does not function as a flavor designation nor is it a highly suggestive term of a flavor, in the alternative. The required disclaimer of "TROPICAL" makes no sense as the Examiner has absolutely not shown any evidence that the same is indeed a flavor designation or is highly suggestive of such. A "tropical-type" drink has absolutely no meaning and is completely arbitrary, contrary to the Examiner's assertion. Thus, on the first count, the marks are not identical but are clearly different in that one mark is "FANTASY" and the other mark is "TROPICAL FANTASY." Second, and more important, the goods are completely different and are directed to different classes of purchasers. The registered mark is directed to concentrates for soft drinks, the purchaser of which would be for example, retail establishments who mix the concentrate with water and other ingredients to form a soft drink. Applicant's channels of trade are completely different in that applicant sells its bottled drink directly to the consumer or public. Thus, the channels of trade for the respective goods and the marks are <u>distinctly</u> different.

As further evidence of applicant's position that there will be no confusion as to the source between the goods of the cited

registration and the goods of applicant, applicant need only point to the fact that "TROPICAL FANTASY" has been registered for wine coolers (also different from soft drinks and soft drink concentrates) in Registration No. 1,368,037. There has been no disclaimer of "TROPICAL" which course, in accordance with the Examiner's reasoning, should also apply to the wine cooler situation if he was correct. Indeed, there is a host of "TROPICAL" soft drinks wherein "TROPICAL" has not been disclaimed. For example, "TROPICAL MIST", Registration No. 1,109,616; "TROPICAL LANE", Registration No. 1,338,275; "TROPICAL STORM", Registration No. 1,469,301; "TROPICAL SNOW", Registration No. 1,564,938; "TROPI-CAL", Registration No. 707,002; "TROPICAL FROST", Registration No. 1,256,293; "TROPICAL SQUEEZE", Registration No. 1,591,159.

[handwritten annotation: cancelled 4-22-42]

With regard to the difference in the goods, namely, soft drink concentrates and soft drinks, soft drinks are usually sold in supermarkets and grocery stores. Soft drink concentrates are sold to either manufacturers of the bottled goods or retail establishments who mix the concentrate before selling it, possibly under another name or brand, which may ultimately be sold in the supermarket. Thus, because of the difference in channels of trade, retailer v. wholesaler, and the clear difference in the marks, namely, "TROPICAL FANTASY" and "FANTASY", there is a clear diminishment of any likelihood of confusion between such marks.

3

Accordingly, applicant respectfully submits that the Examiner should reconsider his rejection and pass the instant application to publication.

With regard to the requested disclaimer, applicant has stated that "TROPICAL" is not a flavor designation nor suggestive of a type of soft drink flavor and therefore declines the request of the Examiner, particularly in view of the Patent and Trademark Office's position concerning "TROPICAL" in the cited registrations.

As far as Reggae Imports Ltd. appearing on the label-specimens submitted to the Patent and Trademark Office, the Office is advised that Reggae Imports Ltd. bottles the goods and sells them under licensed authority from the trademark applicant, Brooklyn Bottling Corporation. While there is no formal license agreement, the goods are sold and bottled under the authority of Brooklyn Bottling Corporation in <u>their</u> plant under the supervision of Brooklyn Bottling Corporation's personnel and exclusively distributed by Reggae Imports Ltd.

Also, the use of the ® indicating registration in the U.S. Patent and Trademark Office on the specimen-labels was an error of the applicant. Further use will be discontinued pending allowance of the present application and registration of the mark.

4

For the foregoing reasons, applicant submits that this application is in immediate condition for allowance, which action is courteously solicited.

Respectfully submitted,

*Allen D. Brufsky*, Reg. No. 21,056
Attorney for Applicant
KRAMER, BRUFSKY & CIFELLI, P.C.
P.O. Box 59
Southport, CT 06490
(203) 255-8900

Date: May 1, 1991

---

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231 on 5/1/91
(Date of Deposit)

Allen D. Brufsky
Name of applicant, assignee, or Registered Representative

_____
Signature

May 1, 1991
Date of Signature

5