UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROOKLYN BOTTLING OF MILTON, :
NEW YORK, INC.
: 
       **Plaintiff,**
:    Civil Action No.
   -*v.*-
:    07-CV-08483-AKH
ECUABEVERAGE CORPORATION,
:
       **Defendant,**
:

---

## DEFENDANT ECUABEVERAGE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I, II AND VI OF THE AMENDED COMPLAINT, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
          EDSchindler@optonline.net

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Cases | ii |
| United States Code Citations | ii |
| Federal Rules Citations | iii |
| I. Introduction | 1 |
| II. Statement of Facts Material to Ecuabeverage's Motion for Partial Summary Judgment | 4 |
| III. Argument | 9 |
|     *A. Standard for Granting Summary Judgment* | 9 |
|     *B. Brooklyn Bottling Can Claim No Trademark Rights to the Term "TROPICAL," per se* | 10 |
|     *C. Infringement of Brooklyn Bottling's Registered Trademark by Ecuabeverage is Not Legally Possible* | 12 |
| IV. Conclusion | 13 |

*Certificate of Service*, dated March 14, 2008

## Table of Cases

    Page

*American Cyanamid Corp. v. Connaught Laboratories, Inc.*,
    800 F.2d 306, 231 USPQ 128 (2d Cir. 1986)................................................ 13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)............................................... 9

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990).................................. 10

*Eastern Wine Corp. v. Winslow-Warren, Ltd.*,
    137 F.3d 955, 57 USPQ 433 (2d Cir. 1943)................................................ 13

*In re Franklin Press, Inc.*, 597 F.2d 270, 201 USPQ 662 (C.C.P.A. 1979)........ 12

*In re Hercules Fasteners, Inc.*,
    203 F.2d 753, 97 USPQ 355 (C.C.P.A. 1953).............................................. 12

*Freedom Card, Inc. v. JPMorgan Chase & Co.*,
    432 F.3d 463, 77 USPQ2d 1515 (3d Cir. 2005)........................................... 10, 11

*Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542 (5th Cir. 2001)................. 10

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993).......................... 3

*Neshewat v. Salem*, 365 F.Supp.2d 508 (S.D.N.Y. 2005)................................. 3

*Slavin v. Benson*, 493 F.Supp. 32 (S.D.N.Y. 1980)........................................... 3

## United States Code Citations

    Page

15 U.S.C. §1114(1), §32(1) of the Trademark Act............................................ 1, 8

19 U.S.C. §1526.............................................................................................. 1, 8

## Federal Rules Citations

|  | Page |
|---|---|
| Federal Rule of Civil Procedure 11 | 10 |
| Federal Rule of Civil Procedure 11(b)(3) | 10 |
| Federal Rule of Civil Procedure 15(a) | 3 |
| Federal Rule of Civil Procedure 56(c) | 9 |

## I. Introduction

Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling") commenced this action with an original *Complaint* (Docket Entry # 1) asserting counts for federal trademark infringement and unfair competition. The infringement claims were brought under 15 U.S.C. §1114 and charged that Defendant Ecuabeverage Corporation ("Ecuabeverage") was infringing, "TROPICAL PURO SABOR NACIONAL," the trademark of U.S. Trademark Registration No. 1,474,395. Brooklyn Bottling did not own the asserted trademark registration and Ecuabeverage moved to dismiss (Docket Entry # 6) Brooklyn Bottling's federal trademark infringement claims for lack of standing. The Court granted Ecuabeverage's motion to dismiss on March 3, 2008. (Docket Entry # 16)

Recognizing that it lacked standing to bring claims premised upon a federal trademark registration that it didn't own, Brooklyn Bottling allegedly obtained an assignment from Royal Signature, Inc., the owner of Trademark Reg. No. 1,474,395 at the time that Brooklyn Bottling commenced this action, and has since filed a motion for leave to file an *Amended Complaint*. (Docket Entries # 12 – 15)

