UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **BROOKLYN BOTTLING OF MILTON, NEW YORK, INC.** :  : | |
| **Plaintiff,** : | |
| **-v.-** : | **Civil Action No.** |
| **ECUABEVERAGE CORPORATION,** : | **07-CV-08483-AKH** |
| **Defendant,** : | |
| : | |

---

## FIRST AMENDED ANSWER AND COUNTERCLAIMS

Defendant Ecuabeverage Corporation ("Ecuabeverage"), by and through its attorney, hereby answers the *Amended Complaint* of Plaintiff Brooklyn Botting of Milton, New York ("Brooklyn Bottling"), entered March 25, 2008 (Docket Entry # 22), as follows:

### Jurisdiction and Venue

1. Admitted.

2. Admitted.

### Factual Allegations

3. Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 3 of the *Amended Complaint*, and therefore denies the same in their entirety.

4.  Admitted.

5.  (a) Ecuabeverage denies that the mark of U.S. Trademark Registration No. 1,474,395 was registered on January 26, 1988, in the name of "Royal Signature, Inc." The original owner of U.S. Trademark Registration No. 1,474,395 was Banco del Pacifico S.A.;

(b) Ecuabeverage admits that Brooklyn Bottling is an "exclusive assignee" of U.S. Trademark Registration No. 1,474,395, but is presently unable to determine the validity of any such assignment to Brooklyn Bottling from Royal Signature, Inc., and therefore denies that Brooklyn Bottling is properly the owner of the mark of U.S. Trademark Registration No. 1,474,395;

(c) Ecuabeverage admits that U.S. Trademark Registration No. 1,474,395 is for the mark "TROPICAL PURO SABOR NACIONAL" for the goods recited as "soft drinks and flavored syrups used in the preparation of making soft drinks" in International Class 32, and was issued January 26, 1988, but denies the continuing validity and/or enforceability of U.S. Trademark Registration No. 1,474,395 and is therefore counter-claiming for cancellation of U.S. Trademark Registration No. 1,474,395, pursuant to 15 U.S.C. §§1115(b)(9) and 1119; and,

(d) Ecuabeverage denies any, and all, remaining allegations of ¶ 5 of the *Amended Complaint.*

6.  Ecuabeverage lacks sufficient information to form a belief as to the truth or falsity of the allegations of ¶ 6 of the *Amended Complaint*, and therefore denies the same

in their entirety.

7.  Ecuabeverage admits that Brooklyn Bottling is an "exclusive assignee" of U.S. Trademark Registration No. 1,474,395, but is presently unable to determine the validity of any such assignment to Brooklyn Bottling and therefore denies that Brooklyn Bottling is properly the owner of the mark of U.S. Trademark Registration No. 1,474,395.

8.  Denied.

9.  Denied.

10.  Denied.

11.  Ecuabeverage denies using the "registered mark," or any confusingly similar variation thereof, consequently, Ecuabeverage admits that it is "not the owner of the registered mark, nor has it received any authority to use the mark from ROYAL, the original registrant [sic] or BROOKLYN." Ecuabeverage further denies that Royal Signature, Inc. is the "original registrant" of the mark of U.S. Trademark Registration No. 1,474,395, as Brooklyn Bottling has alleged.

12.  Ecuabeverage denies the allegations of ¶ 12 of the *Amended Complaint*, except that Ecuabeverage admits to having received a "cease and desist letter" from Brooklyn Bottling's counsel.

13.  Ecuabeverage denies the allegations of ¶ 13 of the *Amended Complaint*, including any express or implied allegation that Ecuabeverage is using the phrase

-3-

"TROPICAL PURO SABOR NACIONAL," or any confusingly similar mark thereof, in

connection with the marketing of any goods, except that Ecuabeverage admits that it

received a "demand" from Brooklyn Bottling's counsel substantially consistent with how

that demand is paraphrased by Brooklyn Botting in ¶ 13 of the *Amended Complaint.*

## COUNT I

Trademark Infringement under §32 of the Trademark Act, 15 U.S.C. §1114

14. Paragraph No. 14 of the *Amended Complaint* merely "realleges," via

incorporation by reference, the allegations of ¶¶ 1 – 13 of the *Complaint* and Ecua-

beverage therefore reaffirms its answers to ¶¶ 1 – 13, as presented in this *First Amended

Answer and Counterclaims.*

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT II

Trademark Infringement under §32 of the Trademark Act, 15 U.S.C. §1114

19. Paragraph No. 19 of the *Amended Complaint* merely "realleges," via incorpo-

ration by reference, the allegations of ¶¶ 1 – 18 of the *Amended Complaint* and Ecuabev-

erage therefore reaffirms its answers to ¶¶ 1 – 18, as presented in this *First Amended Answer and Counterclaims.*

    20.  Denied.

    21.  Denied.

    22.  Denied.

    23.  Denied.

    24.  Denied.

<u>COUNT III</u>

<u>Unfair Competition under §43(a) of the Trademark Act, 15 U.S.C. §1125(a)</u>

    25.  Paragraph No. 25 of the *Amended Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 24 of the *Amended Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 24, as presented in this *First Amended Answer and Counterclaims.*

    26.  Ecuabeverage denies use of "the MARK" and cannot determine the scope or content of "other derivative marks," as alleged in ¶ 26 of the *Amended Complaint* and therefore denies the allegations of ¶ 26 of the *Amended Complaint* in their entirety.

