UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
BROOKLYN BOTTLING OF MILTON,       :
NEW YORK, INC.,                                 :     Index No. 07 CIV 8483
                Plaintiff,               :
                                                           :
                                                           :
   -against-                                    :     AFFIDAVIT IN OPPOSITION
                                                           :
ECUABEVERAGE, CORP.                     :
                Defendant.            :
--------------------------------------------------------X


STATE OF NEW YORK      )
                                             )ss:
COUNTY OF KINGS         )

      ERIC MILLER, being duly sworn, deposes and swears under the penalty of perjury that:

      1. I am President of the Plaintiff, Brooklyn Bottling Company of Milton, New York, Inc., ("Brooklyn Bottling").

      2. I am fully familiar with the facts of this matter and I respectfully submit this affidavit in Opposition to the Defendant's Motion for Partial Summary Judgment.

      3. Defendant Ecuabeverage, Corp., uses marks in trade that are so confusingly similar to Plaintiff's TROPICAL PURO SABOR NACIONAL trademark which has been registered with the United States Patent and Trademark Office that their marks are likely to cause confusion in the marketplace for the beverage products Plaintiff manufactures and distributes.

4. It is Defendant's intention to cause confusion between their beverage product and beverage products whose fame and tradename originated in Ecuador.

5. Defendant's use of these confusingly similar marks cause actual confusion among consumers in the marketplace and is likely to continue to cause confusion.

6. The consumers of this beverage are typically Ecuadorian nationals and individuals of Ecuadorian descent. Plaintiff's brand is an extremely popular beverage in Ecuador and many immigrants and their extended families drink the beverage here in the United States.

7. Plaintiff's brand is the most popular flavored soft drink in Ecuador and has significant recognition world-wide amongst Ecuadorians.

8. Attached herewith as Exhibit "A" is a photograph consisting of a can of a beverage produced and distributed by Plaintiff, and a bottle of a beverage produced and distributed by Defendant.

    A) Note the almost exact use of the same coloring, the similar usage and placement of the word Tropical, and the almost exact language, albeit Defendant's is a very close translation.

    B) Plaintiff's mark is TROPICAL PURO SABOR NACIONAL, as used in commerce, in total. Defendants uses the words PURE instead of PURO, FLAVOR instead of SABOR, and significantly refers to Ecuador, the National home of the predominant consumer of the product.

    C) Taken all together, Defendant's labeling is intended to and is likely to, cause continuing confusion, between Plaintiff, the owner of a registered mark, and Defendant, in the

market place as to the source of the products sold.

9.  The color of the beverage product itself is likely to cause confusion. The Plaintiff's Trademark bearing Tropical strawberry flavor beverage is light red; whereas, normally strawberry flavored beverages are dark red.

10. Defendant intentionaly colors its beverages so they appear the same as Plaintiff's in the store.,

11. These are examples of the Defendant's intentional course of conduct which led Plaintiff to commence this action.

12  According to the records maintained by the United States Patent and Trademark Office, the date of first use in commerce of the trademark TROPICAL PURO SABOR NACIONAL was attested to be April 19, 1966.

13. The Trademark was subsequently registered on January 26, 1988 by Banco Del Pacifico, S.A.

14. Subsequently to the filing of the proper documents, the Trademark was deemed by the U. S. Patent and Trademark Office to be incontestible as of May 23, 1994. (See Exhibit "B" Prosecution History)

15. Through a series of assignments, Royal Signature Inc. became the registered owner of the mark on December 12, 2006. The Trademark Assignment Abstract of Title has been attached as Exhibit "C" hereto.

16. Prior to this lawsuit, Plaintiff had licensed the mark from Royal Signature Inc. and marketed the beverage under the trademark.

17. Royal Signature Inc. ultimately assigned the mark to Plaintiff, the assignment having been recorded with the U.S. Patent & Trademark Office on February 15, 2008.

18. Plaintiff is now the registered owner of the mark and has continued marketing the beverage.

19. It is my understanding that The U. S. Patent & Trademark Office will only register marks that it believes will not cause confusion among consumers with regard to other registered marks.

20. It is also my understanding that a Trademark is looked upon as a whole, greater than the sum of its individual parts or elements.

21. Although no one element of Plaintiff's mark may be considered to be of any value as a mark, in and of itself, taken as a whole, the registered trademark has been used continuously in interstate commerce for more than forty years.

22. Taken as a whole, the mark has considerable strength and is considered incontestable.

23. Defendant's use of its mark actually confuses the consumer as to the source of the goods. The Ecuadorians and Ecuadorian - American consumers that enjoy this drink are confused as to which is the actual Ecuadorian based product.

24. As licensee and now as Assignee of the Trademark I have observed, and continue to observe, confusion between Plaintiff and Defendant as to the source of the confusingly similar beverage product in the marketplace.

25. My salespeople and field staff have observed confusion between Plaintiff and Defendant as to the source of these confusingly similar beverage products in the marketplace.

26. Additionally, Defendant has apparently been purchasing in Ecuador, bottles of the beverage upon which is Plaintiff's registered trademark, has been importing same into the United States, and upon importing same into the United States, has affixed its own information label as the source of the product. (See attached exhibit "D")

27. Defendant's continued use of Plaintiff's marks in this manner are intended to cause further confusion with Plaintiff's mark and causes damage to Plaintiff's reputation.

28. Defendant may be actually using Plaintiff's label and Trademark to develop recognition in the marketplace for the consumer to think that Plaintiff's product's are created for and distributed by Defendant.

Accordingly, I respectfully ask that this Court deny Defendant's motion for partial summary judgement on the First, Second and Sixth Causes of Action of the Amended Complaint.

Brooklyn Bottling of Milton, New York, Inc.

_____
Eric Miller, President

Sworn to before me
this __10__ day of April, 2008

_____
Notary Public

EDDY R. SALDANA
Notary Public, State of New York
No. 01SA6123798
Qualified in Queens County
Comission Expires March 14, 2009

cli/lit/ECUAbevMillafdoppsumj