```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
BROOKLYN BOTTLING OF MILTON,        :
NEW YORK, INC.,                     :     07 CIV 08483 (AKH)
                    Plaintiff,      :
                                    :
                                    :
                                    :
         -against-                  :     AFFIRMATION IN OPPOSITION
                                    :     TO DEFENDANT'S MOTION FOR
                                    :     PARTIAL SUMMARY JUDGEMENT
ECUABEVERAGE, CORP.                 :
                    Defendant.      :
---------------------------------------------------X

STATE OF NEW YORK      )
                       )ss:
COUNTY OF NEW YORK     )
```

JEFFREY E. JACOBSON, a member of the Bar of the State of New York and this Court, deposes and swears under the penalty of perjury that:

1. I am Counsel for Brooklyn Bottling Company of Milton, New York, Inc., ("Brooklyn Bottling") as well as North Shore Bottling Co., Inc. ("North Shore").

2. I am fully familiar with the facts of this matter and I respectfully submit this Affirmation in Opposition to Defendant Ecuabeverage's Motion for Partial Summary Judgement on the First, Second and Sixth Causes of Action in the Amended Complaint.

3. Defendant's Motion for Partial Summary Judgement is with specific regard only to the federal trademark registered with the United States Patent and Trademark Office ("USPTO") for TROPICAL PURO SABOR NACIONAL, ("the MARK"), in class 032 for soft drinks and flavored syrups used in the preparation of making soft drinks. The MARK was originally registered on January 26, 1988, given registration number 1474395; and was

subsequently assigned to Plaintiff.

    4. Defendant's Statement of Material Facts in Support of its motion for partial summary with its litany of disclaimers, waivers, and amendments pursuant to requirements of the U.S. Patent and Trademark Office would have the Court divert its attention from one significant material fact in each instance, that although the Plaintiff may have disclaimed, or waived, the exclusive right to use a specific word as a requirement by the U.S. P. & T. O. to grant registration, such was typically for use of that specific word or two, APART FROM THE MARK AS SHOWN.

    5. Those waivers, amendments and requirements do not affect the fact that the Plaintiff's Trademark, in total, was registered, and granted all the rights accorded to a registered trademark. The Trademark was ultimately deemed incontestible by the filing of proper paperwork fourteen years ago in 1994.

    6. The U.S. Patent & Trademark Office grants an exclusive right to use a particular mark in the context of the whole mark. Please refer to Plaintiff's Memorandum section entitled "A TRADEMARK IS VIEWED IN ITS TOTALITY, NOT IN ITS PARTS."

    7. Plaintiff does not claim an exclusive right to any single word comprising a part of its registered trademark.

    8. Plaintiff does claim that Defendant's use of marks, including in some instances just one word separate from others, are used in such a fashion as to be likely to cause confusion in the marketplace.

    9. The question then remains for a trier of facts to determine, is whether Defendant's use of its own marks and designs in commerce, for similar goods, is likely to cause confusion, or

does cause confusion, with Plaintiff's valid, registered, and incontestable mark.

10. That question, is not a matter of law.

11. There are no depositions, answers to interrogatories or admissions on file. Whether or not such other factual issues exist has yet to be determined through testimony or production of documents. There are numerous factual issues that need to be determined.

12. Plaintiff believes and contends that it is much too early in the prosecution of this matter to entertain, let alone grant, a motion for even partial summary judgement.

13. Defendant has not raised any defenses to Plaintiff's allegations, but only argues that the TROPICAL PURO SABOR NACIONAL mark does not warrant trademark protection, despite the fact that the mark is a trademark registered by the United States Patent and Trademark Office, and was subsequently determined to be incontestible as of May 23, 1994.

14. Defendant's attack on the separate elements of the mark are without merit. The Trademark Office has recognized and registered the TROPICAL PURO SABOR NACIONAL mark in its entirety and not in its solitary elements.

15. Before the mark could even be registered, the applicant had to use the mark in trade in association with the goods themselves, submit a valid trademark application, satisfy any objections raised by the examining attorney to that application and the use of the mark and only then could the mark be published for opposition purposes.

