UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BROOKLYN BOTTLING OF MILTON, :
NEW YORK, INC., : Index No. 07 CIV 8483 (AKH)
               Plaintiff, :
                :
                :
   -against- :
                :
ECUABEVERAGE, CORP. :
             Defendant. :
------------------------------------------------------------X

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS
### IN OPPOSITION TO DEFENDANT'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT ON COUNTS I. II AND VI

     Plaintiff, Brooklyn Bottling of Milton, New York, Inc., in opposition of Defendant's Motion for Partial Summary Judgment on Counts I, II and VI of Brooklyn Bottling of Milton, New York, Inc.'s Amended Complaint, hereby respectfully submits that there are no genuinely disputed issues between the parties concerning the following material facts:

     l. Plaintiff, Brooklyn Bottling of Milton, New York, Inc. is the exclusive assignee of U.S. Trademark Registration No. 1,474,395, issued January 26,1988. (Brooklyn Bottling's "Amended Complaint," paragaraph 5, filed February 29, 2008.)

     2. The registered trademark of U.S. Trademark Registration No. 1,474,395 is the word mark TROPICAL PURO SABOR NACIONAL for soft drinks and flavored syrups used in the preparation of making soft drinks in Class 32. (Ecuabeverage's Statement of Material Facts - Exhibit I; Brooklyn Bottling's "Amended Complaint," filed February 29, 2008.)

3. U.S. Trademark Registration No. 1,474,395 for the trademark "TROPICAL PURO SABOR NACIONAL" recites the following disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'PURO SABOR,' APART FROM THE MARK AS SHOWN." (Ecuabeverage's Statement of Material Facts - Exhibit 1)

4. U.S. Trademark Registration No. 1,474,395 for the trademark "TROPICAL PURO SABOR NACIONAL" was deemed incontestible by the U.S. Patent and Trademark Office by their acknowledgment on May 23, 1994 of a Section 15 affidavit (Affidavit of Eric S. Miller - Exhibit B).

5. Ecuabeverage's statement of material facts paragraphs 4-9 are immaterial to the instant motion for summary judgment.

6. Brooklyn Bottling has brought a claim for "prohibited importation" under 19 U.S.C. Sec 1526, pertaining to "the Tropical mark registered by Royal Signature and assigned exclusively to Plaintiff BROOKLYN without the consent of Plaintiff." ("Amended Complaint," paragraphs 38 - 42, filed February 29, 2008)

7. Title 19, U.S.C. Sec. 1526 requires that "a copy of the certificate of registration [be] filed with the Secretary of the Treasury." While Brooklyn Bottling does not allege compliance with this prerequisite of 19 U.S.C. Sec. 1526 in its Amended Complaint ("Count VI"), Ecuabeverage, solely for purposes of this motion, stipulates that Brooklyn Bottling has fully complied, at all relevant times, with all prerequisites of 19 U.S.C. Sec. 1526 for allowing it to maintain a claim against Ecuabeverage for prohibited importation" under 19 U.S.C. Sec. 1526.

8. Customs Directive No. 2310-008A, entitled "TRADEMARK AND TRADENAME PROTECTION," at paragraph 4.1, does not require that a mark be recorded with U.S. Customs, but provides that "Unrecorded trademarks which have been registered with the U.S. Patent and

Trademark Office on the Principal Register, while not a priority, may be enforced, if and when possible, and in such a manner as the sound administration of the Customs laws shall not be compromised."

9. Any facts relating to U.S. Trademark Registration No. 1899104 for Tropical Fantasy, (Ecuabeverage's Statement of Material Facts No. 10- 21) or U.S. Trademark Registration No. 3284223 (Ecuabeverage's Statement of Material Facts No. 22 - 27), whether disputed or not, are immaterial to Defendants Motion For Partial Summary Judgement as they are not specifically mentioned or related to Plaintiff's Complaint.

10. Plaintiff does not have enough knowledge or information to determine if any of the allegations claimed to be facts stated in Ecuabeverage's Statement of Material Facts in paragraphs 30 through 32 are indeed factual.

Dated: April 11, 2008

        /Jeffrey E. Jacobson /
Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
      Attorneys for Plaintiff
60 Madison Avenue, Suite 1026
New York, New York 10010

TO:    Ed Schindler
        Attorney for Defendant
        Five Hirsch Avenue
        P. O. Box 966
        Coram, New York 11727-0966
        Telephone: (63 I) 474-5373

Brooklyn Statement Facts OppsumJ