UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BROOKLYN BOTTLING OF MILTON,  :
NEW YORK, INC.
                              :
        Plaintiff,
                              :     Civil Action No.
    -v.-
                              :     07-CV-08483-AKH
ECUABEVERAGE CORPORATION,
                              :
        Defendant,
                              :
_____

**DEFENDANT ECUABEVERAGE CORPORATION'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COUNTS I, II AND VI OF THE AMENDED COMPLAINT,
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York 11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
        EDSchindler@optonline.net

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| Table of Cases............................................................................................ | ii |
| United States Code Citations..................................................................... | ii |
| Federal Rules Citations............................................................................. | ii |
| Local Civil Rules Citations....................................................................... | ii |
| I.  Introduction........................................................................................... | 1 |
| II. Brooklyn Bottling Has Admitted All Material Facts for the Entry of Summary Judgment in Ecuabeverage's Favor on Counts I, II and VI of the *Amended Complaint*............................................. | 2 |
| III. Conclusion............................................................................................ | 6 |

*Certificate of Service*, dated April 15, 2008

## Table of Cases

| | Page |
|---|---|
| *American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d 306, 231 USPQ 128 (2d Cir. 1986).......................................... | 1-2, 5 |
| *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990)...................................... | 4 |
| *Eastern Wine Corp. v. Winslow-Warren, Ltd.*, 137 F.3d 955, 57 USPQ 433 (2d Cir. 1943).......................................... | 5-6 |
| *In re Handler Fenton Westerns, Inc.*, 214 USPQ 848 (T.T.A.B. 1982).......... | 5 |
| *In re Nantucket*, 677 F.2d 95, 213 USPQ 889 (C.C.P.A. 1982)................... | 5 |
| *Society of Financial Examiners v. National Association of Certified Fraud Examiner's, Inc.*, 41 F.3d 223, 33 USPQ2d 1328 (5th Cir. 1995)....... | 2 |

## United States Code Citations

| | Page |
|---|---|
| 15 U.S.C. §1114(1), §32(1) of the Trademark Act............................................ | 5 |
| 15 U.S.C. §1115(b)(4), §33(b)(4) of the Trademark Act.......................... | 5 |
| 19 U.S.C. §1526............................................................................................... | 1 |

## Federal Rules Citations

| | Page |
|---|---|
| Federal Rule of Civil Procedure 11................................................................ | 4 |

## Local Civil Rules Citations

| | Page |
|---|---|
| Local Civil Rule 56.1(c)................................................................................. | 2 |
| Local Civil Rule 56.1(d)................................................................................. | 2 |

## I. Introduction

Defendant Ecuabeverage Corporation ("Ecuabeverage") has moved for summary judgment on Counts I and II of the *Amended Complaint* (Docket Entry # 22) filed by Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling"), which allege federal trademark infringement of Brooklyn Bottling's registered mark "TROPICAL PURO SABOR NACIONAL," and for summary judgment on Count VI of the *Amended Complaint*, which presents a claim for "prohibited importation" under 19 U.S.C. §1526 and necessarily requires a finding of liability against Ecuabeverage for infringement of the same registered trademark to be legally viable. Ecuabeverage does not challenge the validity (or incontestable status) of Brooklyn Bottling's federally registered trademark on its *Motion for Partial Summary Judgment* nor does Ecuabeverage dispute allegations by Brooklyn Bottling on Ecuabeverage's summary judgment motion that the parties are direct competitors and that confusion may be likely or has actually occurred.

Ecuabeverage has moved for summary judgment on Counts I, II and VI of the *Amended Complaint* because liability for infringement of the composite word mark "TROPICAL PURO SABOR NACIONAL" cannot exist, as a matter of law, when Ecuabeverage has never used "NACIONAL" in the marketing of its beverage goods and the terms "TROPICAL" and "PURO SABOR," while used by Ecuabeverage, are descriptive words to which no entity can claim exclusive trademark rights and cannot legally support a holding of infringement liability, notwithstanding evidence that likelihood of confusion may exist or that actual confusion may have occurred. *See, American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d 306, 307, 231 USPQ 128, 129 (2d Cir. 1986)

-1-

("A trademark holder cannot appropriate generic or descriptive terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic or descriptive term."); *see, generally* <u>Society of Financial Examiners v. National Association of Certified Fraud Examiners, Inc.</u>, 41 F.3d 223, 225, 33 USPQ2d 1328, 1330 (5th Cir. 1995) ("Even total confusion is irrelevant if 'CFE' constitutes a 'generic' mark.").

