UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROOKLYN BOTTLING OF MILTON,      :
NEW YORK, INC.
                                                    :

       **Plaintiff,**
                                                   :          Civil Action No.
-v.-
                                                   :          07-CV-08483-AKH
ECUABEVERAGE CORPORATION,
                                                   :
       **Defendant,**
                                                   :

---

## DEFENDANT ECUABEVERAGE CORPORATION'S
## MOTION FOR SANCTIONS, PURSUANT TO FED.R.CIV.P. 11

Defendant Ecuabeverage Corporation ("Ecuabeverage"), pursuant to Fed.R.Civ.P. 11, moves for an Order sanctioning Plaintiff Brooklyn Bottling of Milton, New York, Inc. ("Brooklyn Bottling") and its counsel for their failure to conduct a reasonable and proper pre-filing investigation prior to the filing of: (a) Counts I and II of Brooklyn Bottling's *Complaint* (Docket Entry # 1) on October 1, 2007, which stated claims for federal trademark infringement, pursuant to 15 U.S.C. §1114, against Ecuabeverage for allegedly infringing the trademark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Reg. No. 1,474,395; and (b) Counts I and II of Brooklyn Bottling's *Amended Complaint* (Docket Entry # 22), filed February 29, 2008 (entered March 25, 2008), stating claims for federal trademark infringement, pursuant to 15 U.S.C. §1114, against Ecuabeverage for allegedly infringing the trademark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Reg. No. 1,474,395, and Count VI, which states a claim for "prohibited

importation," pursuant to 19 U.S.C. §1526, against Ecuabeverage for allegedly importing beverage goods into the United States that carried labels or other markings that infringed the trademark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Reg. No. 1,474,395, said enumerated allegations of Brooklyn Bottling's *Complaint* and *Amended Complaint* lacking evidentiary support with the lack of evidentiary support having been conceded by Brooklyn Bottling in *Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Partial Summary Judgment on Counts I, II and VI*, (at ¶ 10), filed April 11, 2008 (Docket Entry # 29 – Attachment # 1).

In support of its *Motion* for Fed.R.Civ.P 11 sanctions, Ecuabeverage states that:

1. Brooklyn Bottling filed a *Complaint* (Docket Entry # 1) alleging trademark infringement and federal and state claims for unfair competition. Counts I and II of the *Complaint* alleged federal trademark infringement of the composite word trademark "TROPICAL PURO SABOR NACIONAL" for goods recited as "soft drinks and flavored syrups used in the preparation of making soft drinks." At the time it filed its *Complaint*, Brooklyn Bottling did not own, and was not the "registrant," of U.S. Trademark Reg. No. 1,474,395, and therefore lacked standing to assert claims for federal trademark infringement under 15 U.S.C. §1114. Brooklyn Bottling's *Complaint* did not include any exhibit showing Ecuabeverage's use of the "TROPICAL PURO SABOR NACIONAL" trademark.

2. On November 5, 2007, Ecuabeverage filed its *Motion to Dismiss Counts I and II for Lack of Standing, Pursuant to Federal Rule of Civil Procedure 12(b)(6)*. (Docket

Entry # 6) Ecuabeverage's *Memorandum in Support of its Motion to Dismiss Counts I and II for Lack of Standing* (Docket Entry # 7), included the following footnote:

> "1. Brooklyn Bottling is advised that Ecuabeverage does not use the mark 'TROPICAL PURO SABOR NACIONAL,' nor any mark that can reasonably be deemed confusingly similar to Brooklyn Bottling's mark ('Exhibit 1'), but is aware that an entirely unrelated entity, Freskola Corp., located in Rego Park, New York ('Exhibit 2'), would appear to be using the mark that Brooklyn Bottling has alleged Ecuabeverage to be using. Electronic court records of both the Southern and Eastern Districts of New York, available through PACER, do not appear to indicate that Brooklyn Bottling has commenced an action against Freskola Corp., and the prospect that Brooklyn Bottling has brought this action against the wrong party would appear to be a plausible one."

Brooklyn Bottling's *Memorandum of Law* (Docket Entry # 9) in opposition to Ecuabeverage's *Motion to Dismiss*, while procedurally correct, was dismissive of Ecuabeverage's statement that Ecuabeverage was not using the trademark "TROPICAL PURO SABOR NACIONAL," Brooklyn Bottling stating simply that:

> "The question of defendant, Ecuabeverage, Corp., somehow using the tradename TROPICAL PURO SABOR NACIONAL is not at issue in the instant motion."

