**at&t**  [Print] [Close]

From: jeffrey@thefirm.com
To: EDSchindler@att.net
Cc: bruce@thefirm.com
Subject: Re: Motion to Amend under Fed.R.Civ.P. 15(a) is Required
Date: Mon, 25 Feb 2008 21:37:47 +0000

Presume you mean Tropical and not Topical

Jeffrey E. Jacobson, Esq.
Jacobson & Colfin, P.C.
Attorneys
www.thefirm.com
www.myspace.com/thefirmonline
60 Madison Avenue
10th Floor
New York, NY 10010
212 691 5630

-----Original Message-----
**From:** EDSchindler@att.net [mailto:EDSchindler@att.net]
**Sent:** Monday, February 25, 2008 03:32 PM
**To:** jeffrey@thefirm.com
**Cc:** bruce@thefirm.com
**Subject:** Motion to Amend under Fed.R.Civ.P. 15(a) is Required

Dear Jeffrey,

In furtherance of our telephone discussion of earlier this afternoon, I received an *Amended Complaint* on behalf of Brooklyn Bottling. The *Amended Complaint* was not accompanied by a proper motion, as required by Fed.R.Civ.P. 15(a). Ecuabeverage intends to challenge Brooklyn Bottling's right to amend its *Complaint* on the ground of futility based upon my understanding of your client's action, as presented at the status conference held January 18, 2008.

As a matter of record, Ecuabeverage, as is its right, does not consent - and has not given its "written consent" - to the filing of an *Amended Complaint* by Brooklyn Bottling and, since Ecuabeverage has filed its *Answer*, Brooklyn Bottling can only amend its *Complaint* on motion. Please let me know, no later than **Thursday, February 28, 2008**, whether Brooklyn Bottling agrees that it must file a motion under Fed.R.Civ.P. 15(a) seeking leave of the Court to amend. Absent an agreement that Brooklyn Bottling will file a formal motion to amend, Ecuabeverage will file a motion to strike Brooklyn Bottling's *Amended Complaint*.

As briefly discussed on the telephone, your client's action is deemed to be frivolous, as you have explained your client's case at the status conference last month. Brooklyn Bottling can make no trademark claim to the term "TOPICAL," *per se*, though you argued to the contrary on January 18, 2008:

In this regard, I draw your attention to the file wrapper for U.S. Trademark Registration No. 1,474,395, which I've attached to this e-mail. On July 16, 1984, Royal Signature, the original owner of the trademark registration (of which your client now alleges ownership) filed a trademark application seeking registration of "TOPICAL." On September 10, 1985, the PTO refused registration of "TOPICAL" on the ground of likelihood of confusion. On March 5, 1986, Royal Signature responded to the §2(d) refusal-to-register by amending its trademark to, instead, seek registration of the mark "TROPICAL PURO SABOR NACIONAL." Royal Signature therefore conceded that it could not register solely the word "TROPICAL."

I further attach the file wrapper for Brooklyn Bottling's trademark registration for "TROPICAL FANTASY TF EXTREME ENERGY DRINK," Tmk. Reg. No. 3,284,223, issued August 28, 2007. As part of a first Office Action, issued February

http://webmail.att.net/wmc/v/wm/47C88C58000CA7380000316B22243651029B0A02D2...  2/29/2008

**AFFIRMATION – EXHIBIT 1**

23, 2007, the PTO required Brooklyn Bottling to disclaim "TROPICAL" on the ground that "TROPICAL is commonly used to describe beverage flavor." On February 28, 2007, your partner, on behalf of Brooklyn Bottling, Bruce E. Colfin, consented to the disclaimer of "TROPICAL," without qualification.

The Counts I and II of the procedurally-improper *Motion to Amend* are recited as raising claims under 15 U.S.C. §1114 with reliance upon Trademark Registration No. 1,474,395. Brooklyn Bottling's predecessor-in-interest of U.S. Trademark Registration No. 1,474,395 conceded that it could not register "TOPICAL," *per se*, while Brooklyn Bottling conceded just on year ago, in connection with the prosecution of the application which issued as U.S. Tardemark Registration No. 3,284,223, that "TOPICAL" is descriptive of beverage flavor and not *per se* protectable.

