UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BROOKLYN BOTTLING OF MILTON,  :
NEW YORK, INC.
                             :

       Plaintiff,            :

                             :        Civil Action No.
    -v.-
                             :        07-CV-08483-AKH

ECUABEVERAGE CORPORATION,
                             :

       Defendant,           :

                             :

---

## DEFENDANT ECUABEVERAGE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
        EDSchindler@optonline.net

## TABLE OF CONTENTS

Page

Table of Cases.................................................................................................    ii

Federal Rules Citations.....................................................................................    ii

I.  Introduction.................................................................................................    1

II. Statement of Facts.......................................................................................    1

III. Argument – *Brooklyn Bottling's Lack of an Evidentiary Basis for
     Alleging Infringement of its Registered Trademark "TROPICAL
     PURO SABOR NACIONAL" is Sanctionable under Fed.R.Civ.P. 11*..    2

IV. Conclusion.................................................................................................    5

*Certificate of Original Service of Fed.R.Civ.P. 11 Motion*, dated April 15, 2008

## Table of Cases

Page

*American Cyanamid Corp. v. Connaught Laboratories, Inc.*,
    800 F.2d 306, 231 USPQ 128 (2d Cir. 1986)............................................ 2

*Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990)....................................... 2

*Eastway Construction Corp. v. City of New York*,
    762 F.2d 243 (2d Cir. 1985)..................................................................... 3

*Gutierrez v. Fox*, 141 F.3d 425 (2d Cir. 1998).................................................... 3

*In re Kunstler*, 914 F.2d 505 (4th Cir. 1990)....................................................... 3

*Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542 (5th Cir. 2001)................... 3

*In re September 11th Liability Insurance Coverage Cases*,
    No. 03-Civ.-332 (AKH) (June 18, 2007) ("Exhibit 1").......................... 4

*Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073 (7th Cir. 1987)...... 5

## Federal Rules Citations

Page

Federal Rule of Civil Procedure 11....................................................................... *passim*

Federal Rule of Civil Procedure 11(b)(3)............................................................. 2-3

Federal Rule of Civil Procedure 11(c)................................................................... 3

## I.  Introduction

Defendant Ecuabeverage Corporation ("Ecuabeverage") respectfully submits this *Memorandum* in support of its *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11*, against Plaintiff Brooklyn Bottling of Milton, New York, Inc. and its counsel (collective-ly "Brooklyn Bottling") arising from Brooklyn Bottling's admission that it lacks evidence of Ecuabeverage's use of Brooklyn Bottling's registered trademark, "TROPICAL PURO SABOR NACIONAL," upon which it has brought suit against Ecuabeverage.

## II. Statement of Facts

Brooklyn Bottling, in opposition to Ecuabeverage's *Motion for Partial Summary Judgment* (Docket Entry # 18), has conceded lacking "information or knowledge" to determine whether Ecuabeverage uses – or has ever used – the registered trademark "TROPICAL PURO SABOR NACIONAL" that forms the basis of Counts I, II and VI of Brooklyn Bottling's *Amended Complaint* (Docket Entry # 22), as well as Counts I and II of the *Complaint* (Docket Entry # 1) that initiated this action on October 1, 2007.  *See*, Ecuabeverage's *Motion for Sanction, Pursuant to Fed.R.Civ.P. 11* , ¶¶ 10, 12.

During the application prosecutions of U.S. Trademark Reg. Nos. 1,899,104 and 3,284,223 in the U.S. Patent and Trademark Office, Brooklyn Bottling disclaimed any exclusive right to the term "TROPICAL" for beverages.  *See,* Ecuabeverage's *Statement of Material Facts,* ¶¶ 19, 20, 26, 27 (Docket Entry # 19).  Brooklyn Bottling has also acknowledged that the term "PURO SABOR" – which translates into English as "PURE FLAVOR" (Eric Miller's *Affidavit in Opposition*, ¶ 8 B (Docket Entry # 27)) – is dis-claimed in its federal trademark registration (Brooklyn Bottling's *Statement of Mate-*

-1-

*rial Facts*, ¶ 3 (Docket Entry # 29 – Attachment # 1))  Brooklyn Bottling's counsel insists

that the trademark "TROPICAL PURO SABOR NACIONAL" should be considered in

its entirety (*Affirmation* of Jeffrey E. Jacobson, ¶ 29: "The mark is TROPICAL PURO

SABOR NACIONAL. The mark is not TROPICAL + PURO + SABOR + NACIONAL"

(Docket Entry # 29)), but lacks any evidence that Ecuabeverage has ever used the "entire-

ty" of Brooklyn Bottling's registered trademark.

