UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BROOKLYN BOTTLING OF MILTON, NEW YORK, INC. : <br><br> Plaintiff, : <br><br> -v.- : <br><br> ECUABEVERAGE CORPORATION, : <br><br> Defendant, : | Civil Action No. <br><br> 07-CV-08483-AKH |

---

## DEFENDANT ECUABEVERAGE CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*
Five Hirsch Avenue
P. O. Box 966
Coram, New York  11727-0966

*Telephone*: (631)474-5373
*Fax*: (631)474-5374
*E-Mail*: EDSchindler@worldnet.att.net
         EDSchindler@optonline.net

**TABLE OF CONTENTS**

| | Page |
|---|---|
| Table of Cases | ii |
| United States Code Citations | ii |
| Federal Rules Citations | ii |
| I. Introduction | 1 |
| II. Brooklyn Bottling's Opposition Fails to Provide a Reasonable Factual or Legal Basis for Counts I, II and VI of its *Amended* | 1 |
| III. Conclusion | 4 |

*Certificate of Service*, dated June 27, 2008

## Table of Cases

|  | Page |
|---|---|
| *American Cyanamid Corp. v. Connaught Laboratories, Inc.*, 800 F.2d 306, 231 USPQ 128 (2d Cir. 1986) | 2, 4 |
| *In re Franklin Press, Inc.*, 597 F.2d 270, 201 USPQ 662 (C.C.P.A. 1979) | 2 |
| *In re Handler Fenton Westerns, Inc.*, 214 USPQ 848 (T.T.A.B. 1982) | 4 |
| *In re Hercules Fasteners, Inc.*, 203 F.2d 753, 97 USPQ 355 (C.C.P.A. 1953) | 2 |
| *In re Nantucket*, 677 F.2d 95, 213 USPQ 889 (C.C.P.A. 1982) | 4 |

## United States Code Citations

|  | Page |
|---|---|
| 15 U.S.C. §1115(b)(4), §33(b)(4) of the Trademark Act | 4 |

## Federal Rules Citations

|  | Page |
|---|---|
| Federal Rule of Civil Procedure 11 | *passim* |

## I. Introduction

Defendant Ecuabeverage Corporation ("Ecuabeverage") respectfully replies to the *Opposition* (Docket Entry Nos. 39 – 44) filed June 20, 2008, by Plaintiff Brooklyn Bottling of Milton, New York, Inc. and its counsel (collectively "Brooklyn Bottling") on Ecuabeverage's *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11*, arising from Brooklyn Bottling's admission that it lacks evidence of Ecuabeverage's use of Brooklyn Bottling's registered trademark, "TROPICAL PURO SABOR NACIONAL," upon which it has brought suit against Ecuabeverage. Instead of offering a lengthy memorandum and interested-party, self-serving affidavits from its counsel and employees of Brooklyn Bottling and its North Shore Bottling division, all that was required of Brooklyn Bottling to defeat Ecuabeverage's *Motion for Sanctions* was evidence of a <u>single</u> use by Ecuabeverage of Brooklyn Bottling's registered trademark. This Brooklyn Bottling has failed to do!

## II. Brooklyn Bottling's Opposition Fails to Provide a Reasonable Factual or Legal Basis for Counts I, II and VI of its *Amended Complaint*

Counts I and II of Brooklyn Bottling's *Amended Complaint* (Docket Entry # 22) allege federal trademark infringement of the registered <u>word</u> mark "TROPICAL PURO SABOR NACIONAL." Count VI of the *Amended Complaint* alleges "prohibited importation" by Ecuabeverage of goods bearing markings infringing upon Brooklyn Bottling's registered <u>word</u> mark. While Ecuabeverage disputes that Brooklyn Bottling's claims of unfair competition and trade dress infringement have merit, those counts of the *Amended Complaint*, at least at this time, do <u>not</u> form either the basis of Ecuabeverage *Motion for Partial Summary Judgment* nor its *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11*

and, accordingly, Brooklyn Bottling's arguments of labeling color and design are of no relevance.

Infringement of Brooklyn Bottling's registered trademark "TROPICAL PURO SABOR NACIONAL" <u>cannot</u> legally be grounded upon the common usage by the parties of descriptive terminology.  *See*, <u>American Cyanamid Corp. v. Connaught Laboratories, Inc.</u>, 800 F.2d 306, 307, 231 USPQ 128, 129 (2d Cir. 1986) ("A trademark holder cannot appropriate generic or descriptive terms for its exclusive use, and a trademark infringement finding thus cannot be based on the use of a generic or descriptive term.") Brooklyn Bottling's registered trademark includes a disclaimer of "PURO SABOR" – which translates into English as "PURE FLAVOR." (Eric Miller's *Affidavit in Opposition*, ¶ 8 B (Docket Entry # 27))  *See*, <u>In re Franklin Press, Inc.</u>, 597 F.2d 270, 273, 201 USPQ 662, 665 (C.C.P.A. 1979) ("The effect of a disclaimer is to disavow any exclusive right to use a specified word phrase, or design outside of its use within a composite mark."); <u>In re Hercules Fasteners, Inc.</u>, 203 F.2d 753, 757, 97 USPQ 355, 357 (C.C.P.A. 1953) ("The purpose of a disclaimer is to show that the applicant is not making claims to the exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description.")