Brooklyn Bottling's *Amended Complaint* asserts federal trademark infringement claims under 15 U.S.C. §1114 (Counts I and II), alleging that Brooklyn Bottling is now the "exclusive assignee" of Trademark Reg. No. 1,474,395, and also charges Ecuabeverage with "prohibited importation" (Count VI), pursuant to 19 U.S.C. §1526, allegedly for importing trademarked goods that infringe the mark of its newly-acquired federal trademark registration. Based upon formal disclaimers, acquiescence and representations made before the United States Patent and Trademark Office ("PTO") by Brooklyn Bottling and

a predecessor-in-interest in the prosecution of three trademark applications, <u>including</u> the trademark application that ultimately issued as Trademark Reg. No. 1,474,395, which Brooklyn Bottling asserts in Counts I, II and VI of its *Amended Complaint*, Brooklyn Bottling cannot, as a matter of law, claim <u>any</u> trademark rights to the term "TROPICAL" for beverage goods, and is <u>estopped</u> from bringing judicial action asserting the contrary. (*Ecuabeverage Statement of Material Facts, ¶¶ 1 – 29*)

Brooklyn Bottling's federal trademark registration further includes a disclaimer of "PURO SABOR," which translates into English as "PURE FLAVOR." (*Ecuabeverage Statement of Material Facts, ¶¶ 3, 29*) The term "NACIONAL," or "NATIONAL" in English – the only remaining term of Brooklyn Bottling's federally registered composite word mark – has <u>never</u> appeared as part of any trademark on Ecuabeverage's beverage labels or in the marketing of any of its goods. (*Ecuabeverage Statement of Material Facts, ¶ 30*)

Brooklyn Bottling has now filed both an original *Complaint* and an *Amended Complaint*; not bothering to attach a copy of an allegedly infringing use by Ecuabeverage of the "TROPICAL PURO SABOR NACIONAL" registered trademark to either! Both parties use "TROPICAL," "PURE" and "FLAVOR" (or their Spanish equivalents) in marketing their respective beverage goods. These terms, to which <u>neither</u> party can claim exclusive trademark rights, cannot provide a legal basis for finding trademark infringement of Brooklyn Bottling's registered trademark and, because Ecuabeverage does <u>not</u> use either "NACIONAL" nor "NATIONAL" as part of any trademark, Ecuabeverage submits that Brooklyn Bottling lacks <u>any</u> objectively reasonable factual basis for, *at a*

-2-

*minimum*, Counts I, II and VI of its *Amended Complaint*.

Ecuabeverage submits that Counts I, II and VI of Brooklyn Bottling's *Amended Complaint* are meritless and Brooklyn Bottling's motion for leave to file its *Amended Complaint* could be denied as futile. *See*, Slavin v. Benson, 493 F.Supp. 32, 33 (S.D.N.Y. 1980) (a proposed amendment will be considered futile if it is "clearly frivolous or advances a claim or defense that is clearly meritless"). Within the Second Circuit, an amendment is considered futile if the amended pleading would be subject to a motion to dismiss. Neshewat v. Salem, 365 F.Supp.2d 508, 516 (S.D.N.Y. 2005). In evaluating futility, all well-pleaded allegations are accepted as true and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993).

Ecuabeverage understands Counts I, II and VI of Brooklyn Bottling's *Amended Complaint* to be without legal merit or factual basis, but Ecuabeverage finds that it must present evidence, consisting of documents from the trademark application prosecution files for three of Brooklyn Bottling's trademark registrations, along with a *Declaration* of a corporate officer of Ecuabeverage that addresses the terminology used in marketing Ecuabeverage's goods, for establishing the frivolity these Counts. It therefore becomes, procedurally, more appropriate for Ecuabeverage to give its "written consent," pursuant to Fed.R.Civ.P. 15(a), to the filing of Brooklyn Bottling's *Amended Complaint* and to concurrently attack the absence of any legal or factual basis for Counts I, II and VI via a motion for partial summary judgment on these Counts.[1]

---

1. That Ecuabeverage has not, at this time, moved for summary judgment against Counts III, IV and V of Brooklyn Bottling's *Amended Complaint* should not be seen as implying that these Counts have any merit. Rather, Ecaubeverage submits that limited discovery is required before being able to handily dispose of Counts III, IV and V.