    27.  Denied.

    28.  Denied.

<u>COUNT IV</u>

<u>Trade Dress Infringement under §43(a) of the Trademark Act, 15 U.S.C. §1125(a)</u>

29.  Paragraph No. 29 of the *Amended Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 28 of the *Amended Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 28, as presented in this *First Amended Answer and Counterclaims.*

30.  Ecuabeverage cannot determine the scope or content of "[t]he trade dress of the bottle and design affixed to the bottle by BROOKLYN," let alone whether any undisclosed "bottle and designed" that has been "affixed" to "the bottle" by Brooklyn Bottling has acquired secondary meaning, and therefore Ecuabeverage denies the indeterminable allegations of ¶ 30 of the *Amended Complaint* in their entirety.

31.  Ecuabeverage cannot determine the scope or content of the "trade dress" of the "two competing products," and therefore Ecuabeverage denies the indeterminable allegations of ¶ 31 of the *Amended Complaint* in their entirety.

32.  Ecuabeverage cannot determine the scope or content of the "appropriated features" of the "trade dress," let alone what might conceivably be those features of the indeterminable "trade dress" that are allegedly "primarily nonfunctional," and therefore Ecuabeverage denies the indeterminable allegations of ¶ 32 of the *Amended Complaint* in their entirety.

## COUNT V

### Unfair Competition under Common Law

34. Paragraph No. 34 of the *Amended Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 33 of the *Amended Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 33, as presented in this *First Amended Answer and Counterclaims*.

35. Denied.

36. Denied.

37. Denied.

## COUNT VI

### Prohibited Importation under 19 U.S.C. §1526; Tariff Act of 1930

38. Paragraph No. 38 of the *Amended Complaint* merely "realleges," via incorporation by reference, the allegations of ¶¶ 1 – 37 of the *Amended Complaint* and Ecuabeverage therefore reaffirms its answers to ¶¶ 1 – 37, as presented in this *First Amended Answer and Counterclaims*.

39. Ecuabeverage denies the legal allegations of ¶ 39 of the *Amended Complaint* that 19 U.S.C. §1526 "prohibits entry into the United States of any merchandise of foreign manufacturers if such merchandise bears a trademark owned by a citizen of, or by a corporation or association created or organized within, the United States, and registered

in the Patent and Trademark Office by a person domiciled in the United States unless
written consent of the owner of such trademark is produced at the time of making entry."
Title 19, U.S.C. §1526 requires that "a copy of the certificate of registration [be] filed
with the Secretary of the Treasury." Brooklyn Bottling has failed to allege compliance
with the foregoing prerequisite of 19 U.S.C. §1526, and has therefore failed to state a
claim upon which relief can be granted.

40. Ecuabeverage denies that Banco del Pacifico S.A., Royal Signature, Inc. or
any prior, or current, owner of U.S. Trademark Registration No. 1,474,395 has registered
"the Tropical mark" and denies that Brooklyn Bottling has any trademark registration for
the word mark "TROPICAL," *per se.* Ecuabeverage admits that it imports soft drinks
from Ecuador and that its soft drink goods include the descriptive term "tropical" on the
labels of many of their imported soft drink goods.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

1. Ecuabeverage is not using the mark "TROPICAL PURO SABOR
NACIONAL," or any confusingly similar variation thereof, and is therefore not
infringing upon the rights, if any, possessed by Brooklyn Bottling.

2. Neither Brooklyn Bottling, nor any predecessor-in-interest of the mark of U.S.

-8-

Trademark Registration No. 1,474,395, has registered the term "TROPICAL," *per se*, nor can Brooklyn Bottling, or any predecessor-in-interest, claim exclusive rights to the term "TROPICAL" for beverage goods or any goods related thereto.

3. Brooklyn Bottling has agreed with, and represented to, the United States Patent and Trademark Office that "TROPICAL" is "unregistrable" and "descriptive" of a beverage flavor, which estops Brooklyn Bottling from taking a contrary legal position before this Court.

4. Brooklyn Bottling and its counsel knew, or should have known, from a cursory review of the file wrapper for U.S. Trademark Registration No. 1,474,395, that the original owner of said trademark registration attempted to register "TROPICAL," *per se*, but was refused such registration by the U.S. Patent and Trademark Office. Brooklyn Bottling's representation made to this Court that it has a federal registration to the term "TROPICAL," *per se*, is false, deliberately misleading and constitutes "unclean hands" equitably barring Brooklyn Bottling from obtaining any form of relief from this Court.

5. Ecuabeverage has been continuously using the term "TROPICAL" in connection with the sale of its beverage goods in the United States since approximately 1994. Until Brooklyn Botting filed its *Complaint* in this Court on October 1, 2007, no predecessor-in-interest of the ownership and rights, if any, to the mark of U.S. Trademark Reg. No. 1,474,395 brought any legal processing against Ecuabeverage seeking to enjoin, or otherwise prevent or bar, Ecuabeverage from using the term "TROPICAL" in connection with the marketing of its beverage goods in the United States. The failure of any party

having prior ownership of U.S. Trademark Registration No. 1,474,395 to commence any

legal proceeding against Ecuabeverage for the alleged infringement of any trademark

rights now alleged by Brooklyn Bottling, in particular, but not limited to, Ecuabeverage's

use of the term "TROPICAL," *per se*, for a period of thirteen years, extending from 1994

through 2007, raises a presumption of laches, thereby equitably barring Brooklyn

Bottling from obtaining any form of relieve this Court.