16. The mark is subsequently published for opposition so that anyone who does not think the mark should be granted trademark registration can object to the registration of the mark. Only after the mark has been published for opposition purposes and is unopposed can it actually be registered.

17. However, even the Defendant's own motion raises issues of material fact that have not been determined prior to the instant motion for partial summary judgment.

18. The Trademark Office answers the question "What is a trademark?" with the following response: A trademark includes any word, name, symbol, or device, or any combination, used, or intended to be used, in commerce to identify and distinguish the goods of one manufacturer or seller from goods manufactured or sold by others, and to indicate the source of the goods. In short, a trademark is a brand name.

19. According to the Trademark Office, the mark is used to identify and distinguish the goods of one manufacturer or seller from goods manufactured or sold by others.

20. By a quick visual comparison of the Defendant's label and the Plaintiff's label for tropical flavored sodas, it appears that the Defendant has intentionally chosen a label design and a brand name that makes it difficult for consumers to identify and distinguish the Plaintiff's goods from the Defendant's goods. This appears to be an intentional and calculated act.

21. Whether the Defendant has chosen a label (trade dress) and brand (trademark) which intentionally causes confusion among consumers is a question of fact that has yet to be determined.

22. Whether the Defendant has chosen a label and brand name which incidentally causes confusion among consumers is a question of fact which has yet to be determined. It is Plaintiff's position, as seen in the accompanying affidavit of Eric Miller, that confusion between the Plaintiff's brand and the Defendant's brand is the aim of the Defendant's use of its coloration and placement of their mark.

23. Despite Defendant's motive in choosing their label and brand, the ultimate question

of fact is whether consumers will be confused by the similarity of Defendant's label and brand to the Plaintiff's label and brand.

24. Despite the Defendant's attempt to discredit the Plaintiff's trademark, the fact remains, and the Defendant's acknowledge, that Plaintiff is the registered owner (the exclusive assignee) of the TROPICAL PURO SABOR NACIONAL mark. (Please refer to paragraph 1 of Defendant's Statement of Material Facts.)

25. The fact also remains that the United States Patent and Trademark Office has duly examined the application for this mark, determined that it should be recognized as a valid trademark, issued a registration certificate for the mark and consequently accorded it all the rights and protections of a validly registered trademark.

26. Defendants analysis of the mark and its application is irrelevant. The mark has been in use in commerce in the United States since at least as early as 1988. Whatever shortcoming the mark may have had, and the Plaintiff does not concede that the mark had any, and are now irrelevant due to the mark's continuous use in commerce.

27. Just by being used continuously in the marketplace for such a long period of time, the registered owners of the TROPICAL PURO SABOR NACIONAL mark have strengthened the mark and continuously created good will in association with its Trademark.

28. Neither the Trademark Office nor the consumers look at the single elements of the mark; they look at the mark as a whole.

29. The mark is TROPICAL PURO SABOR NACIONAL. The mark is not TROPICAL + PURO + SABOR + NACIONAL.

30. Even the Trademark Office recognized that the totality of the mark, when it required

that the applicant for this mark disclaim the exclusive right to use PURO SABOR separately from the mark as shown.

31. However, the Trademark Office does recognize that the registered owner of the mark has the exclusive right to use the mark TROPICAL PURO SABOR NACIONAL.

32. The validity of the TROPICAL PURO SABOR NACIONAL mark is not a question of fact, but the Defendant's use of this mark or any similar mark raises numerous questions of fact that have not been addressed.

33. Additionally, even if the Defendant does not use the Plaintiff's mark and trade dress in its entirety, the Defendant may still be liable for infringing the Plaintiff's mark and trade dress.

34. Whether consumers are confused by the similarity in the mark and the trade dress are issues that cannot be addressed and are not addressed in the Defendant's motion for summary judgment.

35. Material issues of fact do exist and additional material issues of fact may yet be raised.

36. Consequently, we respectfully pray that this Court deny Defendant's Motion for Partial Summary Judgement

          /Jeffrey E. Jacobson/
Jeffrey E. Jacobson (JJ 1199)
Jacobson & Colfin, PC
60 Madison Avenue, Suite 1026
New York, NY 10010
212 691 5630

Dated: April 11, 2008
      New York, New York

cli/lit/ecuabevsumjoppjejaff