Brooklyn Bottling's counsel correctly acknowledges that Ecuabeverage's *Motion for Partial Summary Judgment* "is with specific regard only to the federal trademark registered with the United States Patent and Trademark Office . . . for TROPICAL PURO SABOR NACIONAL." (*Affirmation* of Jeffrey E. Jacobson, ¶ 3 (Docket Entry # 29)) Consequently, Brooklyn Bottling's allegations concerning trade dress and other forms of unfair competition – which Ecuabeverage insists lack merit – are <u>irrelevant</u> to resolution of the legal questions raised by Ecuabeverage on its pending summary judgment motion.

## II. Brooklyn Bottling Has Admitted All Material Facts for the Entry of Summary Judgment in Ecuabeverage's Favor on Counts I, II and VI of the *Amended Complaint*

Brooklyn Bottling's Local Civil Rule 56.1 *Statement of Material Facts* (Docket Entry # 29 – Attachment # 1), notwithstanding its informalities, fails to raise a genuinely disputed issue of material fact "by citation to evidence which would be admissible" with respect to <u>any</u> factual statement presented in Ecuabeverage's *Statement of Material Facts* (Docket Entry # 19.) *See*, Local Civil Rule 56.1(d). By having not "specifically controverted" any of Ecuabeverage's stated facts, the "material facts set forth in the statement" served by Ecuabeverage "are deemed to be admitted" by Brooklyn Bottling. *See*, Local Civil Rule 56.1(c).

Beyond the parties' Local Civil Rule 56.1 *Statements*, Brooklyn Bottling's counsel states that "Plaintiff does not claim an exclusive right to any single word comprising a part of its registered trademark" and that the "Trademark Office has recognized and registered the TROPICAL PURO SABOR NACIONAL mark in its entirety and not in its solitary elements." (*Affirmation* of Jeffrey E. Jacobson, ¶¶ 7, 14; *see, also* ¶ 29: "The mark is TROPICAL PURO SABOR NACIONAL. The mark is not TROPICAL + PURO + SABOR + NACIONAL.")  Likewise, Eric Miller, Brooklyn Bottling's president, states that "[a]lthough no one element of Plaintiff's mark may be considered to be of any value as a mark, in and of itself, taken as a whole, the registered trademark has been used continuously in interstate commerce for more than forty years." (*Affidavit in Opposition* of Eric Miller, ¶ 21 (Docket Entry # 27))  Brooklyn Bottling acknowledges, as it must, the disclaimer of the term "PURO SABOR," recited as part of its federal trademark registration (Brooklyn Bottling's *Statement of Material Facts*, ¶ 3), and repeatedly uses "tropical" in a descriptive manner to refer to the parties' goods.  *See, Affirmation* of Jeffrey E. Jacobson, ¶ 20 ("tropical flavored sodas"); Brooklyn Bottling's *Memorandum of Law in Opposition* (Docket Entry # 28) at 2, line 13 ("tropical flavored soft drinks"); at 2, lines 19-20 ("tropical flavored beverages"); at 9, line 16 ("tropical flavored sodas and syrups"). While it is immaterial on Ecuabeverage's pending summary judgment motion whether Brooklyn Bottling has actually made use of its registered mark for forty years, it is clear that both parties <u>concur</u> that Brooklyn Bottling can claim no trademark rights except, at most, to the <u>entirety</u> of the composite mark "TROPICAL PURO SABOR NACIONAL."

Ecuabeverage's *Statement of Material Facts*, ¶¶ 30-32, with reference to the

*Declaration of Walter Cervantis* (Docket Entry # 20), recites that:

> "30. The Spanish wording "NACIONAL" is literally translated into English as "NATIONAL." Ecuabeverage does not use – and has never used – either the English word "NATIONAL, or the Spanish language equivalent 'NACIONAL,' on for beverage goods, or in the marketing or sale of any of its goods, in any manner whatsoever, without exception, in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 10)
>
> "31. Ecuabeverage does not use – and has never used – the complete term 'TROPICAL PURO SABOR NACIONAL,' or its English language equivalents, 'TROPICAL PURE NATIONAL FLAVOR' or 'TROPICAL PURE FLAVOR NATIONAL,' in connection with the sale or marketing of its goods in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 11)
>
> "32. Ecuabeverage does not use – and has never used – the complete composite term 'PURO SABOR NATIONAL,' or its English language equivalents, 'PURE NATIONAL FLAVOR' or 'PURE FLAVOR NATIONAL,' in connection with the sale or marketing of its goods in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 12)"