Brooklyn Bottling's *Memorandum of Law* at 5 (Docket Entry # 9)

3. On February 25, 2008, Ecuabeverage's counsel received an "Amended Complaint" from Brooklyn Bottling's litigation attorney, Jeffrey E. Jacobson. The "Amended Complaint" did not include a motion for leave to amend, as required by Fed.R.Civ.P. 15(a), inasmuch as Ecuabeverage had already filed its *Answer* (Docket Entry # 5) to the original *Complaint* on November 5, 2007. Undersigned counsel for Ecuabeverage telephoned Mr. Jacobson on February 25, 2008, to explain that a formal motion to amend

-3-

was required and, further, that Ecuabeverage deemed Brooklyn Bottling's claims alleging infringement of the registered trademark "TROPICAL PURO SABOR NACIONAL" to be meritless. An e-mail was sent by Ecuabeverage's attorney to Brooklyn Bottling's counsel memorializing the telephone conversation of the same date and detailing the legal basis for why Ecuabeverage viewed Brooklyn Bottling's federal trademark infringement claims under 15 U.S.C. §1114 to be frivolous, irrespective Brooklyn Bottling's newly-acquired ownership of U.S. Trademark Reg. No. 1,474,395, which afforded Brooklyn Bottling the standing it previously lacked.

4. Ecuabeverage's counsel wrote to Brooklyn Bottling's lead counsel, Mr. Jacobson, via e-mail on February 25, 2008, as follows:

> "As briefly discussed on the telephone, your client's action is deemed to to be frivolous, as you have explained your client's case at the status conference [on January 18, 2008]. Brooklyn Bottling can make no trademark claim to the term 'TOPICAL,' [sic] *per se*, though you argued to the contrary on January 18, 2008.
>
> "In this regard, I draw your attention to the file wrapper for U.S. Trademark Registration No. 1,474,395, which I've attached to this e-mail. On July 16, 1984, Royal Signature, the original owner of the trademark registration (of which your client now alleges ownership) filed a trademark application seeking registration of 'TOPICAL.' [sic] On September 10, 1985, the PTO refused registration of 'TOPICAL' [sic] on the ground of likelihood of confusion. On March 5, 1986, Royal Signature responded to the §2(d) refusal-to-register by amending its trademark to, instead, seek registration of the mark 'TROPICAL PURO SABOR NACIONAL.' Royal Signature therefore conceded that it could not register solely the word 'TROPICAL.'
>
> "I further attach the file wrapper for Brooklyn Bottling's trademark registration for 'TROPICAL FANTASY TF EXTREME ENERGY DRINK,' Tmk. Reg. No. 3,284,233, issued August 28, 2007. As part of the first Office Action, issued February 23, 2007, the PTO required Brooklyn Bottling to disclaim 'TROPICAL' on the ground that

'TROPICAL is commonly used to describe beverage flavor.' On February 28, 2007, your partner, on behalf of Brooklyn Bottling, Bruce E. Colfin, consented to the disclaimer of 'TROPICAL' without qualification.

"The Counts I and II of the procedurally-improper *Motion to Amend* are recited as raising claims under 15 U.S.C. §1114 with reliance upon Trademark Registration No. 1,474,395. Brooklyn Bottling's predecessor-in-interest of U.S. Trademark Registration No. 1,474,395 conceded that it could not register 'TOPICAL,' [sic] *per se*, while Brooklyn Bottling conceded just on[e] year ago, in connection with the prosecution of the application which issued as U.S. Trademark Registration No. 3,284,223, that 'TOPICAL' [sic] is descriptive of beverage flavor and not *per se* protectable.

"*Chase Manhattan Bank v. Freedom Bard, Inc.*, 432 F.3d 463, 476 (3d Cir. 2005), applies 'judicial estoppel,' or prosecution history estoppel, against a party in court proceedings on the basis of prior representations made to the U.S. Patent and Trademark Office. (A copy of this case is attached to this e-mail.)