*Chase Manhattan Bank v. Freedom Card, Inc.*, 432 F.3d 463, 476 (3d Cir. 2005), applies "judicial estoppel," or prosecution history estoppel, against a party in court proceedings on the basis of prior representations made to the U.S. Patent and Trademark Office. (A copy of this case is attached to this e-mail.)

Ecuabeverage does not use - and has never used! - the words "PURO SABOR NACIONAL" on its labels or in any manner whatsoever in connection with its business, and will file an affidavit to this effect in support of a proper motion, though, as Plaintiff, Brooklyn Bottling has an obligation to establish the factual basis of its case under Fed.R.Civ.P. 11. The only term that both of our respective clients use is "TROPICAL," to which your client (and Royal Signature, Inc.) has disclaimed any trademark rights.

It is "well established" that leave to amend a complaint need not be granted when the amendment would be futile. *See, Ellis v. Chao*, 336 F.3d 114, 126 (2d Cir. 2003). A proposed amendment will be considered futile if it is "clearly frivolous or advances a claim or defense that is clearly meritless." *See, Slavin v. Benson*, 493 F.Supp. 32, 33 (S.D.N.Y. 1980).

Counts I and II of Brooklyn Bottling's *Amended Complaint* alleges trademark infringement of the word mark "TROPICAL PURO SABOR NACIONAL." Ecuabeverage does not use - and has never used - the terms "PURO SABO NACIONAL," either together or individually. The prosecution history of your client and of Royal Signature in the U.S. PTO makes clear that no trademark rights can be claimed by Brooklyn Bottling to the term "TROPICAL," *per se*. The common usage of the term "TROPICAL," without more, cannot provide a legal basis for a claim of federal trademark infringement under 15 U.S.C. §1114. As such, there is no legal or factual basis for Counts I and II of the *Amended Complaint*, even if Brooklyn Bottling had a valid assignment of rights from Royal Signature to Trademark Registration No. 1,474,395, which remains an "open" issue.

Again, Ecuabeverage has not given its "written consent" to allow your client to file an amended complaint and, since Ecuabeverage has already filed its *Answer*, your client can only amend its complaint on motion under Fed.R.Civ.P. 15 (a). I have basically provided you with the legal basis for why I find Counts I and II of Brooklyn Bottling's *Amended Complaint* to be "futile." As part of a proper Rule 15(a) Motion to Amend, Brooklyn Bottling should explain why Counts I and II are not futile or, in the alternative, withdraw Counts I and II of its original *Complaint* (which remains in the case, absent a procedurally proper *Amended Complaint*.)

I therefore request that you indicate, **no later than Thursday, February 28, 2008**, on behalf of your client, Brooklyn Bottling, whether Brooklyn Bottling will either be filing a proper motion to amend under Fed.R.Civ.P. 15(a), and when such a motion can be expected to be served, or whether Brooklyn Bottling instead chooses to withdraw Counts I and II of its original *Complaint*.

Absent hearing from you by the end of business on Thursday, February 28, 2008, I will presume that you do not intend to file a proper motion to amend and, instead, insist that none is necessary. Shortly thereafter, Ecuabeverage would proceed to file a motion to strike Brooklyn Bottling's improper *Amended Complaint* and will point out why Counts I and II of the *Amended Complaint* are "futile." It would also be explained that opposing counsel conferred prior to any motion to strike to being brought by Ecuabeverage and that Brooklyn Bottling refused to proceed with a formal motion to amend, which would have required it to explain why its proposed amendments of Counts I and II of its *Amended Complaint* are not futile.

On any motion to strike which may be brought by Ecuabeverage, a copy of this e-mail may be included with the court filing and Ecuabeverage reserves the right to seek its reasonable attorney's fees in connection with a motion to strike, inasmuch as the burden of explaining entitlement of a plaintiff to amend its complaint rests with the plaintiff, rather than requiring a defendant to assume the burden of proving the opposite.

I look forward to hearing from you by Thursday, February 28, 2008.

Sincerely,

Ed Schindler