Brooklyn Bottling and Ecuabeverage both use the terminology "TROPICAL" and

"PURO SABOR," descriptive terms that are freely available for use by all competitors in

the beverage industry and which cannot, as a matter of law, support a claim for trademark

infringement. *See*, *American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d

306, 307, 231 USPQ 128, 129 (2d Cir. 1986) ("A trademark holder cannot appropriate

generic or descriptive terms for its exclusive use, and a trademark infringement finding

thus cannot be based on the use of a generic or descriptive term.")  Brooklyn Bottling's

counsel's assertion that "even if the Defendant does not use Plaintiff's mark . . . in its

entirety, the Defendant may still be liable for infringing the Plaintiff's mark" (*Affirmation*

of Jeffrey E. Jacobson, ¶ 33) is legally meritless when the only terms commonly used by

the parties are descriptive terms that are <u>not</u> the exclusive property of Brooklyn Bottling.

### III. Argument

*Brooklyn Bottling's Lack of an Evidentiary Basis for Alleging Infringement*
*of its Registered Trademark, "TROPICAL PURO SABOR NACIONAL,"*
*is Sanctionable under Fed.R.Civ.P. 11*

The central purpose of Fed.R.Civ.P. 11 is to "deter baseless filings in the district

court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  To that end, Rule

11(b)(3) requires that a party and its attorneys make a pre-filing investigation to deter-

mine whether there is a reasonable basis for the allegations in a complaint. A plaintiff

and its attorneys who violate this requirement by filing a complaint without <u>first</u> having a

factual basis for the allegations are subject to sanctions, including the payment of the

defendant's attorneys' fees and expenses incurred in defending itself against a meritless

lawsuit. *See*, Fed.R.Civ.P. 11(c); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542,

548 (5th Cir. 2001) (affirming grant of Rule 11 sanctions where plaintiff "candidly

testified that he hoped to discover information that would reveal a basis for a lawsuit"

and holding that "the least severe sanction for a lawsuit that is wholly frivolous is the

imposition of reasonable attorneys' fees and expenses").

   "Rule 11 explicitly and unambiguously imposes an affirmative duty on each

attorney to conduct a reasonable inquiry into the viability of a pleading before it is

signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998), *quoting Eastway Construc-*

*tion Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985). "[A] complaint con-

taining allegations unsupported by any information obtained prior to filing, or allegations

based on information which minimal factual inquiry would disprove, will subject the

author to sanctions." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990).

   Brooklyn Bottling was advised on November 5, 2007, and again on February 25,

2008, just prior to filing its *Amended Complaint* (Ecuabeverage's *Motion for Sanction,*

*Pursuant to Fed.R.Civ.P. 11*, ¶¶ 2, 4), that Ecuabeverage did <u>not</u> use the trademark

"TROPICAL PURO SABOR NACIONAL," but continued prosecution of its factually

baseless federal trademark infringement and "prohibited importation" claims insisting, as

part of its *Motion to Amend*, that "Defendant cannot plausibly argue that circumstances

have developed so extensively that the Complaint should not be amended at this incipient

phase." (Ecuabeverage's *Motion for Sanction, Pursuant to Fed.R.Civ.P. 11*, ¶ 6)

As this Court recently stated in <u>*In re September 11th Liability Insurance Coverage*</u>

<u>*Cases*</u>, at 17-18, No. 03-Civ.-332 (AKH) (June 18, 2007) (*Memorandum* "Exhibit 1"):