During the application prosecutions of U.S. Trademark Reg. Nos. 1,899,104 and 3,284,223 in the U.S. Patent and Trademark Office, Brooklyn Bottling disclaimed any exclusive right to the term "TROPICAL" for beverages, notwithstanding its representations made to this Court during the status conference held January 18, 2008, that Brooklyn Bottling could claim trademark rights to the term "TROPICAL," *per se*.  *See, also*

-2-

Ecuabeverage's *Statement of Material Facts,* ¶¶ 19, 20, 26, 27 (Docket Entry # 19); *compare*: Ecuabeverage's *First Amended Answer and Counterclaims*, "Second Counterclaim" (¶¶ 14 – 45) and "Third Counterclaim" (¶¶ 46 – 59) (Docket Entry # 26), with Brooklyn Bottling's *Reply* (¶¶ 14 – 59) (Docket Entry # 31). Brooklyn Bottling has also offered evidence in opposition to Ecuabeverage's *Motion to Partial Summary Judgment* that has repeatedly used "tropical" in a descriptive manner. *See, Affirmation* of Jeffrey E. Jacobson (Docket Entry # 29), ¶ 20 ("tropical flavored sodas"); Brooklyn Bottling's *Memorandum of Law in Opposition* (Docket Entry # 28) at 2, line 13 ("tropical flavored soft drinks"); at 2, lines 19-20 ("tropical flavored beverages"); at 9, line 16 ("tropical flavored sodas and syrups").

Consequently, a finding of infringement of Brooklyn Bottling's registered trademark "TROPICAL PURO SABOR NACIONAL" cannot be based upon a finding that the respective parties might each use "TROPICAL," "PURO" and "SABOR" – and Brooklyn Bottling would appear to concur and argues, instead, that what is important is "the totality of the mark." *See*, Brooklyn Bottling's *Memorandum of Law in Opposition to Defendant's Motion for Sanctions* (Docket Entry # 44), at 7 – 9. Ecuabeverage agrees that it is the "totality," or entirety, of Brooklyn Bottling's registered trademark that is considered in an infringement analysis, however, Brooklyn Bottling can produce no evidence that Ecuabeverage has ever used the "totality" of the mark, "TROPICAL PURO SABOR NACIONAL," and for this reason Ecuabeverage filed its *Motion for Partial Summary Judgment* and *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11*.

Finally, at several portions of its *Opposition* (Docket Entry Nos. 39 – 44) to Ecua-

-3-

beverage's Rule 11 *Motion for Sanctions*, Brooklyn Bottling infers that infringement of its registered trademark should be found because Ecuabeverage uses either "Ecuador" or "Ecuadorian" on its beverage goods. "Ecuador" and "Ecuadorian" are "geographically descriptive" terms, <u>In re Nantucket, Inc.</u>, 677 F.2d 95, 213 USPQ 889, 896 (C.C.P.A. 1982); <u>In re Handler Fenton Westerns, Inc.</u>, 214 USPQ 848, 850 (T.T.A.B. 1982) ("geographical significance of a term is its primary significance and where the geographical place is neither obscure nor remote"), are <u>not</u> a part of Brooklyn Bottling's registered trademark and, even if they were, Ecuabeverage has a statutory right – and defense against any claim of infringement – to state the place of geographical origin of its goods. *See*, 15 U.S.C. §1115(b)(4). Further, "Ecuador" and "Ecuadorian" are "descriptive" terms which would not permit Brooklyn Bottling to escape the Second Circuit's holding in <u>American Cyanamid Corp. v. Connaught Laboratories, Inc.</u>, *supra*, which rendered, from the outset, Counts I, II and VI of Brooklyn Bottling's *Amended Complaint* stillborn.

### III. Conclusion

Defendant Ecuabeverage Corporation's *Motion for Sanctions, Pursuant to Fed.R.Civ.P. 11* should be granted, inasmuch as Brooklyn Bottling's federal trademark infringement and "prohibited importation" claims have been admitted to be factually

baseless and are entirely lacking in legal merit, and the Court should therefore award Ecuabeverage the relief requested in its Rule 11 *Motion.*

                                        Respectfully submitted,

                                        ECUABEVERAGE CORPORATION

Dated: June 27, 2008                 By _/s/ Edwin D. Schindler_
                                        Edwin D. Schindler (ES-7882)
                                        *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, EDWIN D. SCHINDLER, attorney for Defendant Ecuabeverage Corporation., hereby certify that I served a complete copy of *Defendant Ecuabeverage Corporation's Reply Memorandum in Support of its Motion for Sanction, Pursuant to Fed.R.Civ.P. 11*, upon the following counsel for Plaintiff Brooklyn Bottling of Milton, New York, Inc., via First-Class Mail, postage pre-paid:

> Jeffrey E. Jacobson
> Bruce E. Colfin
> JACOBSON & COLFIN, P.C.
> 60 Madison Avenue, Suite 1026
> New York, New York 10010

and

via E-Mail at:

jeffrey@thefirm.com

bruce@thefirm.com

on June 27, 2008

Edwin D. Schindler (ES-7882)
*Attorney for Defendant*