-3-

## II. Statement of Facts Material to Ecuabeverage's Motion for Partial Summary Judgment

Brooklyn Bottling and Ecuabeverage are competitors in the beverage market and would appear to target many of the same customers. Brooklyn Bottling claims ownership of, and standing to assert, the composite word trademark, "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Reg. No. 1,474,395, for goods recited as "soft drinks and flavored syrups used in the preparation of making soft drinks." (*Ecuabeverage Statement of Material Facts, ¶¶ 1 – 2*) Brooklyn Bottling's registration includes a disclaimer of the "exclusive right to use 'PURO SABOR,' apart from the mark as shown." (*Ecuabeverage Statement of Material Facts, ¶ 3*)

Trademark Reg. No. 1,474,395 issued from U.S. Trademark Application Serial No.73/489,879, filed July 16, 1984 by Banco del Pacifico S.A. ("Pacifico.") As filed, Pacifico's trademark application sought registration of the word "TROPICAL," *per se*, "not depicted in any special form." (*Ecuabeverage Statement of Material Facts, ¶¶ 4 – 6*)

On September 10, 1985, the PTO issued an Office Action for Pacifico's trademark application seeking to register "TROPICAL," which stated, in part, that:

> "Registration is refused because the mark, when applied to the applicant's goods, so resembles the mark(s) cited below as to be likely to cause confusion, or to cause mistake, or to deceive. (Section 2(d) of the Trademark Act, 15 U.S.C. 1052(d); TMEP section 1205.) (See attached copies.)
>
> "Reg. No(s). 882,567
>
> "The respective marks are substantially similar in sound and appearance. The respective goods are identical."

(*Ecuabeverage Statement of Material Facts, ¶ 7*)

-4-

On March 5, 1986, Pacifico filed a "Response and Amendment" to the Office Action, dated September 10, 1985, which stated (at ¶ 2) that:

> "The Examiner refused registration of the Applicant's mark because it so resembled the mark 'Tropicool' as to be likely to cause confusion, or to cause mistake, or to deceive. After reviewing the Examiner's comments, the Applicant hereby amends the mark to read 'Tropical Puro Sabor Nacional' (the 'Amended Mark'), and in doing so, submits that the Amended Mark, with regard to 'Tropicool,' is no longer likely to cause mistake, confusion, or to deceive;"

(*Ecuabeverage Statement of Material Facts,* ¶ 8)

As a consequence of Pacifico's amendment of its trademark from "TROPICAL" to "TROPICAL PURO SABOR NACIONAL," for the <u>expressed</u> purpose of overcoming the PTO's likelihood-of-confusion refusal-to-register under §2(d) of the Trademark Act, 15 U.S.C. §1052(d), the Examiner withdrew the refusal-to-register and the PTO ultimately issued Trademark Reg. No. 1,474,395 with the trademark being the composite word mark "TROPICAL PURO SABOR NACIONAL." Pacifico, a predecessor-in-interest of Brooklyn Bottling, sought to register solely the word "TROPICAL," but found it necessary to accept a registration for "TROPICAL PURO SABOR NACIONAL," when denied in its efforts to secure a U.S. trademark registration for "TROPICAL," *per se*.

Brooklyn Bottling of Milton, New York, Inc. (formerly known as "Brooklyn Bottling Corporation") owns Trademark Reg. No. 1,899,104 for the mark "TROPICAL FANTASY" for goods recited as "soft drinks." (*Ecuabeverage Statement of Material Facts,* ¶¶ 10 – 11) Trademark Reg. No. 1,899,104 issued from Trademark Application Serial No. 74/104,891, filed October 11, 1990. (*Ecuabeverage Statement of Material Facts,* ¶ 12)

On April 16, 1991, the PTO issued an Office Action requiring Brooklyn Bottling to "disclaim the descriptive wording 'Tropical' apart from the mark as shown," explaining that TROPICAL "is merely descriptive because it is a flavor designation." (*Ecuabeverage Statement of Material Facts, ¶ 13*) On May 6, 1991, Brooklyn Bottling replied that the requirement for a disclaimer of TROPICAL "makes no sense" and that the Examiner failed to present "any evidence that the same is indeed a flavor designation or is highly suggestive of such." (*Ecuabeverage Statement of Material Facts, ¶ 14*) On July 24, 1991, a further Office Action issued reaffirming the requirement for a disclaimer of "TROPICAL," providing evidence and stating why a disclaimer was being required:

> "Applicant [Brooklyn Bottling Corporation] takes exception to the examining attorney's conclusion that TROPICAL is merely a descriptive term and, therefore, the less significant portion of the mark. However, as evidenced by the attached Lexis/Nexis evidence, TROPICAL is a flavor designation encompassing mango, papaya, coconut and banana flavors. The term is commonly used in the food and beverage industry to describe the flavor of ice cream, soft drinks, frozen yogurt and other products."