     6.  Ecuabeverage uses "TROPICAL" as part of various trademarks in the market-

ing of its beverages.  "TROPICAL" is a descriptive term for the respective goods of the

parties, which Brooklyn Bottling has conceded to be the case to the Patent and Trade-

mark Office, to which no one single entity can claim exclusive trademark rights, and

which cannot support an allegation of any likelihood of confusion of marks used by the

respective parties to this action.

     7.  Brooklyn Bottling has alleged a claim of "prohibited importation" of goods

bearing a purported registered trademark, pursuant to 19 U.S.C. §1526, which requires

that "a copy of the certificate of registration [be] filed with the Secretary of the

Treasury."  Brooklyn Bottling has failed to allege compliance with the foregoing

prerequisite of 19 U.S.C. §1526, and has therefore failed to state a claim upon which

relief can be granted.

-10-

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

<u>Counterclaim for Cancellation of U.S. Trademark Registration No. 1,474,395
on the Ground That Brooklyn Bottling's Registration Has Become
Unenforceable Due to Laches</u>

1. This Court has jurisdiction over the subject matter of this counterclaim for
cancellation, pursuant to 15 U.S.C. §1119, which provides that: "In any action involving
a registered mark the court may determine the right to registration, order the cancelation
of registrations, in whole or in part, restore canceled registrations, and otherwise rectify
the register with respect to the registrations of any party to the action."

2. U.S. Trademark Registration No. 1,474,395 was issued by the United States
Patent and Trademark Office on January 26, 1988. (*First Amended Answer and Counter-
claims* – "Exhibit # 1")

3. Brooklyn Bottling alleges that it is the "exclusive assignee," and current
owner, of the registered trademark of U.S. Trademark Registration No. 1,474,395.

4. Brooklyn Bottling alleges that it acquired exclusive ownership of the mark of
U.S. Trademark Registration No. 1,474,395 from Royal Signature, Inc.

5. Brooklyn Bottling refers to Royal Signature, Inc. in its *Amended Complaint* (at
¶ 5) as the entity that "originally registered" the mark of U.S. Trademark Registration No.
1,474,395 on January 26, 1988.

6. Brooklyn Bottling refers to the registered trademark of U.S. Trademark Registration No. 1,474,395 in its *Amended Complaint* (at ¶ 40) as "the Tropical mark."

7. Brooklyn Bottling has represented to this Court and, upon information and belief, will continue representing to this Court that U.S. Trademark Registration No. 1,474,395 provides Brooklyn Bottling with exclusive trademark rights to the term "TROPICAL," *per se*, for beverage goods, including soft drinks.

8. Ecuabeverage has substantially continuously used the term "TROPICAL" on its product labels in connection with the sale and distribution of its beverage goods since approximately 1994, and continues doing so, has expended substantial resources in the marketing of its beverage goods that use the term "TROPICAL" and would be severely damaged and prejudiced if enjoined from using the word "TROPICAL" in the marketing of its beverage goods.

9. Between 1994 and Brooklyn Bottling's commencement of this civil action on October 1, 2007, neither Brooklyn Bottling, Royal Signature, Inc. nor any prior owner of U.S. Trademark Registration No. 1,474,395, without exception, commenced any type of legal proceeding against Ecuabeverage alleging trademark infringement of the mark of U.S. Trademark Registration No. 1,474,395.

10. The failure of Brooklyn Bottling, Royal Signature, Inc. and all other prior owners of U.S. Trademark Registration No. 1,475,395 to enforce the registered trademark of U.S. Trademark Registration No. 1,474,395 against Ecuabeverage for a thirteen-year

-12-

period extending from 1994 to 2007 raises a presumption of laches that renders U.S.
Trademark Registration No. 1,474,395 unenforceable and now bars Brooklyn Bottling
from asserting a claim for federal trademark infringement for allegedly infringing the
registered trademark of U.S. Trademark Registration No. 1,474,395 arising from Ecua-
beverage's use of "TROPICAL" for its beverage goods. *See, Conopco Inc. v. Campbell
Soup Co.*, 95 F.3d 187, 191, 40 USPQ2d 1042, 1044-1045 (2d Cir. 1996) (presumption of
laches arises after six-year delay).

11. Prejudicial delay in the enforcement of a federally registered mark against an
alleged infringer renders the federal trademark registration unenforceable on the ground
of laches, which constitutes a statutory basis for the cancellation of a federal trademark
registration, notwithstanding any claim to incontestable status, when the federal trade-
mark registration has become unenforceable due to laches. *See*, 15 U.S.C. §§1115(b)(9).