Brooklyn Bottling's Local Civil Rule 56.1 *Statement of Material Facts* (at ¶ 10) states that it lacks sufficient "knowledge or information" to determine if ¶¶ 30-32 of Ecuabeverage's *Statement of Material Facts* are true and, in so doing, has conceded that Brooklyn Bottling and its counsel lacked evidence of even a <u>single instance</u> that Ecuabeverage <u>ever</u> used the entirety of Brooklyn Bottling's registered composite trademark, "TROPICAL PURO SABOR NACIONAL," when Brooklyn Bottling commenced this action and when filing its *Amended Complaint*. See, <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990) (central purpose of Fed.R.Civ.P. 11 is to "deter baseless filings in the district court").

Eric Miller declares that Ecuabeverage "significantly refers to Ecuador" on the

-4-

labeling of its beverage goods (*Affidavit in Opposition* of Eric Miller, ¶ 8B), which is true – Ecuador is the origin of Ecuabeverage's goods.  "Ecuador," a "geographically descriptive" term, *In re Nantucket, Inc.*, 677 F.2d 95, 213 USPQ 889, 896 (C.C.P.A. 1982); *In re Handler Fenton Westerns, Inc.*, 214 USPQ 848, 850 (T.T.A.B. 1982) ("geographical significance of a term is its primary significance and where the geographical place is neither obscure nor remote"), is <u>not</u> a part of Brooklyn Bottling's registered trademark and, even if it was, Ecuabeverage has a statutory right – and defense against any claim of infringement – to state the place of geographical origin of its goods.  *See*, 15 U.S.C. §1115(b)(4).  Consequently, Brooklyn Bottling's attempt to equate Ecuabeverage's use of "Ecuador" with the term "NACIONAL" lacks legal merit.

Ecuabeverage does <u>not</u> use the composite mark "TROPICAL PURO SABOR NACIONAL" and Brooklyn Bottling has no evidence to the contrary – as it was required to have had before commencing this action.  Brooklyn Bottling can claim no exclusive rights to the terms "TROPICAL," PURO" or "SABOR," which are freely available for use by all competitors in the beverage industry, and cannot prevail, as a matter of law, on a federal trademark infringement claim of its registered trademark under 15 U.S.C. §1114 simply because Ecuabeverage uses these "public domain" terms in the marketing of its beverage products, regardless of whether confusion is likely or actually exists.  *See*, *American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d 306, 307, 231 USPQ 128, 129 (2d Cir. 1986) ("A trademark holder cannot appropriate generic or descriptive terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic or descriptive term."); *Eastern Wine Corp. v. Winslow-Warren, Ltd.*,

137 F.2d 955, 959, 57 USPQ 433, 437 (2d Cir. 1943) ("a name which is initially entitled to immunity from competition loses that immunity when the name comes to be generally understood as a generic or descriptive designation for the type of goods in connection with which it is used"). Because Counts I, II and VI of Brooklyn Bottling's *Amended Complaint* require a finding of infringement liability of Brooklyn Bottling's registered trademark, which cannot be predicated solely upon the common use of descriptive terms available to all competitors in the relevant industry, Ecuabeverage is entitled to judgment, as a matter of law, on Counts I, II and VI of Brooklyn Bottling's *Amended Complaint.*

### III. Conclusion

Defendant Ecuabeverage Corporation's *Motion for Partial Summary Judgment* should be granted, inasmuch as Plaintiff's Brooklyn Bottling of Milton, New York, Inc.'s trademark infringement claims cannot be grounded upon the common use by the parties of descriptive terminology to which no entity can properly claim trademark rights and, consequently, Counts I, II and VI of the Brooklyn Bottling's *Amended Complaint* should be dismissed, with prejudice.

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: April 15, 2008      By /s/ Edwin D. Schindler
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, hereby certify that I served a true, and complete, copy of *Defendant Ecuabeverage Corporation's Reply Memorandum in Support of its Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint, Pursuant to Federal Rule of Civil Procedure 56*, upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on April 15, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*