"Ecuabeverage does <u>not</u> use – and has <u>never</u> used! – the words 'PURO SABOR NACIONAL" on its labels or in any manner whatsoever in connection with its business, and will file an affidavit to this effect in support of a proper motion, though, Plaintiff, Brooklyn Bottling has an obligation to establish the factual basis of its case under Fed.R.Civ.P. 11. The only term both of our respective clients use is 'TROPICAL,' to which your client (and Royal Signature, Inc.) has disclaimed any trademark rights. **[Ecuabeverage's counsel later determined that Ecuabeverage also uses "PURO SABOR," which is descriptive matter that has been disclaimed in U.S. Trademark Reg. No. 1,474,395.]**

"It is 'well established' that leave to amend a complaint need not be granted when the amendment would be futile. *See*, *Ellis v. Chao*, 336 F.3d 114, 126 (2d Cir.2003). A proposed amendment will be considered futile if it is 'clearly frivolous or advances a claim or defense that is clearly meritless.' *See*, *Slavin v. Benson*, 493 F.Supp. 32, 33 (S.D.N.Y. 1980).

"Counts I and II of Brooklyn Bottling's *Amended Complaint* alleges trademark infringement of the word mark 'TROPICAL PURO SABOR NACIONAL.' Ecuabeverage does not use – and has never used! – the terms 'PURO SABOR NACIONAL.' either together or individually. The prosecution history of your client and of Royal Signature in the

-5-

> U.S. PTO makes clear that no trademark rights can be claimed by Brooklyn Bottling to the term 'TROPICAL,' *per se*. The common usage of the term 'TROPICAL,' without more, cannot provide a legal basis for a claim of federal trademark infringement under 15 U.S.C. §1114. As such, there is no legal basis or factual basis for Counts I and II of the *Amended Complaint*, even if Brooklyn Bottling had a valid assignment of rights from Royal Signature to Trademark Registration No. 1,474,395, which remains an 'open' issue.

> "Again, Ecuabeverage has not given its 'written consent' to allow your client to file an amended complaint and, since Ecuabeverage has already filed its *Answer*, your client can only amend its complaint on motion under Fed.R.Civ.P. 15(a). I have basically provided you with the legal basis for why I find Counts I and II of Brooklyn Bottling's *Amended Complaint* to be 'futile.' As part of a proper Rule 15(a) Motion to Amend, Brooklyn Bottling should explain why Counts I and II are not futile or, in the alternative, withdraw Counts I and II of its original *Complaint* (which remains in the case, absent a procedurally proper *Amended Complaint*.)

*See, Affirmation of Edwin D. Schindler in Support of Defendant Ecuabeverage's Corporation's Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11* ("Exhibit 1" – "Original Message").

    5. On February 25, 2008, Brooklyn Bottling's counsel, Jeffrey E. Jacobson, replied to Ecuabeverage's attorney's e-mail of the same date as follows:

> "Presume you mean Tropical and not Topical"

Brooklyn Bottling's counsel did not address the merits of Ecuabeverage's legal argument challenging its federal trademark infringement claims under 15 U.S.C. §1114 in the reply e-mail or in any later e-mail or other form of correspondence. *See, Affirmation of Edwin D. Schindler in Support of Defendant Ecuabeverage's Corporation's Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11* ("Exhibit 1").

6. Several days later, Brooklyn Bottling filed its *Motion to Amend* and a supporting *Memorandum of Law* (Docket Entry # 15) misleadingly arguing to the Court (at 6), with <u>full knowledge</u> of Ecuabeverage's legal grounds for why Brooklyn Bottling's federal trademark claims were deemed frivolous, that:

> "Defendant cannot plausibly argue that circumstances have developed so extensively that the Complaint should not be amended at this incipient phase."

Brooklyn Bottling did not seek to explain why its claims alleging infringement of the registered mark "TROPICAL PURO SABOR NACIONAL" were meritorious, but instead argued that its *Motion to Amend* was timely – an objection that Ecuabeverage's counsel <u>never</u> raised and could not have seriously raised at such time.

7. Brooklyn Bottling's *Amended Complaint* (Docket Entry # 22), as was the case with its original *Complaint*, provided no evidence of Ecuabeverage's use of the registered trademark "TROPICAL PURO SABOR NACIONAL."

8. On March 14, 2008, Ecuabeverage simultaneously gave its "written consent" to the entry of Brooklyn Bottling's *Amended Complaint* (Docket Entry # 17) and filed its *Motion for Partial Summary Judgment on Counts I, II and VI* (Docket Entry # 18) against Brooklyn Bottling's *Amended Complaint*, explaining that it was procedurally more appropriate to consent to entry of the *Amended Complaint* and move for summary judgment, than file a direct opposition against Brooklyn Bottling's *Motion to Amend*. *See*, Ecuabeverage's *Memorandum in Support of its Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint* at 1-3 (Docket Entry # 21).