> "A baseless factual contention poses a greater threat to justice than a
> baseless legal contention. The evidentiary foundation upon which an attorney
> rests his assertions of fact is, for the most part, exclusively within the control
> of the attorney and his client. In order to function, the court must repose trust
> in the attorneys who come before it to make factual representations supported
> by evidence. The legal process contemplates and requires that when the time
> comes for a judge or jury to find facts, both sides will have legally sufficient
> evidence to present in support of those facts. In a complex case, baseless
> factual contentions can delay the time for presentation of evidence to the fact-
> finder for years, at an expense running into the millions of dollars. An attorney
> who abuses the trust of the court in this manner, and who causes such a delay
> and needless expense thereby, should be penalized. In contrast, a misstatement
> of law is much more easily remedied, by the adverse party's research, or the
> court's own research."

Brooklyn Bottling's claims of trademark infringement and "prohibited importation,"

allegedly arising from Ecuabeverage's infringement of Brooklyn Bottling's registered

trademark, "TROPICAL PURO SABOR NACIONAL," which Ecuabeverage has <u>never</u>

used – and of which Brooklyn Bottling lacks any evidence to the contrary – have taken

more than six months and tens-of-thousands of dollars (and counting) to dispel. When

confronted with statements by Ecuabeverage that it did not use Brooklyn Bottling's

registered trademark, Brooklyn Bottling's counsel, failing to come forward with any

evidence to support Brooklyn Bottling's claims, merely persisted in "plowing ahead"

with factually baseless claims, frivolously insisting that "[t]here are no depositions,

answers to interrogatories or admissions on file" and that "it is much too early in the

prosecution of this matter to entertain, let alone grant, a motion for even partial summary judgment." (*Affirmation* of Jeffrey E. Jacobson, ¶¶ 11, 12)  Brooklyn Bottling and its counsel were <u>required</u> to have evidence of Ecuabeverage's alleged infringement <u>prior</u> to the commencement of this litigation and cannot, instead, insist that they require discovery in an *ex post facto* effort to establish a factual basis for a legally viable claim.  *See*, <u>*Szabo Food Service, Inc. v. Canteen Corp.*</u>, 823 F.2d 1073, 1083 (7th Cir. 1987) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case.  Discovery fills in the details, but you must have the outline of a claim at the beginning.")

Brooklyn Bottling's admission that it lacks "information or knowledge" to determine whether Ecuabeverage uses – or has ever used – the registered trademark "TROPICAL PURO SABOR NACIONAL" (*see*, Ecuabeverage's *Motion for Sanction, Pursuant to Fed.R.Civ.P. 11*, ¶¶ 10, 12) is a sanctionable violation of Fed.R.Civ.P. 11.

### IV. Conclusion

Defendant Ecuabeverage Corporation's *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11* should be granted, inasmuch as Brooklyn Bottling's federal trademark infringement and "prohibited importation" claims have been admitted to be factually baseless and are entirely lacking in legal merit, and the Court should award Ecuabeverage the relief requested in its Rule 11 *Motion.*

Respectfully submitted,

ECUABEVERAGE CORPORATION

Dated: April 15, 2008                    By _____
                                                    Edwin D. Schindler (ES-7882)
                                                    *Attorney for Defendant*

## CERTIFICATE OF ORIGINAL SERVICE OF FED.R.CIV.P. 11 MOTION

I, EDWIN D. SCHINDLER, attorney for Defendant Ecuabeverage Corporation.,

hereby certify that I served a complete copy of *Defendant Ecuabeverage Corporation's*

*Memorandum in Support of its Motion for Sanction, Fed.R.Civ.P. 11*, upon the following

counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail,

postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on April 15, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, EDWIN D. SCHINDLER, attorney for Defendant Ecuabeverage Corporation.,

hereby certify that I served a complete copy of *Defendant Ecuabeverage Corporation's*

*Memorandum in Support of its Motion for Sanction, Pursuant to Fed.R.Civ.P. 11*, upon

the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via

First-Class Mail, postage pre-paid:

Jeffrey E. Jacobson
Bruce E. Colfin
JACOBSON & COLFIN, P.C.
60 Madison Avenue, Suite 1026
New York, New York  10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on May 7, 2008.

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*