(*Ecuabeverage Statement of Material Facts, ¶ 15*)

Brooklyn Bottling appealed the Examiner's refusal-to-register of July 24, 1991, to the PTO's Trademark Trial and Appeal Board (*Ecuabeverage Statement of Material Facts, ¶ 16*), which issued its ruling on January 26, 1994, and included the following passages:

> "The Examining Attorney has also required a disclaimer of the word 'TROPICAL,' arguing that this term is merely descriptive of the flavor of applicant's [Brooklyn Bottling Corporation's] soft drinks. At oral hearing, applicant's attorney offered to disclaim the word 'TROPICAL' to remove this as an issue before us.

\* \* \*

"Decision: The refusal of registration under Section 2(d) [on the ground of likelihood of confusion] is reversed but the requirement for a disclaimer is affirmed. Applicant is allowed until thirty days from the date of this opinion in which to submit the required disclaimer."

(*Ecuabeverage Statement of Material Facts, ¶¶ 17 – 18*)

On February 4, 1994, Brooklyn Bottling filed a disclaimer of the wording "TROPICAL" as the condition required of it by the Trademark Trial and Appeal Board for receiving Trademark Reg. No. 1,899,104 for its "TROPICAL FANTASY" trademark, thereby acquiescing to the requirement of the PTO that it disclaim "TROPICAL." (*Ecuabeverage Statement of Material Facts, ¶¶ 19 – 20*)

Brooklyn Bottling owns Trademark Reg. No. 3,284,223 for the composite word mark "Tropical Fantasy TF Extreme Energy Drink," which recites as goods "ENERGY DRINKS, SOFT DRINKS, FRUIT JUICE COCKTAILS, FRUIT JUICES, VEGETABLE JUICE COCKTAILS, VEGETABLE JUICES AND BOTTLED WATER," and which issued from Trademark Application Serial No. 76/666,940, filed October 3, 2006. (*Ecuabeverage Statement of Material Facts, ¶¶ 22 – 23*)

On February 23, 2007, the PTO issued an Office Action for Application Serial No. 76/666,940, which required Brooklyn Bottling to insert a disclaimer to the word "TROPICAL" and explained that "TROPICAL is commonly used to describe beverage flavor" and therefore this "descriptive" term "must be disclaimed." The Examiner provided material obtained from the Internet evidencing the descriptiveness, and widespread use, of TROPICAL for beverage goods.(*Ecuabeverage Statement of Material Facts, ¶ 24*)

On February 28, 2007, through counsel representing Brooklyn Bottling before this

-7-

Court, Brooklyn Bottling promptly replied to the Office Action and, without qualification, entered a disclaimer to the word "TROPICAL," as required by the PTO. Application Serial No. 76/666,940 issued to Brooklyn Bottling as Trademark Reg. No. 3,284,223 on August 28, 2007, with a disclaimer of "TROPICAL." (*Ecuabeverage Statement of Material Facts, ¶¶ 26 –27*)

Ecuabeverage uses "TROPICAL," "PURE" and "FLAVOR" (and their Spanish equivalents) in the marketing of its beverage goods (*Ecuabeverage Statement of Material Facts, ¶¶ 28 – 29*); terms which Brooklyn Bottling has disclaimed any exclusive rights to in PTO. (*Ecuabeverage Statement of Material Facts, ¶¶ 3, 17, 19, 20, 21, 26, 27*)

Ecuabeverage does not use – and has never used – either "NACIONAL," or its English equivalent "NATIONAL," in the marketing of its beverage goods. Ecuabeverage has never used the composite terms "TROPICAL PURO SABOR NACIONAL," "TROPICAL PURE NATIONAL FLAVOR," nor "TROPICAL PURE FLAVOR NATIONAL," nor its foreign language equivalents. (*Ecuabeverage Statement of Material Facts, ¶¶ 30 – 31*) Ecuabeverage does not use the composite term "PURO SABOR NATIONAL" nor its English language equivalents, "PURE NATIONAL FLAVOR" or "PURE FLAVOR NATIONAL." (*Ecuabeverage Statement of Material Facts, ¶ 32*)

As best Ecuabeverage can determine, Brooklyn Bottling's trademark infringement claims under 15 U.S.C. §1114 (*Amended Complaint*, Counts I and II) and its "prohibited importation" claim under 19 U.S.C. §1526 (*Amended Complaint*, Count VI) are grounded upon the common usage by Brooklyn Bottling and Ecuabeverage of descriptive wording used in the beverage industry, to which no party can claim exclusive trademark rights and

-8-

which <u>cannot</u> provide a valid legal foundation for finding liability against Ecuabeverage under any factual circumstances.