12. The cumulative prejudicial delays of all owners of U.S. Trademark Registra-
tion No. 1,474,395, in commencing trademark infringement proceedings against Ecua-
beverage for Ecuabeverage's substantially continuous use of "TROPICAL" from 1994
until the commencement of this civil action amounts to laches with respect to any trade-
mark rights that Brooklyn Bottling might have otherwise claimed from ownership of U.S.
Trademark Registration No. 1,474,395, thereby rendering Brooklyn Bottling's federal
trademark registration unenforceable and justifying cancellation of U.S. Trademark
Registration No. 1,474,395 for lack of timely enforcement and the unenforceability of
the alleged trademark rights amounting to laches.

-13-

13. U.S. Trademark Registration No. 1,474,395 should be cancelled, pursuant to 15 U.S.C. §§1115(b)(9), on the ground that the registered mark of U.S. Trademark Registration No. 1,474,395 and said registration have become unenforceable due to laches.

## SECOND COUNTERCLAIM

### Counterclaim for Cancellation of U.S. Trademark Registration No. 1,474,395 on the Equitable Ground of "Unclean Hands"

14. This Court has jurisdiction over the subject matter of this counterclaim for cancellation, pursuant to 15 U.S.C. §1119, which provides that: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

15. Brooklyn Bottling alleges that it is the "exclusive assignee," and current owner, of the mark of U.S. Trademark Registration No. 1,474,395.

16. The registered trademark of U.S. Trademark Registration No. 1,474,395 is the word mark "TROPICAL PURO SABOR NACIONAL" for goods recited as "soft drinks and flavored syrups used in the preparation of making soft drinks." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 2.

17. U.S. Trademark Registration No. 1,474,395 for the trademark "TROPICAL PURO SABOR NACIONAL" recites the following disclaimer: "NO CLAIM IS MADE

-14-

TO THE EXCLUSIVE RIGHT TO USE 'PURO SABOR,' APART FROM THE MARK AS SHOWN." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 3.

18. U.S. Trademark Registration No. 1,474,395 issued from U.S. Trademark Application Serial No. 489,879 (also written as Application Serial No. "73/489,879"), filed July 16, 1984. *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 4.

19. U.S. Trademark Application Serial No. 489,879, filed July 16, 1984, states (at Part II, ¶ 1) that: "The mark to be registered is: TROPICAL." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 5.

20. The "drawing" page of U.S. Trademark Application Serial No. 489,879, filed July 16, 1984, includes the following notation: "(Note: Application is made only for the registration of 'TROPICAL', not depicted in any special form.)" *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 6.

21. On September 10, 1985, the United States Patent and Trademark Office issued an Office Action for U.S. Trademark Application Serial No. 489,879 for the mark "TROPICAL," which stated, in part, that:

> "Registration is refused because the mark, when applied to the applicant's goods, so resembles the mark(s) cited below as to be likely to cause confusion,

-15-

or to cause mistake, or to deceive.  (Section 2(d) of the Trademark Act,
15 U.S.C. 1052(d); TMEP section 1205.) (See attached copies.)

"Reg. No(s). 882,567

"The respective marks are substantially similar in sound and appearance.  The
respective goods are identical."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 7.


22.  On March 5, 1986, Banco del Pacifico, the named Applicant, and then-owner,

of U.S. Trademark Application Serial No. 73/489,879, filed a "Response and Amend-

ment" to the Office Action, dated September 10, 1985, which stated (at ¶ 2) that:

"The Examiner refused registration of the Applicant's mark because
it so resembled the mark 'Tropicool' as to be likely to cause confusion, or to
cause mistake, or to deceive.  After reviewing the Examiner's comments, the
Applicant hereby amends the mark to read 'Tropical Puro Sabor Nacional'
(the 'Amended Mark'), and in doing so, submits that the Amended Mark, with
regard to 'Tropicool,' is no longer likely to cause mistake, confusion, or to
deceive;"

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 8.


23.  "Brooklyn Bottling Corporation" is listed as the owner of U.S. Trademark

Registration No. 1,899,104, issued June 13, 1995, for the trademark "TROPICAL

FANTASY," for goods listed as "SOFT DRINKS." *See*, Ecuabeverage's *Statement of*

*Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II*

*and VI* – Statement # 10.


24.  "Brooklyn Bottling Corporation" is now known as "Brooklyn Bottling of

Milton, New York, Inc.," the Plaintiff in the above-captioned civil action. *See*, Ecua-

beverage's *Statement of Material Facts in Support of its Motion for Partial Summary*

*Judgment on Counts I, II and VI* – Statement # 11.


25.  U.S. Trademark Registration No. 1,899,104 issued from U.S. Trademark

Application Serial No. 74/104,891, filed October 11, 1990. *See*, Ecuabeverage's *State-*

*ment of Material Facts in Support of its Motion for Partial Summary Judgment on Counts*

*I, II and VI* – Statement # 12.


26.  The United States Patent and Trademark Office issued an Office Action for

U.S. Trademark Application Serial No. 74/104,891 for the mark "TROPICAL

FANTASY," which stated, in part, (at page 2) that:

> "The applicant must disclaim the descriptive wording 'Tropical' apart from
> the mark as shown.  Trademark Act Section 6, 15 U.S.C. Section 1056;
> TMEP sections 904.02(a) and (e).  The wording is merely descriptive
> because it is a flavor designation."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 13.