9. Ecuabeverage's *Motion for Partial Summary Judgment* explains why Brooklyn Bottling can claim no rights to the term "TROPICAL," *per se*, and that "PURO SABOR" is descriptive matter that has been disclaimed in U.S. Trademark Reg. No. 1,474,395. *See*, Ecuabeverage's *Statement of Material Facts* (Docket Entry # 19); *Memorandum in Support of its Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint* at 4-14 (Docket Entry # 21).

10. Ecuabeverage's *Statement of Material Facts*, ¶¶ 30-32 (Docket Entry # 19), with reference to the *Declaration of Walter Cervantis* (Docket Entry # 20), recites that:

> "30. The Spanish wording "NACIONAL" is literally translated into English as "NATIONAL." Ecuabeverage does not use – and has never used – either the English word "NATIONAL, or the Spanish language equivalent 'NACIONAL,' on for beverage goods, or in the marketing or sale of any of its goods, in any manner whatsoever, without exception, in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 10)
>
> "31. Ecuabeverage does not use – and has never used – the complete term 'TROPICAL PURO SABOR NACIONAL,' or its English language equivalents, 'TROPICAL PURE NATIONAL FLAVOR' or 'TROPICAL PURE FLAVOR NATIONAL,' in connection with the sale or marketing of its goods in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 11)
>
> "32. Ecuabeverage does not use – and has never used – the complete composite term 'PURO SABOR NATIONAL,' or its English language equivalents, 'PURE NATIONAL FLAVOR' or 'PURE FLAVOR NATIONAL,' in connection with the sale or marketing of its goods in the United States. (*Declaration of Walter Cervantis in Support of Ecuabeverage Corporation's Motion for Partial Summary Judgment*, ¶ 12)"

11. Ecuabeverage's *Memorandum in Support of its Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint* at 12-13 (Docket Entry # 21)

-8-

explains that infringement liability by Ecuabeverage of Brooklyn Bottling's registered trademark "TROPICAL PURO SABOR NACIONAL" is not legally possible, because Ecuabeverage does not use term "NACIONAL," and necessarily does not use the entirety of Brooklyn Bottling's registered trademark, and that a finding of trademark infringement cannot be grounded upon the common use of the descriptive terms "TROPICAL," "PURO" and "SABOR." See, *American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d 306, 307, 231 USPQ 128, 129 (2d Cir. 1986) ("A trademark holder cannot appropriate generic or descriptive terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic or descriptive term."); *Eastern Wine Corp. v. Winslow-Warren, Ltd.*, 137 F.2d 955, 959, 57 USPQ 433, 437 (2d Cir. 1943) ("a name which is initially entitled to immunity from competition loses that immunity when the name comes to be generally understood as a generic or descriptive designation for the type of goods in connection with which it is used").

12. Brooklyn Bottling's Local Civil Rule 56.1 *Statement of Material Facts* at ¶ 10 (Docket Entry # 29 – Attachment # 1) states that Brooklyn Bottling lacks sufficient "knowledge or information" to determine if ¶¶ 30-32 of Ecuabeverage's *Statement of Material Facts* are true and, in so doing, has <u>conceded</u> that Brooklyn Bottling and its counsel lacked evidence of even a <u>single instance</u> that Ecuabeverage <u>ever</u> used the entirety of Brooklyn Bottling's registered composite trademark, "TROPICAL PURO SABOR NACIONAL," when Brooklyn Bottling commenced this action and when filing its Amended Complaint. See, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (central purpose of Fed.R.Civ.P. 11 is to "deter baseless filings in the district court").

13. Ecuabeverage's *Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint*, filed March 14, 2008, presents substantially the same legal grounds presented to Brooklyn Bottling's counsel in the e-mail sent to Jeffrey E. Jacobson on February 25, 2008, by Ecuabeverage's counsel, which explained why Brooklyn Bottling's claims for infringement by Ecuabeverage of Brooklyn Bottling's registered mark "TROPICAL PURO SABOR NACIONAL" were factually baseless and without any legal merit. Brooklyn Bottling nevertheless proceeded to file its *Motion to Amend* just days later explaining that "Defendant cannot plausibly argue that circumstances have developed so extensively that the Complaint should not be amended at this incipient phase." *See*, Ecuabeverage's *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11, supra* at ¶ 6.