### III. Argument

#### *A. Standard for Granting Summary Judgment*

Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying which materials "it believes demonstrates the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, *supra*, 477 U.S. at 323, 106 S.Ct. at 323. Once a motion for summary judgment is properly made, the burden shifts to the nonmoving party, which "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, *supra*, 477 U.S. at 247.

Brooklyn Bottling has filed an original *Complaint* and an *Amended Complaint*, neither of which attach any reproduction of a label, advertisement or <u>any</u> other documentation that might reasonably support a finding of infringement by Ecuabeverage of the "TROPICAL PURO SABOR NACIONAL" mark of Trademark Reg. No. 1,474,395, which Brooklyn Bottling asserts in Counts I, II and VI of its *Amended Complaint*.

-9-

Fed.R.Civ.P. 11(b)(3) requires that a party and its attorneys make a pre-filing investigation to determine whether there is a reasonable basis for the allegations in a complaint. A plaintiff and its attorneys who violate this requirement by filing a complaint without <u>first</u> having a factual basis for the allegations are subject to sanctions. *See*, <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990) (central purpose of Fed.R.Civ.P. 11 is to "deter baseless filings in the district court").

Brooklyn Bottling, as part of any filing opposing Ecuabeverage's *Motion for Partial Summary Judgment on Counts I, II and VI*, should put forth its factual basis, including any labels or advertisements Brooklyn Bottling may have, which might tend to reasonably support the allegations of Counts I, II and VI of its *Amended Complaint*. Brooklyn Bottling is <u>not</u> entitled to take discovery to determine whether an objectively reasonable factual basis may exist for supporting the allegations of its original *Complaint* or *Amended Complaint*, and any contention that Brooklyn Bottling requires discovery before being able to address the merits of Ecuabeverage's summary judgment motion would amount to an admission of Brooklyn Bottling's failure to comply with Fed.R.Civ.P. 11. *See*, <u>Mercury Air Group, Inc. v. Mansour</u>, 237 F.3d 542, 548 (5th Cir. 2001) (affirming grant of Rule 11 sanctions where plaintiff "candidly testified that he hoped to discover information that would reveal a basis for a lawsuit" and holding that "the least severe sanction for a lawsuit that is wholly frivolous is the imposition of reasonable attorneys' fees and expenses").

<u>B. Brooklyn Bottling Can Claim No Trademark Rights to the Term "TROPICAL," Per Se</u>

Pacifico, Brooklyn Bottling's predecessor-in-interest, filed a U.S. trademark

-10-

application seeking to register solely the term "TROPICAL" for beverage goods, but was forced to amend its application to, instead, seek registration of "TROPICAL PURO SABOR NACIONAL" after being refused registration of "TROPICAL." (*Ecuabeverage Statement of Material Facts*, ¶ 8) As a result, the mark presented in Trademark Reg. No. 1,474,395, which Brooklyn Bottling now asserts in Counts I, II and VI of its *Amended Complaint*, is the composite mark "TROPICAL PURO SABOR NACIONAL," rather than simply "TROPICAL." Inclusion of "PURO SABOR NACIONAL" was <u>essential</u> for allowing Pacifico to obtain the U.S. trademark registration it did, and its concessions and representations made to the PTO now bind Pacifico's successor-in-interest, Brooklyn Bottling, thereby <u>estopping</u> Brooklyn Bottling from judicially asserting its registration in conflict with those representations to the PTO. *See*, <u>Freedom Card, Inc. v. JPMorgan Chase & Co.</u>, 432 F.3d 463, 476, 77 USPQ2d 1515, 1525 (3d Cir. 2005) ("The district court viewed UTN's representations to the USPTO through the lens of judicial estoppel. * * * Whether we view the district court's treatment of UTN's prior representations as judicial estoppel, an admission, waiver, or simply hoisting UTN by its own petard, we agree with the district court's conclusion. * * * Thus, UTN's own statements and actions, together with Chase's undisputed evidence of the widespread and common use of 'freedom,' undermine UTN's belated attempt to establish likelihood of confusion from the juxtaposition of 'FREEDOM' and Chase's housemark.").