27.  The Trademark Trial and Appeal Board issued a decision in *In re Brooklyn*

*Bottling Corporation* for U.S. Trademark Application Serial No. 74/104,891, which

states (at page 2) that:

> "The Examining Attorney has also required a disclaimer of the word
> 'TROPICAL,' arguing that this term is merely descriptive of the flavor
> of applicant's [Brooklyn Bottling Corporation's] soft drinks.  At oral
> hearing, applicant's attorney offered to disclaim the word 'TROPICAL'
> to remove this as an issue before us."

-17-

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 17.

28. The Trademark Trial and Appeal Board issued a "Decision" in *In re Brooklyn*

*Bottling Corporation* for U.S. Trademark Application Serial No. 74/104,891, which

states (at page 9) that:

> "Decision: The refusal of registration under Section 2(d) [on the ground of likelihood of confusion] is reversed but the requirement for a disclaimer is affirmed. Applicant is allowed until thirty days from the date of this opinion in which to submit the required disclaimer."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 18.

29. On February 4, 1994, Brooklyn Bottling Corporation filed an "Amendment"

for U.S. Trademark Application Serial No. 74/104,891, entering a disclaimer of the word

"TROPICAL" apart from the mark as shown, and further stated that:

> "On January 26, 1994, the Trademark Trial and Appeal Board reversed the Examiner's refusal to register the subject mark ["TROPICAL FANTASY"] under Section 2(d) of the Lanham Act. However, the Board required that in order to proceed to registration, a disclaimer of 'Tropical' should be filed within thirty days from the date of the opinion. This amendment submits the required disclaimer."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 19.

30. On March 15, 1994, the Trademark Trial and Appeal Board, for Trademark

Application Serial No. 74/104,891, issued a paper which stated, in part, that:

> "On February 4, 1994, applicant [Brooklyn Bottling Corporation]

submitted a disclaimer of the word 'TROPICAL' apart from the mark. The disclaimer is hereby entered. In view of the submission of this disclaimer, the application will be forwarded for publication in due course."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 20.

31. U.S. Trademark Registration No. 1,899,104, issued June 13, 1995, for the trademark "TROPICAL FANTASY" recites the following disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'TROPICAL,' APART FROM THE MARK AS SHOWN." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 21.

32. "BROOKLYN BOTTLING OF MILTON, NY, INC." is listed as the owner of U.S. Trademark Registration No. 3,284,223, issued August 28, 2007, for the trademark "Tropical Fantasy TF Extreme Energy Drink," for goods listed as "ENERGY DRINKS, SOFT DRINKS, FRUIT JUICE COCKTAILS, FRUIT JUICES, VEGETABLE JUICE COCKTAILS, VEGETABLE JUICES AND BOTTLED WATER." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 22.

33. U.S. Trademark Registration No. 3,284,223 issued from U.S. Trademark Application Serial No. 76/666,940, filed October 3, 2006. *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 23.

34. The United States Patent and Trademark Office issued an Office Action for

U.S. Trademark Application Serial No. 76/666,940 for the mark "Tropical Fantasy TF

Extreme Energy Drink,," which stated, in part, (at page 2) that:

"**DISCLAIMER**

"The applicant [Brooklyn Bottling] must insert a disclaimer of TROPICAL
and ENERGY DRINK in the application.  Trademark Act Section 6, 15 U.S.C.
§1056; TMEO §§1213 and 1213.08(a)(i).

"A properly worded disclaimer should read as follows:

"No claim is made to the exclusive right to use TROPICAL and
ENERGY DRINK apart from the mark as shown.

"TROPICAL is commonly used to describe beverage flavor.  (See attached
material from the Internet).  Applicant identifies 'energy drinks' in its
identification of goods.  Its specimen of record demonstrates that the mark is
used on tropical flavored energy drinks.  Therefore, the terms are descriptive
and must be disclaimed."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 24.

35. The United States Patent and Trademark Office issued an Office Action for

U.S. Trademark Application Serial No. 76/666,940 for the mark "Tropical Fantasy TF

Extreme Energy Drink,," which included the statement (at page 2) that:

"A 'disclaimer' is a statement that applicant does not claim
exclusive rights to an unregistrable component of a mark."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 25.

36. By letter dated February 28, 2007, Bruce E. Colfin of Jacobson & Colfin,

-20-

P.C., on behalf of Brooklyn Bottling, replied to the Office Action, dated February 23,

2007, for U.S. Trademark Application Serial No. 76/666,940, which letter stated, in part,

that:

> "**DISCLAIMER**
>
> > "No claim is made to the exclusive right to use TROPICAL
> > and ENERGY DRINK apart from the mark as shown."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 26.

37.  U.S. Trademark Registration No. 3,284,223, issued August 28, 2007, for

the trademark "Tropical Fantasy TF Extreme Energy Drink" and recites the following

disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE

TROPICAL AND ENERGY DRINK APART FROM THE MARK AS SHOWN."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 27.

38.    On February 28, 2007, Bruce E. Colfin of Jacobson & Colfin, P.C., on

behalf of Brooklyn Bottling, disclaimed any exclusive right to use "TROPICAL" after

the Patent and Trademark Office explained that "TROPICAL is commonly used to

describe beverage flavor."