14. Brooklyn Bottling's admitted failure that it is unable to produce any evidence that Ecuabeverage ever used Brooklyn Bottling's registered trademark "TROPICAL PURO SABOR NACIONAL" prior to commencing this civil action on October 1, 2007, and prior to filing its *Motion to Amend* its complaint on February 29, 2008 – and has admitted as recently as April 11, 2008, that it has no evidentiary support for its allegations that Ecuabeverage has ever used the "TROPICAL PURO SABOR NACIONAL" mark – constitutes a failure to conduct a reasonable factual inquiry in violation of Fed.R.Civ.P. 11(b)(3).

WHEREFORE, Defendant Ecuabeverage Corporation respectfully moves this Court for an Order:

(a) holding that Brooklyn Bottling and its counsel failed to conduct a proper pre-filing inquiry and lacked an evidentiary basis for Counts I and II of its *Complaint* (Docket Entry # 1), filed October 1, 2007, alleging federal trademark infringement, pursuant to 15 U.S.C. §1114, by Ecuabeverage of the registered mark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Registration No. 1,474,395, in violation of Fed.R.Civ.P. 11(b)(3);

(b) holding that Brooklyn Bottling and its counsel failed to conduct a proper pre-filing inquiry and lacked an evidentiary basis for Counts I and II of its *Amended Complaint* (Docket Entry # 22), filed February 29, 2008, alleging federal trademark infringement, pursuant to 15 U.S.C. §1114, by Ecuabeverage of the registered mark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Registration No. 1,474,395, in violation of Fed.R.Civ.P. 11(b)(3);

(c) holding that Brooklyn Bottling and its counsel failed to conduct a proper pre-filing inquiry and lacked an evidentiary basis for Counts VI its *Amended Complaint* (Docket Entry # 22), filed February 29, 2008, alleging "prohibited importation," pursuant to 19 U.S.C. §1526, of goods by Ecuabeverage marked with the registered trademark "TROPICAL PURO SABOR NACIONAL" of U.S. Trademark Registration No. 1,474,395, in violation of Fed.R.Civ.P. 11(b)(3);

(d) imposing monetary sanctions against Brooklyn Bottling and its counsel in the amount of Ecuabeverage's reasonable attorney's fees and costs incurred in the prosecution of:

(1) Ecuabeverage's *Motion to Dismiss Counts I and II for Lack of Standing, Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, filed November 5, 2007;

(2) Ecuabeverage's *Motion for Partial Summary Judgment on Counts I, II and VI of the Amended Complaint, Pursuant to Federal Rule of Civil Procedure 56*, filed March 14, 2008; and,

(3) Ecuabeverage's *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11*, served April 15, 2008;

(e) enjoining Brooklyn Bottling from prosecuting all remaining claims asserted in its *Amended Complaint* until satisfaction of any monetary sanction imposed upon Brooklyn Bottling and/or its counsel; and,

(f) providing such other and further relief as this Court deems just and proper.

Defendant Ecuabeverage Corporation requests a hearing on this *Motion*.

Pursuant to Fed.R.Civ.P. 11, this Motion was originally served on counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., on April 15, 2008 (and will <u>not</u> be

filed in Court prior to May 7, 2008), which was more than 21 days prior to presenting the *Motion* to the Court.

                                                         Respectfully submitted,

                                                         ECUABEVERAGE CORPORATION

Dated: April 15, 2008                         By _/s/ Edwin D. Schindler_
                                                        Edwin D. Schindler (ES-7882)
                                                         *Attorney for Defendant*
                                                        Five Hirsch Avenue
                                                        P. O. Box 966
                                                        Coram, New York 11727-0966

                                                        *Telephone*: (631)474-5373
                                                        *Fax*: (631)474-5374
                                                        *E-Mail*: EDSchindler@worldnet.att.net
                                                                    EDSchindler@optonline.net

## **CERTIFICATE OF ORIGINAL SERVICE OF FED.R.CIV.P. 11 MOTION**

I, EDWIN D. SCHINDLER, attorney for Defendant Ecuabeverage Corporation., hereby certify that I served a complete copy of *Defendant Ecuabeverage Corporation's Motion for Sanction, Fed.R.Civ.P. 11*, upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on April 15, 2008.

_____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, EDWIN D. SCHINDLER, attorney for Defendant Ecuabeverage Corporation., hereby certify that I served a complete copy of *Defendant Ecuabeverage Corporation's Motion for Sanction, Pursuant to Fed.R.Civ.P. 11*, upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on May 7, 2008.

_____
Edwin D. Schindler (ES-7882)
*Attorney for Defendant*