Brooklyn Bottling, for its part, has entered disclaimers to the term "TROPICAL," as a condition for obtaining Trademark Reg. Nos. 1,899,104 and 3,284,223, after the PTO held "TROPICAL" to be "merely descriptive" of Brooklyn Bottling's beverage flavors

-11-

(*Ecuabeverage Statement of Material Facts*, ¶¶ *13 –21; 24 – 27*), resulting in a deceitful spectacle that finds Brooklyn Bottling agreeing with the PTO, as recently as February 28, 2007, that "TROPICAL" is "descriptive" and an "unregistrable component," while litigating claims before this Court alleging infringement of exclusive trademark rights to the term "TROPICAL," *per se*. (*Ecuabeverage Statement of Material Facts*, ¶¶ *24 – 26*)

<u>C. Infringement of Brooklyn Bottling's Registered Trademark<br>by Ecuabeverage is Not Legally Possible</u>

Brooklyn Bottling's federal trademark infringement and "prohibited importation" counts (*Amended Complaint*, Counts I, II and VI) require a showing of infringement by Ecuabeverage of the registered trademark, "TROPICAL PURO SABOR NACIONAL," for Brooklyn Bottling to legally succeed on these claims.

Brooklyn Bottling is estopped from asserting possession of trademark rights to the term "TROPICAL," resulting from representations made by Pacifico to the PTO during the underlying application prosecution, <u>Freedom Card, Inc. v. JPMorgan Chase & Co.</u>, *supra*, 432 F.3d at 476, 77 USPQ2d at 1525, and Trademark Reg. No. 1,474,395 carries a disclaimer of "PURO SABOR." *See*, <u>In re Franklin Press, Inc.</u>, 597 F.2d 270, 273, 201 USPQ 662, 665 (C.C.P.A. 1979) ("The effect of a disclaimer is to disavow any exclusive right to use a specified word phrase, or design outside of its use within a composite mark."); <u>In re Hercules Fasteners, Inc.</u>, 203 F.2d 753, 757, 97 USPQ 355, 357 (C.C.P.A. 1953) ("The purpose of a disclaimer is to show that the applicant is not making claims to the exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description."). Ecaubeverage does <u>not</u> use "NACIONAL," or its English equivalent "NATIONAL," in the marketing of its beverage

goods. (*Ecuabeverage Statement of Material Facts,* ¶¶ *30 – 32*)

"TROPICAL," "PURE" and "FLAVOR" represent terminology widely used throughout the beverage industry (*Ecuabeverage Statement of Material Facts,* ¶ *15*), are words used by both Brooklyn Bottling and Ecuabeverage, and present terms that <u>cannot</u> be claimed as the exclusive property of <u>any</u> entity. Trademark infringement cannot, as a matter of law, be established where the common elements of the respective parties' marks are either generic or descriptive wording. *See,* <u>American Cyanamid Corp. v. Connaught Laboratories, Inc.</u>, 800 F.2d 306, 307, 231 USPQ 128, 129 (2d Cir. 1986) ("A trademark holder cannot appropriate generic or descriptive terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic or descriptive term."); <u>Eastern Wine Corp. v. Winslow-Warren, Ltd.</u>, 137 F.2d 955, 959, 57 USPQ 433, 437 (2d Cir. 1943) ("a name which is initially entitled to immunity from competition loses that immunity when the name comes to be generally understood as a generic or descriptive designation for the type of goods in connection with which it is used").

Because the infringement of Brooklyn Bottling's registered trademark <u>cannot</u> be grounded upon Ecuabeverage's use of solely descriptive and unprotectable terminology, Brooklyn Bottling <u>cannot</u> establish that Ecaubeverage infringed the mark of Trademark Reg. No. 1,474,395 and, consequently, judgment, as a matter of law, should be entered in Ecaubeverage's favor on Counts I, II and VI of Brooklyn Bottling's *Amended Complaint*.

## IV. Conclusion

Defendant Ecuabeverage Corporation's *Motion for Partial Summary Judgment on Counts I, II and VI* of Plaintiff Brooklyn Bottling of Milton, New York, Inc's *Amended*

-13-

*Complaint* should be granted, inasmuch as Brooklyn Bottling lacks any exclusive rights to the term "TROPICAL" and cannot, as a matter of law, rest its trademark infringement claims upon the common use by the parties of descriptive terminology, to which no entity may properly claim trademark rights.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: March 14, 2008        By /s/ Edwin D. Schindler
                                Edwin D. Schindler (ES-7882)
                                *Attorney for Defendant*

-14-

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of *Defendant Ecuabeverage Corporation's Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint, Pursuant to Federal Rule of Civil Procedure 56,* upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on March 14, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*