39.  Brooklyn Bottling refers to the registered trademark of U.S. Trademark

Registration No. 1,474,395 in its *Amended Complaint* (at ¶ 40) as "the Tropical mark."

40.  Brooklyn Bottling has represented to this Court and, upon information and

belief, will continue representing to this Court that U.S. Trademark Registration No.
1,474,395 provides Brooklyn Bottling with exclusive trademark rights to the term
"TROPICAL," *per se*, for beverage goods, including soft drinks.

41.  Brooklyn Bottling knew, or should have known, from a review of the file
wrapper for U.S. Trademark Registration No. 1,474,395, that  Banco del Pacifico S.A.,
the original owner of said trademark registration, attempted to register "TROPICAL,"
*per se*, but was refused such registration by the U.S. Patent and Trademark Office.

42.  Upon being refused registration of its application to register "TROPICAL,"
*per se*, Banco del Pacifico S.A. amended its trademark application to instead seek regis-
tration of the trademark "TROPICAL PURO SABOR NACIONAL."

43.  Brooklyn Bottling's representation made to this Court that U.S. Trademark
Registration No. 1,474,395 provides Brooklyn Bottling with exclusive trademark rights
to the term "TROPICAL," *per se*, for beverage goods, including soft drinks. is know-
ingly and objectively false, deliberately misleading and a material misrepresentation of
law and fact constituting "unclean hands" by Brooklyn Bottling in its enforcement of
U.S. Trademark Registration No. 1,474,395. *See, e.g.*, *Goldstein v. Delgratia Mining
Corp.*, 176 F.R.D. 454, 458 (S.D.N.Y. 1997) ("unclean hands" defense successful where
plaintiff made misrepresentations to court regarding law and facts).

44.  The application of "equitable principles" provides a statutory basis for
the cancellation of a federal trademark registration, notwithstanding any claim to

-22-

incontestable status. *See*, 15 U.S.C. §§1115(b)(9).

45. U.S. Trademark Registration No. 1,474,395 should be cancelled, pursuant to

15 U.S.C. §§1115(b)(9), under the equitable doctrine of "unclean hands" arising from the

knowingly and objectively false, deliberately misleading, material misrepresentation of

law and fact made to this Court by Brooklyn Bottling in Brooklyn Bottling's attempt to

enforce the mark of U.S. Trademark Registration No. 1,474,395 against Ecuabeverage.

### THIRD COUNTERCLAIM

<u>Counterclaim for Cancellation of U.S. Trademark Registration No. 2,844,369
for the Trademark "TROPICAL FANTASY"
for Failure to Disclaim the Descriptive Term "TROPICAL"</u>

46. This Court has jurisdiction over the subject matter of this counterclaim for

cancellation, pursuant to 15 U.S.C. §1119, which provides that: "In any action involving

a registered mark the court may determine the right to registration, order the cancelation

of registrations, in whole or in part, restore canceled registrations, and otherwise rectify

the register with respect to the registrations of any party to the action."

47. Brooklyn Bottling's *Amended Complaint*, Count III, alleges a cause of action

for federal unfair competition, pursuant to 15 U.S.C. §1125(a), arising from Ecuabever-

age's use of the registered trademark of U.S. Trademark Registration No, 1,474,395 and

"other derivative marks."

48. U.S. Trademark Registration No. 2,844,369, for the trademark "TROPICAL

FANTASY," was issued to "Brooklyn Bottling Co. of Milton, N.Y." on May 25, 2004,

-23-

and includes "FRUIT JUICES AND FRUIT FLAVORED SOFT DRINKS" among the

goods recited in said federal trademark registration. (*First Amended Answer and Counter-*

*claims* – "Exhibit # 2")

49.  U.S. Trademark Registration No. 2,844,369 recites a claim of ownership to

U.S. Trademark Registration No. 1,899,104.

50.  U.S. Trademark Registration No. 1,899,104 issued from U.S. Trademark

Application Serial No. 74/104,891, filed October 11, 1990. *See,* Ecuabeverage's *State-*

*ment of Material Facts in Support of its Motion for Partial Summary Judgment on Counts*

*I, II and VI* – Statement # 12.

51.  The United States Patent and Trademark Office issued an Office Action for

U.S. Trademark Application Serial No. 74/104,891 for the mark "TROPICAL

FANTASY," which stated, in part, (at page 2) that:

> "The applicant must disclaim the descriptive wording 'Tropical' apart from
> the mark as shown.  Trademark Act Section 6, 15 U.S.C. Section 1056;
> TMEP sections 904.02(a) and (e).  The wording is merely descriptive
> because it is a flavor designation."

 *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 13.

52.  The Trademark Trial and Appeal Board issued a decision in *In re Brooklyn*

*Bottling Corporation* for U.S. Trademark Application Serial No. 74/104,891, which

states (at page 2) that:

> "The Examining Attorney has also required a disclaimer of the word

'TROPICAL,' arguing that this term is merely descriptive of the flavor of applicant's [Brooklyn Bottling Corporation's] soft drinks. At oral hearing, applicant's attorney offered to disclaim the word 'TROPICAL' to remove this as an issue before us."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 17.

53. The Trademark Trial and Appeal Board issued a "Decision" in *In re Brooklyn*

*Bottling Corporation* for U.S. Trademark Application Serial No. 74/104,891, which

states (at page 9) that:

"Decision: The refusal of registration under Section 2(d) [on the ground of likelihood of confusion] is reversed but the requirement for a disclaimer is affirmed. Applicant is allowed until thirty days from the date of this opinion in which to submit the required disclaimer."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 18.

54. On February 4, 1994, Brooklyn Bottling Corporation filed an "Amendment"

for U.S. Trademark Application Serial No. 74/104,891, entering a disclaimer of the word

"TROPICAL" apart from the mark as shown, and further stated that:

"On January 26, 1994, the Trademark Trial and Appeal Board reversed the Examiner's refusal to register the subject mark ["TROPICAL FANTASY"] under Section 2(d) of the Lanham Act. However, the Board required that in order to proceed to registration, a disclaimer of 'Tropical' should be filed within thirty days from the date of the opinion. This amendment submits the required disclaimer."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial*

*Summary Judgment on Counts I, II and VI* – Statement # 19.

55. On March 15, 1994, the Trademark Trial and Appeal Board, for Trademark Application Serial No. 74/104,891, issued a paper which states, in part, that:

> "On February 4, 1994, applicant [Brooklyn Bottling Corporation] submitted a disclaimer of the word 'TROPICAL' apart from the mark. The disclaimer is hereby entered. In view of the submission of this disclaimer, the application will be forwarded for publication in due course."

*See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 20.

56. U.S. Trademark Registration No. 1,899,104, issued June 13, 1995, for the trademark "TROPICAL FANTASY" recites the following disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'TROPICAL,' APART FROM THE MARK AS SHOWN." *See*, Ecuabeverage's *Statement of Material Facts in Support of its Motion for Partial Summary Judgment on Counts I, II and VI* – Statement # 21.

57. On February 28, 2007, in furtherance of the prosecution of U.S. Trademark Application Serial No. 76/666,940 which issued as U.S. Trademark Registration No. 3,284,223 on August 28, 2007, Bruce E. Colfin of Jacobson & Colfin, P.C., on behalf of Brooklyn Bottling, disclaimed any exclusive right to use "TROPICAL" after the Patent and Trademark Office explained that "TROPICAL is commonly used to describe beverage flavor."

58. U.S. Trademark Registration No. 2,844,369 for the trademark "TROPICAL FANTASY" does not include a disclaimer to the term "TROPICAL."

59. U.S. Trademark Registration No. 2,844,369 was issued less than five years

ago, includes no claim to incontestable status, and should be cancelled on the ground that

"TROPICAL" constitutes an undisclaimed portion of the "TROPICAL FANTASY"

trademark of U.S. Trademark Registration No. 2,844,369 that is merely descriptive of

Brooklyn Bottling's goods recited in U.S. Trademark Registration No. 2,844,369 as

"FRUIT JUICES AND FRUIT FLAVORED SOFT DRINKS," and that the "TROPICAL

FANTASY trademark of U.S. Trademark Registration No. 2,844,369 should not have

been registered without a disclaimer of "TROPICAL." *See*, *Kellogg Co. v. Pack'Em*

*Enterprises Inc.*, 14 USPQ2d 1545, 1549 (T.T.A.B. 1990).

## FOURTH COUNTERCLAIM

### Counterclaim for "False Advertising" under 15 U.S.C. §1125(a)

60. This is a counterclaim for "false advertising" arising under §43(a) of the
Trademark Act, 15 U.S.C. §1125(a).

61. This Court has jurisdiction over the subject matter of this counterclaim for
"false advertising" pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338(a).

62. Brooklyn Bottling's *Amended Complaint* (at ¶ 4) states that Brooklyn
Bottling is a "soft drink bottling company and distributor of soft drinks."

63. Ecuabeverage markets beverage products and is a competitor of Brooklyn
Bottling.

64. Brooklyn Bottling has stated in the *Ecuador News* at pp. 50-51 (March

-27-

5 – 11, 2008), nationally circulated in the United States, that Ecuabeverage uses Brooklyn Bottling's labels on Ecuabeverage's beverage products in an improper effort by Brooklyn Bottling to commercially promote Brooklyn Bottling's commercial interests and to disadvantage the legitimate commercial interests of Ecuabeverage.  (*First Amended Answer and Counterclaims* – "Exhibit # 3")

65.  Brooklyn Bottling's statement that Ecuabeverage uses Brooklyn Bottling's labels on Ecaubeverage's beverage products, as Brooklyn Bottling has stated in the *Ecuador News* at pp. 50-51 (March 5-11 2008), is misleading and literally false, either explicitly or under the "false by necessary implication" doctrine.

66.  Brooklyn Bottling has stated in the *Ecuador News* at pp. 50-51 (March 5 – 11, 2008) that Ecuabeverage's beverage products are harmful in an improper effort by Brooklyn Bottling to commercially promote Brooklyn Bottling's commercial interests and to disadvantage the legitimate commercial interests of Ecuabeverage.

67.  Brooklyn Bottling's statement that Ecuabeverage's beverage products are harmful, as Brooklyn Bottling has stated in the *Ecuador News* at pp. 50-51 (March 5-11 2008), is misleading and literally false, either explicitly or under the "false by necessary implication" doctrine.

68.  Brooklyn Bottling's misleading and literally false statements are deceptive and therefore have the tendency to device, and have deceived, a substantial portion of the relevant purchasing public of Ecuabeverage's beverage products, and are likely to

-28-

continue deceiving a substantial portion of the relevant purchasing public of Ecuabeverage's products.

69.   Brooklyn Bottling's misleading, literally false and deceptive statements made against Ecuabeverage and its beverage products is material and is therefore likely to influence the purchasing decisions of a substantial portion of the relevant purchasing public of Ecuabeverage's beverage products.

70.   Ecuabeverage's beverage products travel in interstate commerce and in foreign commerce subject to regulation by Congress and Brooklyn Bottling's misleading, literally false and deceptive statements made against Ecuabeverage and its beverage products, upon information and belief, affects interstate commerce and foreign commerce subject to regulation by Congress.

71.   Ecuabeverage has been damaged, and is likely to continue being damaged, by Brooklyn Bottling's misleading, literally false and deceptive statements made against Ecuabeverage and its beverage products, either by direct diversion of sales to Brooklyn Bottling and/or by a lessening of goodwill associated with Ecuabeverage's products.

72.   Brooklyn Bottling's misleading, literally false and deceptive statements made against Ecuabeverage in the *Ecuador News* at pp. 50-51 (March 5 – 11, 2008) constitute "false advertising" in violation of §43(a) of the Trademark Act, 15 U.S.C. §1125(a), entitling Ecuabeverage to injunctive relief and monetary damages.

-29-

## FIFTH COUNTERCLAIM

### Counterclaim for Deceptive Trade Acts or Practices
### under the New York General Business Law, §349

73.  This is a counterclaim for deceptive trade acts or practices under the New York General Business Law, §349.

74.  This Court has jurisdiction over the subject matter of this counterclaim for deceptive trade acts or practices brought under the New York General Business Law, §349, pursuant to 28 U.S.C. §1338(b) and/or this Court's supplemental jurisdiction under 28 U.S.C. §1367.

75.  New York General Business Law, §349, makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *See*, *Pelman v. McDonald's Corporation*, 396 F.3d 508 (2d Cir. 2005)

76.  Ecuabeverage repeats and realleges the allegations of ¶¶ 62 – 71 of Ecuabeverage's *Fourth Counterclaim*, as if fully set forth herein.

77.  Brooklyn Bottling's misleading, literally false and deceptive statements made against Ecuabeverage in the *Ecuador News* at pp. 50-51 (March 5 – 11, 2008) constitute deceptive trade acts or practices in violation of §349 of the New York General Business Law, entitling Ecuabeverage to injunctive relief and monetary damages.

-30-

WHEREFORE, Defendant Ecuabeverage Corporation requests that:

I. Judgment be entered in favor of Defendant Ecuabeverage Corporation on all Counts asserted by Plaintiff Brooklyn Bottling of Milton, New York, Inc. in the *Amended Complaint*, entered March 25, 2008 (Docket Entry # 22), and that the Court dismiss, with prejudice, all Counts of the *Amended Complaint*.

II. Judgment be entered in favor of Defendant Ecuabeverage Corporation on all Counterclaims asserted against Plaintiff Brooklyn Bottling of Milton, New York, Inc., and that:

(a) U.S. Trademark Registration No. 1,474,395, for the trademark "TROPICAL PURO SABOR NACIONAL," be held "unenforceable" and cancelled on the ground of laches and/or be cancelled under the equitable doctrine of "unclean hands";

(b) U.S. Trademark Registration No. 2,844,369, for the trademark "TROPICAL FANTASY," be cancelled for failure to include a disclaimer of the descriptive term "TROPICAL";

(c) Plaintiff Brooklyn Bottling of Milton, New York, Inc. be adjudged to have committed "false advertising" under §43(a) of the Trademark Act, 15 U.S.C. §1125(a); and,

(d) Plaintiff Brooklyn Bottling of Milton, New York, Inc. be adjudged to have committed deceptive trade acts or practices under §349 of the General Business Law of the State of New York.

III. Plaintiff Brooklyn Bottling of Milton, New York, Inc. be preliminarily and permanently enjoined from the commission of further acts of "false advertising" and

deceptive trade acts or practices against Defendant Ecuabeverage Corporation.

     IV. Plaintiff Brooklyn Bottling of Milton, New York, Inc. be accessed damages, and monetarily compensate Defendant Ecuabeverage Corporation for harm caused to Defendant Ecuabeverage Corporation, resulting from acts of "false advertising" and deceptive trade acts or practices committed by Plaintiff Brooklyn Bottling of Milton, New York, Inc. against Defendant Ecuabeverage Corporation.

     V. Defendant Ecuabeverage Corporation be awarded its reasonable attorney fees, pursuant to 15 U.S.C. §1117(a), this action being "exceptional" within the meaning of that statutory provision.

     VI. Defendant Ecuabeverage Corporation be awarded such further relief as this Court deems justified and appropriate under the circumstances.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: April 3, 2008       By _____

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York 11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
          EDSchindler@optonline.net

-32-

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete,

copy of Defendant Ecuabeverage Corporation's *First Amended Answer and Counter-*

*claims* upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York,

Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on April 3, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*